Lodged
Proposed
order

FILED

1   Pritish Vora

2   27758 Santa Marg. Pkwy, #530

3   Mission Viejo, CA  92691

4   949-292-8359

5   Plaintiff in Pro Per

2019 APR - 1  PM 3: 35

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY____LAW____

6

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  Pritish Vora,                          Case No.: 8:19-cv-00302-AG-(KESx)

13              Plaintiff,                  **MOTION TO EXTEND TIME TO**

14       vs.                               **FILE REPORT OF PARTIES'**

15  EQUIFAX INFORMATION                    **PLANNING MEETING (F.R.Civ.P.**

16  SERVICES, LLC, et al.,                 **26(f)) ("UNOPPOSED") AND**

17              Defendants.                **REQUEST TO FILE**

18                                         **SEPARATELY ("OPPOSED")**

19

20

21  COMES NOW Plaintiff, Pritish Vora ("Plaintiff"), by way of Pro Se, hereby

22  respectfully moves the Honorable Court for an extension of time to file Joint Rule

23  26(f) Report and seeks permission to file separately, for the reasons cited below.

24       This Honorable Court held an expedited scheduling conference hearing on

25  March 18, 2019 (See COURT ORDER, Doc 6).

26       Plaintiff requested to have a written planning report for the docket at the

27  hearing, for which the Honorable Andrew J. Guilford granted, and scheduled a

28  conference for April 8, 2019 at 9am.

1

1    Plaintiff wrote to all respective counsel on record via email after the hearing,
2  and suggested that Plaintiff would write the report.

3    On March 19, 2019, co-counsel for TRANSUNION sent an email, indicating
4  "our office can prepare a draft of the joint report to circulate for everyone's
5  review," to which Plaintiff responded and agreed.

6    On March 19, 2019, counsel for EQUIFAX also sent an email, indicating "it
7  would be most efficient if one of the lawyers prepares a draft report as we are
8  familiar with these documents," to which Plaintiff responded, and also agreed.

9    The Joint Rule 26(f) Report was due on March 27, 2019, and Plaintiff did
10  not receive any copy of such report from either counsel, and thus was quite
11  puzzled.

12    Plaintiff had a scheduled appointment with the Federal Pro Se Clinic for
13  Thursday, March 28 to address several of his concerns, including, but not limited
14  to, the Discovery requests Plaintiff already received from EXPERIAN, and the
15  filing of the Rule 26(f) report.

16    The Pro Se staff clarified Plaintiff's misinterpretation of the MINUTES
17  (Doc 15), whereby Plaintiff was under the impression (incorrectly) when he did not
18  receive any draft report from counsel, that the phrase "14 days thereafter" must
19  have meant AFTER the April 8 hearing to file the Rule 26(f) report.

20    The staff at the Pro Se Clinic indicated to Plaintiff that the whole purpose of
21  the hearing was to address the report!  Therefore, Plaintiff was <u>required</u> to have it
22  filed PRIOR to the next hearing.  The staff also indicated that if the Parties did not
23  file the report, **then the Court "may impose sanctions."**  (Emphasis added).

24    Guided by the astuteness and wisdom of both Cassandra and Elizabeth at the
25  Pro Se Clinic, Plaintiff sent an email immediately to all respective counsel on
26  record to address the issue.

27    Plaintiff received a draft of the Rule 26(f) report from co-counsel for
28  TRANSUNION later that afternoon, which stated the positions of all Defendants.

1    As Plaintiff began to read the report regarding the paragraphs pertaining to
2    specific Discovery requests, Plaintiff saw language that was overly broad, unduly
3    burdensome, and outside the "four corners" of the CAUSES OF ACTION pursuant
4    to the Complaint.  Plaintiff also found paragraphs that would limit <u>his</u> Discovery.

5        According to 26(f) Amendment[s] 1980, 1983 respectively, this subdivision
6    indicates there has been widespread criticism of abuses of discovery.   The
7    committee suggested abuse can be best prevented by the intervention of the
8    Court[s].

9        The purpose of Discovery is to provide a mechanism for making **relevant**
10   information available to litigants, "Mutual knowledge of all **the relevant facts**
11   gathered by both parties is essential for proper litigation."  (See <u>Hickman v.</u>
12   <u>Taylor</u>, 329 U.S. 495, 507 (1947).  (Emphasis supplied).

13       Now, Plaintiff Vora will explain why he requires more time to respond to
14   the report compiled by counsel for Defendants, and why he requests to file his own
15   Rule 26(f) report separately.

16       1.    By way of example, Defendants stated they would provide Plaintiff
17   with documents stored at "live, online locations."  However, pursuant to FTC.gov
18   "40 YEARS OF EXPERIENCE WITH THE FAIR CREDIT REPORTING ACT,"
19   <u>a publicly available report</u>, states that a consumer may request, and a CRA must
20   disclose all items in the consumer's file, **no matter how or where they are**
21   **stored**.  A CRA is required to make the consumer disclosure regardless of whether
22   it designates its records as "files" or "archives" or uses any other terminology for
23   the information."[1]  (See FTC.gov report, Page 71(3)(A)).  (Emphasis added).

24       2.    By way of example, counsel for Defendant EQUIFAX inserted
25   language that Defendant <u>would seek Plaintiff's medical records</u>, which counsel did
26   NOT mention on the "meet and confer" telephone call held on March 13, 2019.

---

[1] https://www.ftc.gov/reports/40-years-experience-fair-credit-reporting-act-ftc-staff-report-summary-interpretations

3.     By way of example, counsel for Defendants EXPERIAN and TRANSUNION inserted language seeking documents that far exceed the statute of limitations on a FCRA claim, and far outside the scope of the "four corners" of the CAUSES OF ACTION pursuant to Plaintiff's Complaint.

Similar to counsel for EQUIFAX, Defendants' respective counsel for EXPERIAN and TRANSUNION did NOT mention any of this on the "meet and confer" telephone call held on March 13, 2019.

Defendants even inserted language that there had "not been any meaningful settlement discussions," even though Plaintiff did, in fact, send each Defendant a .PDF of a settlement proposal. Plaintiff did not provide "a specific number" while Defendants informed Plaintiff that as a matter of "policy" the Defendants do not provide an offer with a specific number.[2]

Plaintiff also found legal defenses strategically placed within the report, including irrelevant issues pertaining to "the furnisher rule" pursuant to the FCRA, § 1681s-2(b), even though Plaintiff had already sued (and settled) with the furnisher(s). (See Doc 1, ¶ 184-186).

Plaintiff then purchased several Rule 26(f) reports from PACER, filed by Defendants in prior litigation, and noticed marked differences between those reports, whereby a Plaintiff **was represented by counsel**. (Emphasis added).

Plaintiff sent his concerns via email to all respective counsel on record, citing his objections, seeking clarification on some sections, and requesting revisions to the Draft report.

Counsel for all defendants responded, without addressing any of the specifics of Plaintiff's concerns, and simply implied to Plaintiff that he can write his own statements, and that it would be added accordingly to the Joint Report.

---

[2] In the spirit of cooperation, Plaintiff sent a follow-up email to defendants, indicating that he would send another settlement proposal, this time with "a specific number" after filing the Rule 26(f) report.

1        Plaintiff realized he had been unwittingly playing "Three-card Monte" with
2    Defendants, and it became apparent to Plaintiff that there was no "meeting of the
3    minds" during the "meet and confer" telephone call.

4        Plaintiff already informed Defendants that his Discovery will be "targeted"
5    and "limited in scope."  Plaintiff requires time to properly structure his report and
6    streamline his objections to Defendants' respective positions, rather than hurriedly
7    file something jointly that he is not comfortable with.

8        On a side note, Plaintiff had a "call in" for jury duty on Friday, March 29
9    after 5pm, prompting a second "call in" scheduled for Tuesday, April 2 after 5pm.
10   (See front and back copy of JURY SUMMONS attached herewith).

11       If required, Plaintiff is scheduled to appear at the Harbor Justice Center,
12   beginning on April 3rd <u>for 5 consecutive weekdays, and thus overlapping with the</u>
13   <u>April 8th scheduling conference at 9am.</u>

14       WHEREFORE, based on the foregoing, and for the sake of equity and
15   justice, Plaintiff respectfully requests the Honorable Court <u>to allow an extra 14</u>
16   <u>days of time to April 9, 2019 for the Parties to file the Rule 26(f) report.</u>

17       Plaintiff also respectfully requests the Court to allow him to file his own
18   separate Rule 26(f) report.  Plaintiff seeks to file his own report to state his position
19   clearly and within the "four corners" pursuant to the CAUSES OF ACTION
20   mentioned in the Complaint.

21
22
23   Respectfully submitted on this day of _April 1, 2019_

24
25   _Prith Vora_

26   By Pritish Vora, Pro Se
27   27758 Santa Marg. Pkwy, #530, Mission Viejo, CA  92691
28   (949) 292-8359     pvora2112@gmail.com

5

## CERTIFICATE OF SERVICE

I, Pritish Vora, certify that I filed this MOTION TO REQUEST AN EXTENSION OF TIME to file the Rule 26(f) report with the clerk with attached exhibit, and I shall send to the following parties on record via First Class Mail.

Nokes & Quinn
Thomas Patrick Quinn Jr. (Bar No. 132268)
tquinn@nokesquinn.com
410 Broadway St. Suite 200
Laguna Beach, CA 92651
Tel: 949-376-3500
Attorneys for Defendant EQUIFAX

Musick, Peeler & Garrett LLP
Donald E. Bradley (Bar No. 145037)
d.bradley@musickpeeler.com
Kristen L. Marker (Bar No. 278596)
kmarker@qslwm.com
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
Tel: 714-668-2400
Tel: 214-560-5442
Attorneys for Defendant TRANSUNION

JONES DAY
Sheereen Javadizadeh (Bar No. 288141)
sjavadizadeh@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: 949-553-7559
Attorneys for Defendant EXPERIAN

_____
by Pritish Vora, Pro Se
27758 Santa Marg. Pkwy, #530, Mission Viejo, CA 92691
Telephone: 949-292-8359      Email: pvora2112@gmail.com



**JURY SUMMONS**

*Failure to respond can result in a fine, incarceration or both. CCP 209*



## YOU HAVE BEEN SUMMONED FOR JURY SERVICE

**Step 1:** Respond to this notice by completing the questionnaire at www.occourts.org/ejuror within 10 days

**Step 2:** AFTER 5:00 P.M. on **MARCH 29, 2019** call 657-622-8038 or visit www.occourts.org/callin to check instructions for **Group 5011**. You are on call for 5 court days. Be prepared to report within a 1-hour notice. If you need a specific day to report, access ejuror to reschedule to a Monday-Thursday at the Central Justice Center in Santa Ana.

To request a postponement, excuse, disqualification or exemption from jury service, please visit www.occourts.org/ejuror. For general information, including FAQ's, visit www.occourts.org.

### ORANGE COUNTY SUPERIOR COURT
Harbor Justice Center
4601 Jamboree Rd., 2nd Floor
Newport Beach, CA 92660-2527
(Include name & Juror ID# on all correspondence)
**(657) 622-7000 Phone    (714) 647-4830 Fax**
www.occourts.org/ejuror

**Juror ID: 103332176**
Group #: 5011



**DO NOT REPORT UNLESS INSTRUCTED TO DO SO.**
→ Please bring this postcard with you, *if you are asked to report.* ←

0048252

MOTION TO EXTEND TIME TO FILE RULE 26(f) REPORT