THOMAS P. QUINN, JR. (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email: tquinn@nokesquinn.com
Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRITISH VORA,<br><br>            Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>            Defendants. | Case No. 8:19-cv-00302-AG-KES<br><br>Hon. Andrew J. Guilford<br><br>**JOINT REPORT OF PARTIES**<br>**[Fed. R. Civ. P. 26(f)]**<br><br>Scheduling Conference:<br>Date:  April 8, 2019<br>Time:  9:00 a.m. |

**1. Parties Attending Rule 26 Meeting.**

Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on March 13, 2019, and was attended by Plaintiff Pritish Vora; Kristin Marker, on behalf of Trans Union LLC ("Trans Union"); Sheereen Javadizadeh on behalf of Experian Information Solutions, Inc. ("Experian"); and Tom Quinn on behalf of Equifax Information Services, LLC. Following the meeting, the parties continued to communicate via email to prepare and finalize a joint report.

**2. Unserved Parties**.   As of March 28, 2019 all parties have been served and have appeared.

**3. Pre-Discovery Disclosures.**

The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) within 14 days after the Scheduling Conference set for April 8, 2019.

**4.      Consent to Service By Electronic Means**

<u>Defendants Trans Union, Equifax, and Experian</u>: The parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and secondary email addresses of all counsel of record (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**5. Discovery Plan.**

To comply with the requirements of Rule 26(f), Defendants Trans Union, Equifax, and Experian jointly propose to the Court the following discovery plan:

**a) All discovery will be commenced in time to be completed by October 4, 2019.**

Number of interrogatories and length of depositions shall be as set forth in the Federal Rules of Civil Procedure. The parties agree to telephonic depositions of out-of-state witnesses.  The parties propose that no more than 35 document requests and no more than 35 requests for admission shall be served per party.

The parties agree to the production of documents stored in electronic format in .pdf (Portable Document Format) or in hard copy. The parties further agree to limit discovery of documents stored in electronic format to live, online locations.

**b) Reports from retained experts under Federal Rule of Civil Procedure 26(e)(a)(2) due:**

    From Plaintiff: July 8, 2019 (initial)

    From Defendants:  August 8, 2019 (initial and rebuttal)

    From Plaintiff:  September 6, 2019 (rebuttal)

    All expert witness depositions shall be completed by October 4, 2019.

    Supplementations to evidentiary disclosures and discovery shall be made as provided in Federal Rule of Civil Procedure 26(e).

**6. Join Parties/Amend Pleadings.**

The parties should be allowed until May 10, 2019 to join additional parties and/or amend the pleadings.

**7. Dispositive Motions.**

All potential dispositive motions should be heard by January 31, 2020.

**8. Pretrial Conference.**

The parties request a pretrial conference in April, 2020.

**9. Pretrial Documents.**

Final lists of witnesses, exhibits and deposition designations should be due 21 days prior to the date of the Pretrial Conference pursuant to the applicable Federal Rules of Civil Procedure and this Court's Local Rules.

The parties should have 10 days after service of final lists of witnesses, exhibits and deposition designations to serve and file objections pursuant to the applicable Federal Rules of Civil Procedure and this Court's Local Rules.

**10. Trial Setting.**

The case should be ready for trial by April 2020 and at this time is expected to take approximately 2-3 days.  Plaintiff has requested a Jury Trial.

<u>Defendant Trans Union</u>: Defendant Trans Union expects to call approximately 3-5 witnesses (Plaintiff, expert, its own representative, and possible third-party representatives).

<u>Defendant Equifax</u>: Defendant Equifax expects to call approximately 3 to 7 witnesses (Plaintiff; expert, potentially; its own representative; possible third party representatives; and witnesses to Plaintiff's claimed damages, potentially).

<u>Defendant Experian</u>: Defendant expects to call approximately 3 to 5 witnesses (Plaintiff, an Experian representative, any potential experts, and possible third-party representatives).

**11.  Other Discovery plan items:**

    **a.  Protective Orders**:

<u>Defendants Trans Union, Equifax, and Experian</u>: The parties agree that the subject matter of this lawsuit regarding alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, necessarily will involve the discovery of certain confidential and proprietary trade secret and other information. As a means of avoiding dispute with respect to requests for such confidential information, the parties anticipate moving for the entry of a Protective Order to govern the production and use of trade secret or other confidential research, development or commercial information in this case.  Accordingly, at an appropriate time, the parties will confer and submit a mutually agreeable proposed protective order for entry with the Court.

    **b.  Plaintiff seeks at least the following documents from the Credit Bureau Defendants:**

<u>Plaintiff</u>: Plaintiff refused to contribute to the proposed joint 26(f) plan.

Defendant Trans Union's Response: Trans Union will produce all relevant documents, some of which may be subject to a protective order.

Defendant Equifax's Response: Equifax will produce all relevant documents, some of which may be subject to a protective order.

Defendant Experian's Response: Experian will produce all relevant documents, some of which may be subject to a protective order entered by the Court.

**c. Defendants seeks at least the following documents from Plaintiff:**

Defendant Trans Union: Defendant Trans Union seeks at least the following documents from Plaintiff: Copies of all correspondence between Plaintiff and Defendant Trans Union; copies of all correspondence between Plaintiff and LVNV Funding, LLC; copies of all documents that support each of Plaintiff's claims against Trans Union including Plaintiff's claim that he is not responsible for the LVNV collection; copies of all documents that support and otherwise relate to any damage claim Plaintiff is making in this case; copies of all documents that support each of Plaintiff's claims against Trans Union; and copies of all documents that support or otherwise relate to any damage claim Plaintiff is making in this case.

Defendant Equifax: Equifax seeks at least the following documents from Plaintiff: Copies of all correspondence between Plaintiff and Defendant Equifax; copies of all correspondence between Plaintiff and Capital One and LVNV Funding, LLC; copies of all documents that support each of Plaintiff's claims against Equifax including Plaintiff's claim that he is not responsible for the LVNV collection; copies of all documents that support and otherwise relate to any damage claim Plaintiff is making in this case; copies of all documents that support each of Plaintiff's claims against Equifax; and copies of all documents that support or otherwise relate to any damage claim Plaintiff is making in this case; if Plaintiff is claiming physical and/or emotional distress damages, Plaintiff's medical and/or mental health records.

Defendant Experian: Defendant Experian seeks at least the following documents from Plaintiff: Copies of all correspondence between Plaintiff and Defendant Experian; copies of all correspondence between Plaintiff and LVNV Funding, LLC; copies of all correspondence between Plaintiff and Capital One Bank (USA) N.A.; copies of all correspondence between Plaintiff and Resurgent Capital Services, L.P.; copies of all documents that support each of Plaintiff's claims against Experian; and copies of all documents that support or otherwise relate to any damage claim Plaintiff is making in this case.

**12. Subject Matter Jurisdiction:** This action is brought under the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq.

**13. Factual Basis of Plaintiff's Claims:**

Plaintiff's Statement: Plaintiff refused to contribute to the joint 26(f) plan.

Defendant Trans Union's Statement:

As discovery has just begun, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union properly investigated Plaintiff's dispute as required by the FCRA, updated the information as appropriate, and timely reported the results of the investigation to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Equifax, Experian, or furnisher LVNV Funding, LLC. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

Defendant Experian's Statement: Defendant Experian is a consumer reporting agency, as that term is defined by the Fair Credit Reporting Act ("FCRA"). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, the FCRA requires consumer reporting agencies like Experian to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers. Additionally, the FCRA requires consumer reporting agencies to timely reinvestigate if a consumer disputes information on his or her credit report.

Experian maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted reasonable reinvestigations of the disputed accounts. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

Defendant Equifax's Statement: Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's

claims and denies that it violated the FCRA.  Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute in compliance with the FCRA.  Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint.  Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

**14. Whether Case is Complex**

The case is not complex.

**15. Settlement Procedure:**

Defendants Trans Union, Equifax, and Experian state that no meaningful settlement discussions have taken place as of yet, as Plaintiff has not provided an initial settlement demand.  The likelihood of settlement cannot be ascertained at this time, due to the limited discovery that has taken place.  However, the parties are amenable to settlement and are willing to participate in such discussions.

The parties request that this matter be referred to a settlement conference with a magistrate judge.

**16. Miscellaneous Schedule Items:** None.

Respectfully submitted,

Dated: April 2, 2019

MUSICK, PEELER & GARRETT LLP

By: /s/ Donald Bradley
Donald E. Bradley
Kristin Marker
Attorneys for Defendant TRANS UNION LLC

Dated: April 2, 2019

/s/ Sheereen Javadizadeh
Sheereen Javadizadeh
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone: 949-851-3939
Fax: 949-553-7539
sjavadizadeh@jonesday.com
Attorneys for Defendant Experian Information Solutions, Inc.

Dated: April 2, 2019

NOKES & QUINN

/s/ Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.
Attorneys for Defendant
EQUIFAX INFORMATION SERVICES LLC

## SIGNATURE CERTIFICATION

Pursuant to Local Rule 5-4.3.4 (2), I hereby certify that the content of this document is acceptable to all counsel on whose behalf this filing is submitted, and that I have obtained their authorization to affix their electronic signature to this document.

Dated: April 2, 2019                          NOKES & QUINN

*/s/ Thomas P. Quinn, Jr.*
THOMAS P. QUINN, JR.
Attorneys for Defendant
EQUIFAX INFORMATION
SERVICES LLC