THOMAS P. QUINN, JR. (State Bar No. 132268)
NOKES & QUINN
410 BROADWAY, SUITE 200
LAGUNA BEACH, CA 92651
Tel: (949) 376-3500
Fax: (949) 376-3070
Email:  tquinn@nokesquinn.com
Attorneys for Defendant EQUIFAX INFORMATION SERVICES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRITISH VORA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>　　　　Defendants. | Case No. 8:19-cv-00302-AG-KES<br><br>Hon. Andrew J. Guilford<br><br>**AMENDED JOINT REPORT OF PARTIES [Fed. R. Civ. P. 26(f)]**<br><br>Scheduling Conference:<br>Date:  April 8, 2019<br>Time:  9:00 a.m. |

**1. Parties Attending Rule 26 Meeting.**

　　Pursuant to Federal Rule of Civil Procedure 26(f), a meeting was held on March 13, 2019, and was attended by Plaintiff Pritish Vora; Kristin Marker, on behalf of Trans Union LLC ("Trans Union"); Sheereen Javadizadeh on behalf of Experian Information Solutions, Inc. ("Experian"); and Tom Quinn on behalf of Equifax Information Services, LLC.  The parties continued to communicate via email to prepare and finalize a joint report.

　　**Plaintiff's statement:** For clarification, Plaintiff sent a "bullet points" email of the telephone meeting.  For the record, Plaintiff said he would draft a

JONT Rule 26(f) REPORT. Opposing counsel said THEY would rather draft the report, to which Plaintiff agreed. When counsel for Defendant TRANSUNION and EQUIFAX did not send a draft report (even though they said they would), Plaintiff requested it again, received a draft, but felt uncomfortable with it. Plaintiff then scrambled to file a MOTION for extension of time ("UNOPPOSED") and to file separately ("OPPOSED"), both of which were DENIED by the Court. Plaintiff sent an email to ALL counsel on record PRIOR to filing his motion, which stated as follows: **"If the Court denies the request to file separately, then I guess I will have no choice but to add my statements to the one you already have drafted."** (Emphasis added). Any prior claim by Defendants that "Plaintiff refused to contribute to the proposed joint 26(f) plan" is denied as moot.

**2. Unserved Parties**. As of March 28, 2019 all parties have been served and have appeared.

**3. Pre-Discovery Disclosures.**

The parties will exchange the information required by Federal Rule of Civil Procedure 26(a)(1) within 14 days after the Scheduling Conference set for April 8, 2019.

<u>**Plaintiff's statement:**</u> Plaintiff states that there is no authority for any of the Defendants to request that Plaintiff include particular information in its initial disclosures and reserves all objections regarding same. EXPERIAN has already served Plaintiff with Request for Admissions, Request for Interrogatories, and Request for Production of Documents on March 25, 2019. EXPERIAN has <u>also</u> already sent Plaintiff its Initial Disclosures.

**4.     Consent to Service By Electronic Means**

<u>Defendants Trans Union, Equifax, and Experian</u>: The parties, through their undersigned counsel, agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by

sending such documents by email to the primary and secondary email addresses of all counsel of record (or any updated email address provided to all counsel of record).  The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email.  The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf).  If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

**Plaintiff's statement:**  Plaintiff will do his best to send documents via email as the primary form of communication.  However, it is prohibitive for Plaintiff to send "or other papers" via Email because that term is vague and ambiguous to Plaintiff.  Plaintiff prefers to send papers such as discovery documents that are not reasonably accessible to Plaintiff via email, Plaintiff will send it via "old school" United States Postal Service.

**5. Discovery Plan.**

**a) All discovery will be commenced in time to be completed by October 4, 2019.**

Number of interrogatories and length of depositions shall be as set forth in the Federal Rules of Civil Procedure. The parties agree to telephonic depositions of out-of-state witnesses.  The parties propose that no more than 35 document requests and no more than 35 requests for admission shall be served per party.

The parties agree to the production of documents stored in electronic format in .pdf (Portable Document Format) or in hard copy.  The parties further agree to limit discovery of documents stored in electronic format to live, online locations.

**Plaintiff's statement:** Plaintiff <u>OBJECTS</u> to receiving discovery documents by Defendants "stored in electronic format to live, online locations." Plaintiff seeks discovery documents from Defendants no matter how or where they are stored, including, but not limited to, remote, offsite locations anywhere they are stored, including hard-disk/back up disc, such as the ACDVs (automated customer dispute verification), which may not be available through "live, online locations."  (Of course, Plaintiff already has the ACDVs, as clearly outlined in his Complaint, and will seek to obtain an authenticated copy from Defendants).

**b) Reports from retained experts under Federal Rule of Civil Procedure 26(e)(a)(2) due:**

From Plaintiff: July 8, 2019 (initial)

From Defendants:  August 8, 2019 (initial and rebuttal)

From Plaintiff:  September 6, 2019 (rebuttal)

All expert witness depositions shall be completed by October 4, 2019.

Supplementations to evidentiary disclosures and discovery shall be made as provided in Federal Rule of Civil Procedure 26(e).

**6. Join Parties/Amend Pleadings.**

The parties should be allowed until May 10, 2019 to join additional parties and/or amend the pleadings.

**7. Dispositive Motions.**

All potential dispositive motions should be heard by January 31, 2020.

**8. Pretrial Conference.**

The parties request a pretrial conference in April, 2020.

**9. Pretrial Documents.**

Final lists of witnesses, exhibits and deposition designations should be due 21 days prior to the date of the Pretrial Conference pursuant to the applicable Federal Rules of Civil Procedure and this Court's Local Rules.

The parties should have 10 days after service of final lists of witnesses, exhibits and deposition designations to serve and file objections pursuant to the applicable Federal Rules of Civil Procedure and this Court's Local Rules.

**10. Trial Setting.**

The case should be ready for trial by April 2020 and at this time is expected to take approximately 2-3 days. Plaintiff has requested a Jury Trial.

Defendant Trans Union: Defendant Trans Union expects to call approximately 3-5 witnesses (Plaintiff, expert, its own representative, and possible third-party representatives).

Defendant Equifax: Defendant Equifax expects to call approximately 3 to 7 witnesses (Plaintiff; expert, potentially; its own representative; possible third party representatives; and witnesses to Plaintiff's claimed damages, potentially).

Defendant Experian: Defendant expects to call approximately 3 to 5 witnesses (Plaintiff, an Experian representative, any potential experts, and possible third-party representatives).

**Plaintiff's statement:** Plaintiff does not plan, at this time, to call any witnesses, and will rely upon his own testimony at trial. Plaintiff however, may submit sworn affidavits from others in lieu of witness testimony, if acceptable.

**11. Other Discovery plan items:**

   a. Protective Orders:

Defendants Trans Union, Equifax, and Experian: The parties agree that the subject matter of this lawsuit regarding alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, necessarily will involve the discovery of certain confidential and proprietary trade secret and other information. As a means of avoiding dispute with respect to requests for such confidential information, the parties anticipate moving for the entry of a Protective Order to govern the production and use of trade secret or other confidential research, development or commercial information in this case. Accordingly, at an appropriate time, the

parties will confer and submit a mutually agreeable proposed protective order for entry with the Court.

**Plaintiff's statement:** Plaintiff agrees that a document such as the subscriber agreement between Defendants and the data furnisher may be subject to a protective order. Plaintiff also suggests that any document revealing private information such as a home address, and social security number is subject to a protective order, and/or such that it is also redacted and NOT available for public download on RECAP through CourtListener.com

**b. Plaintiff seeks at least the following documents from the Credit Bureau Defendants:**

**Plaintiff's statement:** From TRANSUNION: Plaintiff seeks documents pertaining to his NOTICE OF DISPUTES regarding the erroneous LVNV "collections" item <u>during the time it was being furnished by LVNV and reported by TRANSUNION</u>. These documents include, but is not limited to: NOTICE OF DISPUTE letters sent by Plaintiff and received by TRANSUNION as mentioned in his complaint. Plaintiff's AFFIDAVIT as mentioned in his complaint. The "reinvestigation results" for each of the NOTICE OF DISPUTE letters sent by Plaintiff and received by TRANSUNION pertaining to the erroneous LVNV item <u>only</u>. The line items and employee names of those who worked on his file for each of the NOTICE OF DISPUTE letters, and for the AFFIDAVIT. The authenticated copy of the ACDVs sent/received regarding his specific NOTICE OF DISPUTE letters and AFFIDAVIT, and the authenticated copy of the AUD (Automated Universal Dataform) regarding the disputed item. Plaintiff also seeks the subscriber agreement, employee training manuals, call center scripts, and competency tests in support of his CAUSES OF ACTION pursuant to the complaint.

<u>Defendant Trans Union's Response:</u> Trans Union will produce all relevant documents, some of which may be subject to a protective order.

**Plaintiff's statement:** From EQUIFAX: Plaintiff seeks documents pertaining to his NOTICE OF DISPUTES regarding the erroneous LVNV "collections" item <u>during the time it was being furnished by LVNV and reported by EQUIFAX</u>. These documents include, but is not limited to: NOTICE OF DISPUTE letters sent by Plaintiff and received by EQUIFAX as mentioned in his complaint. Plaintiff's AFFIDAVIT as mentioned in his complaint. The "reinvestigation results" for each of the NOTICE OF DISPUTE letters sent by Plaintiff and received by EQUIFAX pertaining to the erroneous LVNV item <u>only</u>. The line items and employee names of those who worked on his ACIS file (Automated Consumer Interview System) for each of the NOTICE OF DISPUTE letters, and for the AFFIDAVIT. The authenticated copy of the ACDVs sent/received regarding his specific NOTICE OF DISPUTE and AFFIDAVIT, and the authenticated copy of the AUD (Automated Universal Dataform) regarding the disputed item. Plaintiff also seeks the subscriber agreement, employee training manuals, call center scripts, and competency tests in support of his CAUSES OF ACTION pursuant to the complaint.

<u>Defendant Equifax's Response</u>: Equifax will produce all relevant documents, some of which may be subject to a protective order.

**Plaintiff's statement:** From EXPERIAN: Plaintiff seeks documents pertaining to his NOTICE OF DISPUTES regarding the erroneous LVNV "collections" item <u>during the time it was being furnished by LVNV and reported by EXPERIAN</u>. These documents include, but is not limited to: NOTICE OF DISPUTE letters sent by Plaintiff and received by EXPERIAN as mentioned in his complaint. Plaintiff's AFFIDAVIT as mentioned in his complaint. The "reinvestigation results" for each of the NOTICE OF DISPUTE letters sent by Plaintiff and received by EXPERIAN pertaining to the erroneous LVNV item <u>only</u>. The line items and employee names of those who worked on his file for each of the NOTICE OF DISPUTE letters, and for the AFFIDAVIT. The

authenticated copy of the ACDVs sent/received regarding his specific NOTICE OF DISPUTE letters and AFFIDAVIT, and the authenticated copy of the AUD (Automated Universal Dataform) regarding the disputed item.  Plaintiff also seeks the subscriber agreement, employee training manuals, call center scripts, and competency tests in support of his CAUSES OF ACTION pursuant to the complaint.

<u>Defendant Experian's Response</u>: Experian will produce all relevant documents, some of which may be subject to a protective order entered by the Court.

### c. Defendants seeks at least the following documents from Plaintiff:

<u>Defendant Trans Union</u>: Defendant Trans Union seeks at least the following documents from Plaintiff:  Copies of all correspondence between Plaintiff and Defendant Trans Union; copies of all correspondence between Plaintiff and LVNV Funding, LLC; copies of all documents that support each of Plaintiff's claims against Trans Union including Plaintiff's claim that he is not responsible for the LVNV collection; copies of all documents that support and otherwise relate to any damage claim Plaintiff is making in this case; copies of all documents that support each of Plaintiff's claims against Trans Union; and copies of all documents that support or otherwise relate to any damage claim Plaintiff is making in this case.

**Plaintiff's statement:**   Plaintiff <u>OBJECTS</u> to the term "all correspondence" as it is subjective, vague and ambiguous, overly broad, unduly burdensome, and outside the "four corners" of his CAUSES OF ACTION in the Complaint.  Plaintiff's TRANSUNION file dates back to 1988!  Furthermore, Plaintiff <u>OBJECTS</u> to the assertion "that he is not responsible for the LVNV collection."  Plaintiff cannot prove a negative, especially in regards to a fictional account number.  Plaintiff, however has provided TRANSUNION with an affidavit, which speaks for itself. Plaintiff disputed the accuracy of information thus prompting a NOTICE OF DISPUTE.  Furthermore, TRANSUNION is not a

"debt collector" pursuant to FDCPA, and Plaintiff has not brought forth his complaint pursuant to 15 U.S.C. § 1692 et seq. Of course, if TRANSUNION seeks to admit that it is a "debt collector" and/or acting as an agent on behalf of a collection agency, then Plaintiff welcomes such an admission by TRANSUNION. Plaintiff OBJECTS to documents regarding correspondence between Plaintiff and LVNV. Plaintiff has not named LVNV in the Complaint, and has resolved the matter amicably with LVNV. And finally, Plaintiff OBJECTS that he must prove a "damage claim" beyond his own testimony. Plaintiff, however, will agree to provide all relevant documents regarding his NOTICE OF DISPUTE pursuant to the CAUSES OF ACTION pertaining to TRANSUNION in his Complaint.

Defendant Equifax: Equifax seeks at least the following documents from Plaintiff: Copies of all correspondence between Plaintiff and Defendant Equifax; copies of all correspondence between Plaintiff and Capital One and LVNV Funding, LLC; copies of all documents that support each of Plaintiff's claims against Equifax including Plaintiff's claim that he is not responsible for the LVNV collection; copies of all documents that support and otherwise relate to any damage claim Plaintiff is making in this case; copies of all documents that support each of Plaintiff's claims against Equifax; and copies of all documents that support or otherwise relate to any damage claim Plaintiff is making in this case; if Plaintiff is claiming physical and/or emotional distress damages, Plaintiff's medical and/or mental health records.

**Plaintiff's statement:** Plaintiff OBJECTS to the term "all correspondence" as it is subjective, vague and ambiguous, overly broad, unduly burdensome, and outside the "four corners" of his CAUSES OF ACTION in the Complaint. Furthermore, Plaintiff OBJECTS to the assertion "that he is not responsible for the LVNV collection." Plaintiff cannot prove a negative, especially in regards to a fictional account number. Plaintiff, however has provided EQUIFAX with an affidavit, which speaks for itself. Plaintiff disputed the accuracy of information

thus prompting a NOTICE OF DISPUTE. Furthermore, EQUIFAX is not a "debt collector" pursuant to FDCPA, and Plaintiff has not brought forth his complaint pursuant to 15 U.S.C. § 1692 et seq. Of course, if EQUIFAX seeks to admit that it is a "debt collector" and/or acting as an agent on behalf of a collection agency, then Plaintiff welcomes such an admission by EQUIFAX. Plaintiff <u>OBJECTS</u> to documents regarding correspondence between Plaintiff and Capital One, and between Plaintiff and LVNV. Plaintiff has not named Capital One or LVNV in the Complaint, and has resolved the matter amicably with both Capital One and LVNV. And finally, Plaintiff <u>OBJECTS</u> that he must prove a "damage claim" beyond his own testimony. Plaintiff, however, will agree to provide all relevant documents regarding his NOTICE OF DISPUTE pursuant to the CAUSES OF ACTION pertaining to EQUIFAX in his Complaint. Finally, without waiving any further objections, access to Plaintiff's medical records is confidential, protected health information ("PHI"), and Plaintiff contends that access to his PHI is overly intrusive or irrelevant discovery, unless such discovery should become relevant due to the particular circumstance of this case, or by court order.

<u>Defendant Experian</u>: Defendant Experian seeks at least the following documents from Plaintiff: Copies of all correspondence between Plaintiff and Defendant Experian; copies of all correspondence between Plaintiff and LVNV Funding, LLC; copies of all correspondence between Plaintiff and Capital One Bank (USA) N.A.; copies of all correspondence between Plaintiff and Resurgent Capital Services, L.P.; copies of all documents that support each of Plaintiff's claims against Experian; and copies of all documents that support or otherwise relate to any damage claim Plaintiff is making in this case.

**Plaintiff's statement:** Plaintiff <u>OBJECTS</u> to the term "all correspondence" as it is subjective, vague and ambiguous, overly broad, unduly burdensome, and outside the "four corners" of his CAUSES OF ACTION in the Complaint. Plaintiff <u>OBJECTS</u> to "copies of all correspondence between Plaintiff and Capital

One Bank (USA) N.A." as it is outside the statute of limitations pursuant to a FCRA claim, outside the "four corners" of his Complaint pursuant to the CAUSES OF ACTION pertaining to EXPERIAN.  Besides, any alleged matter has been resolved between Plaintiff and Capital One Bank (USA) N.A.  Plaintiff <u>OBJECTS</u> to "copies of all correspondence between Plaintiff and LVNV Funding, LLC," as it is outside the "four corners" of the Complaint, and the matter has been resolved between Plaintiff and LVNV.  Plaintiff <u>OBJECTS</u> to "copies of all correspondence between Plaintiff and Resurgent Capital Services, L.P.," as any correspondence was pursuant to 15 U.S.C. § 1692 et seq.  Plaintiff filed a lawsuit against both LVNV and RESURGENT, pursuant to FCRA claims pertaining failure to investigate and reinvestigate, as per the "furnisher rule" 1681s-2(b), and impermissible pull, 1681b, and those claims have been <u>resolved</u>, with a confidentiality agreement.  However, Plaintiff will provide all relevant documents pursuant to the CAUSES OF ACTION pertaining to EXPERIAN in his complaint.

**12**. **Subject Matter Jurisdiction:** This action is brought under the federal Fair Credit Reporting Act, 15 U.S.C. Section 1681 et seq.

**13. Factual Basis of Plaintiff's Claims:**

   **Plaintiff's Statement:** Plaintiff briefly states the following regarding his factual allegations made in the complaint, and seeks all applicable damages pursuant to 1681n and 1681o of the FCRA:

   a) Plaintiff alleges that Defendants engaged in the failure to conduct a reasonable investigation and reinvestigation of Plaintiff's multiple NOTICE OF DISPUTE letters regarding an erroneous LVNV "collections" item while it was being furnished by LVNV and reported by Defendants.

   b) Plaintiff alleges that Defendants failed to consider all relevant information, failed to promptly delete the item, and failed to properly observe the contents of the returned/executed ACDVs, which for each Defendant, eventually

11

showed that RESURGENT, the data furnisher and servicer for LVNV, had modified the "Original Amount" to ZERO (i.e., $0 balance). Plaintiff claims that Defendants instead simply "parrot" whatever information they choose from its source, to continue "verifying" the inaccurate information as accurate, to maximize revenues from its subscribers, and all at the expense of what Congress calls the "least sophisticated consumer."

c) Plaintiff alleges that Defendants failed to promptly delete the erroneous LVNV "collections" item on their own, as per the mandates of the FCRA, even when each Defendant was provided an AFFIDAVIT signed and sworn under penalty of perjury by Plaintiff, sent to Defendants via certified mail, and even sent to corporate counsel and/or CEO of Defendants.

d) Plaintiff alleges that Defendants failed to provide Plaintiff of their specific description of its reinvestigation procedures upon NOTICE.

e) Plaintiff alleges that Defendants failed to hire properly trained personnel to explain to Plaintiff ALL information in the file, and how it conducts its "reinvestigation" to repeatedly "verify" the inaccurate information.

f) Plaintiff alleges that Defendants failed to provide him with ALL information in his FULL file disclosure, and instead merely sent him a credit report which did not contain ALL information in the file, regardless of where and how it was stored.

g) Plaintiff alleges that Defendants maintain as a matter of "policy" that information that is found to be false, inaccurate, incomplete or cannot be verified is removed ONLY after a request is sent by the furnisher to Defendants to remove it, **or until a LAWSUIT is filed.** (Emphasis added).

Defendant Trans Union's Statement:

As discovery has just begun, Trans Union cannot provide this Court with a complete factual background of the case as it relates specifically to Plaintiff. Upon information and belief, Trans Union properly investigated Plaintiff's

dispute as required by the FCRA, updated the information as appropriate, and timely reported the results of the investigation to Plaintiff. At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the Fair Credit Reporting Act and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff. Trans Union accepted information regarding Plaintiff from reliable sources. Trans Union may reasonably rely upon the creditor, the party actually responsible for the reinvestigation under 1681 s-2(b). Trans Union has not acted with malice, negligent, willful or reckless intent to harm Plaintiff, nor with reckless or conscious disregard for the rights of Plaintiff, and Trans Union has fully complied with the FCRA. Trans Union will also show that any alleged damage suffered by Plaintiff was not caused by Trans Union.

In addition, at this time Trans Union does not have knowledge or possession of facts or documents controlled by the Plaintiff, Equifax, Experian, or furnisher LVNV Funding, LLC. Therefore, this statement is based on the facts known by Trans Union at this time. Trans Union makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

**Plaintiff's OBJECTION:** Plaintiff has not pled any cause of action pursuant to 1681e(b), which requires TRANSUNION to follow maximum possible accuracy in "preparing consumer reports." Plaintiff objects that this is a mish-mash between 1681i and 1681e(b), and is outside the "four corners" of his COMPLAINT. Also, Plaintiff also does not bring forth any causes of action pursuant to 1681s-2(b), "the furnisher rule."

Defendant Experian's Statement: Defendant Experian is a consumer reporting agency, as that term is defined by the Fair Credit Reporting Act ("FCRA"). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing

credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, the FCRA requires consumer reporting agencies like Experian to maintain and follow reasonable procedures to assure the maximum possible accuracy of the information they report on consumers. Additionally, the FCRA requires consumer reporting agencies to timely reinvestigate if a consumer disputes information on his or her credit report.

Experian maintained and followed reasonable procedures to ensure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted reasonable reinvestigations of the disputed accounts. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

<u>Defendant Equifax's Statement</u>: Defendant Equifax Information Services LLC is a consumer reporting agency as that term is defined in the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA"). Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

**14. Whether Case is Complex**

The case is not complex.

**15. Settlement Procedure:**

Defendants Trans Union, Equifax, and Experian state that no meaningful settlement discussions have taken place as of yet, as Plaintiff has not provided an initial settlement demand. The likelihood of settlement cannot be ascertained at this time, due to the limited discovery that has taken place. However, the parties are amenable to settlement and are willing to participate in such discussions.

The parties request that this matter be referred to a settlement conference with a magistrate judge.

**Plaintiff's statement:** Plaintiff did, in fact, send EACH Defendant, through its respective counsel a .PDF of a settlement demand, prior to the hearing on March 18, 2019. Respective counsel on record all acknowledged receipt of the .PDF. Plaintiff, in the spirit of cooperation, in compliance with the Honorable Andrew J. Guilford's instructions, and pursuant to F.R.Civ.P 1, fully intends to accommodate Defendants and fully intends to participate in such discussions.

In fact, if Defendants truly want to reduce their costs of litigation, Plaintiff is even willing to expedite the Discovery process, and prepared to go straight to the Magistrate settlement conference. Plaintiff has in his possession the NOTICE OF DISPUTE letters and AFFIDAVIT, the USPS.com confirmation of delivery, the results of the "reinvestigation" and the ACDVs. Defendants need to simply agree they will confirm and authenticate the ACDVs, the AUD, and just provide Plaintiff with the subscriber agreement (subject to a protective order, of course).

**16. Miscellaneous Schedule Items:** None.

Respectfully submitted,

Dated: April 4, 2019     MUSICK, PEELER & GARRETT LLP

By: */s/ Donald Bradley*
Donald E. Bradley
Kristin Marker
Attorneys for Defendant TRANS UNION LLC

Dated: April 2, 2019

*/s/ Sheereen Javadizadeh*
Sheereen Javadizadeh
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA 92612.4408
Telephone: 949-851-3939
Fax: 949-553-7539
sjavadizadeh@jonesday.com
Attorneys for Defendant Experian Information Solutions, Inc.

Dated: April 2, 2019     NOKES & QUINN

*/s/ Thomas P. Quinn, Jr.*
THOMAS P. QUINN, JR.
Attorneys for Defendant
EQUIFAX INFORMATION SERVICES LLC

Dated: April 4, 2019     Pritish Vora, Plaintiff, Pro Se

*[signature]*

## **SIGNATURE CERTIFICATION**

Pursuant to Local Rule 5-4.3.4 (2), I hereby certify that the content of this document is acceptable to all counsel on whose behalf this filing is submitted, and that I have obtained their authorization to affix their electronic signature to this document.

Dated: April 4, 2019                              NOKES & QUINN

*/s/ Thomas P. Quinn, Jr.*
THOMAS P. QUINN, JR.
Attorneys for Defendant
EQUIFAX INFORMATION SERVICES LLC

# CERTIFICATE OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Orange, State of California, and not a party to the above-entitled cause.

**On April 4, 2019, I served a true copy of AMENDED JOINT REPORT OF PARTIES [Fed. R. Civ. P. 26(f)];**

[ ]   By personally delivering it to the persons(s) indicated below in the manner as provided in Federal Rule of Civil Procedure 5(B);

[ X ]   By depositing it in the United States Mail in a sealed envelope with the postage thereon fully prepaid to the following;

[ X ]   By ECF: On this date, I electronically filed the following document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet;

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I hereby certify under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

/s/  Thomas P. Quinn, Jr.
THOMAS P. QUINN, JR.

Place of Mailing:  Laguna Beach, California.

Executed on April 4, 2019, at Laguna Beach, California.

# SERVICE LIST

Pritish Vora
27758 Santa Margarita Parkway No. 530
Mission Viejo, CA 92691
949-292-8359
Email: pvora2112@gmail.com
*Plaintiff Pro Se*

Sheereen Javadizadeh
Jones Day
3161 Michelson Drive Suite 800
Irvine, CA 92612-4408
949-851-3939
Fax: 949-553-7539
Email: sjavadizadeh@jonesday.com
*Attorneys for Defendant Experian Information Solutions, Inc.*

Donald E Bradley
Musick Peeler and Garrett LLP
650 Town Center Drive Suite 1200
Costa Mesa, CA 92626-1925
714-668-2400
Fax: 714-668-2490
Email: d.bradley@musickpeeler.com
*Attorneys for Defendant Trans Union, LLC*