FILED

2019 APR -8  AM 9: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
SANTA ANA

BY___ LAW _____

1 | Pritish Vora
2 | 27758 Santa Marg. Pkwy, #530
3 | Mission Viejo, CA  92691
4 | 949-292-8359
5 | Plaintiff in Pro Per

6

7

8

9 | **UNITED STATES DISTRICT COURT**
10 | **CENTRAL DISTRICT OF CALIFORNIA**

11

12 | Pritish Vora,               | Case No.: 8:19-cv-00302-AG-KESx

13 |         Plaintiff,          | **MEMORANDUM OF POINTS**

14 |     vs.                     | **AND AUTHORITIES IN SUPPORT**

15 | EQUIFAX INFORMATION          | **OF MOTION TO STRIKE**

16 | SERVICES, LLC, et al.,       | **CERTIFICATION AND NOTICE**

17 |         Defendants.         | **OF INTERESTED PARTIES AND**

18 |                             | **ANSWER OF EXPERIAN**

19 |                             | **INFORMATION SOLUTIONS,**

20 |                             | **INC., pursuant to F.R.Civ.P. 12(f)**

21 |                             | **"OPPOSED"**

22 |                             | **Hearing Date: May 6, 2019**

23 |                             | **Time: 10am**

24 |                             | **Hon. Andrew J. Guilford**

25 |                             | **Courtroom: 10D**

26

27

28

1
2

## MEMORANDUM AND POINTS OF AUTHORITIES

3
4
5
6
7

Pursuant to F.R.Civ.P. **Rule 7.1 Disclosure Statement** 7.1(a)(1) "A nongovernmental corporate party must file 2 copies of a disclosure statement that: identifies **any parent corporation** and any publicly held corporation owning 10% or more of its stock; or (2) states that there is no such corporation." (Emphasis supplied).

8
9
10
11
12
13

Pursuant to L.R. 7.1-1 **Notice of Interested Parties**.  "...counsel for all non-governmental parties **shall** file with their first appearance a Notice of Interested Parties, which **shall** list all persons, associations of persons, firms, partnerships, **and corporations (including parent corporations, clearly identified as such)** that may have a **pecuniary** interest in the outcome of the case...".  (Emphasis supplied).

14
15

Pursuant to F.R.Civ.P. 8(b)(2), Denials – Responding to the Substance.  "A denial must fairly respond to the substance of the allegation."

16
17
18
19
20

Pursuant to F.R.Civ.P 8(b)(4), "if a party that intends in good faith to deny only a part of an allegation **must admit the part that is true** and deny the rest." (Emphasis supplied).  Rule 8(b)(5) Lacking Knowledge or Information.  "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial."

21
22
23
24
25

Pursuant to Rule 11(b): Representations to the court.  By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies to the best of the person's knowledge, information and belief, formed **after an inquiry reasonable under the circumstances**.  (Emphasis supplied).

26
27
28

Pursuant to **Rule 11(c)**, If, after notice and reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is

responsible for the violation.  Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Pursuant to L.R. 11-3.8 **Title Page. 11.3.8(d)** "...In all documents, after the initial pleadings, <u>the names of the first-named party only</u> on each side shall appear. (The Defendants name in the above-captioned matter needs to appear as EQUIFAX INFORMATION SERVICES, LLC et al., hereinafter for all subsequent documents filed with the Court).

Pursuant to **F.R.Civ.P 12(f)**, provides in relevant part that on motion or sua sponte, "[the] court may strike from a pleading...any **redundant, immaterial, impertinent or scandalous matter**." (Emphasis added).

## I.  <u>INTRODUCTION</u>

Plaintiff, who is Pro Se and unschooled in law, relies heavily on information found in the public domain.  By way of example, the definition of "MOTION TO STRIKE" in Nolo's Plain-English Law Dictionary states as follows: "A request that <u>the judge eliminate all or part</u> of the other party's pleading."

Plaintiff shall offer evidence that his motion is not a dilatory tactic against EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), but instead warrants the attention of this Honorable Court for the following reasons: (1) The court has wide discretion; and (2) The pleading must be viewed in the light most favorable to the pleader.

Plaintiff filed a complaint pursuant to alleged violations of the Fair Credit

Reporting Act ("FCRA") against EXPERIAN and co-defendants, listing 17 CAUSES OF ACTION for various violations of the FCRA among all defendants. Plaintiff's meticulously drafted complaint was "clocked" at 433 paragraphs and 56 pages, including the affidavit in support. (Doc 1).   (This MEMORANDUM pertains to Defendant EXPERIAN only).

Pursuant to L.R. 8-3, counsel for EXPERIAN had an opportunity to extend the time to answer.  Plaintiff made an offer to counsel that he would agree to one extension of time if requested.  Counsel DECLINED the offer.

Plaintiff separates his motion into three parts, respectively.  The first is to bring the attention to the Honorable Court of a deceptive CERTIFICATE AND NOTICE OF INTERESTED PARTIES ("CIP") filed by EXPERIAN (See Doc 12). The second is to demonstrate how the responses by EXPERIAN in its ANSWER to the factual statements made in Plaintiff's complaint (Doc 16) violate the rules, and which can only be described by one simple phrase: **"IT'S A SHAM."**  And finally, Plaintiff will describe how the AFFIRMATIVE DEFENSES cited by counsel for EXPERIAN are either irrelevant, **redundant, immaterial and/or impertinent**, and why Plaintiff moves the Court to STRIKE IT.  (Emphasis added).

## II. <u>ARGUMENT</u>

A Rule 12(f) motion serves to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

trial.  (See <u>Sony Pictures Entertainment, Inc. v. Fireworks Entertainment Group, Inc.</u>, 156 F. Supp. 2D 1148, 1154 (C.D. Cal. 2001), quoting <u>Bureerong v. Uvawas</u>, 922 F. Supp. 1450, 1478 (C.D. Cal. 1986).

First, let's examine the defective CIP filed by counsel (Doc 12), whereby EXPERIAN lists its "Parent Company" as "Experian plc."

EXPERIAN has <u>failed to disclose</u> in its Certification and Notice of Interested Parties that **its true parent company is Experian Holdings, Inc., NOT Experian plc, which is its "ultimate parent."** (Emphasis added).  Counsel for EXPERIAN did not list ALL parent corporations.

Plaintiff indicated in his Complaint that EXPERIAN "is a wholly-owned subsidiary of its privately held parent, and shares the same corporate address with its parent."[1]  (See Doc 1 at ¶ 21).  (Emphasis added).

The Consumer Financial Protection Bureau ("CFPB") has already adjudicated this matter in a STIPULATION and CONSENT ORDER, issued by the CFPB on March 23, 2017.  The 5-page STIPULATION is a publicly available document, and speaks for itself.  File No. 2017-CFPB-0012.  The 26-page CONSENT ORDER, is

---

[1] If a company is 100 percent owned by holding companies, it is known as a wholly-owned subsidiary.  In terms of operation, the subsidiaries and holding companies function as individual companies.  https://www.upcounsel.com/tax-advantages-of-holding-company.

a publicly available document, and speaks for itself.[2]  (Plaintiff attaches excerpts as exhibits of these documents to his declaration in support of this memorandum).

Upon information and belief, the United States Supreme Court has ruled the following: "A consent decree **has the same effect as a judgment** entered after adversarial litigation."  (See <u>United States v. Swift & Co.</u>, 288 U.S. 106, 114, 52 S.Ct. 76 L.Ed 999 (1932)).  (Emphasis supplied).  A Consent Order is <u>also</u> a public record under Fed. R. Evid. 803(8)(C).

"Judicial notice is also appropriate for published decisions, orders and policy statements of Federal administrative agencies, **such as the CFPB**."  (See <u>Tavar v. Midland Credit Management</u>, 2011 WL 1431988 (S.C. 2011).  (Emphasis added).

Plaintiff referenced the CONSENT ORDER in his Complaint (See Doc 1 at ¶ 19), and also respectfully requested the Court to take judicial notice of all CONSENT ORDERS pertaining to Defendants (See Doc 1, page 5, footnote 1).

EXPERIAN agreed to waivers in the STIPULATION, and <u>waives</u> **"The right to seek any administrative or judicial review of the Consent Order."** (See STIPULATION, Page 3, ¶ 9d.).  (Emphasis supplied).

EXPERIAN <u>waived</u> **"Any other right to challenge or contest the validity of the Consent Order."**  (See STIPULATION, Page 4, ¶ 9f.).  (Emphasis supplied).

---

[2] https://files.consumerfinance.gov/f/documents/201703_cfpb_Experian-Holdings-Inc-consent-order.pdf

According to the Bureau Findings and Conclusions, Section IV of the CONSENT ORDER, states as follows, quoted verbatim: **"Experian Holdings, Inc. is a privately-held corporation with its principal office address located in Costa Mesa, California."** (See CFPB CONSENT ORDER, Page 5 at ¶ 4). (Emphasis supplied).

According to Section IV of the CONSENT ORDER, "Experian Information Solutions Inc. (EIS) <u>is a wholly-owned subsidiary of Experian Holdings, Inc.</u>, with its principal office located in Costa Mesa, California. (See CFPB CONSENT ORDER, Page 5 at ¶ 5).[3] (Emphasis supplied).

Obviously, if the CFPB found that Experian Information Solutions, Inc. is a wholly-owned subsidiary of Experian Holdings, Inc., then by logic and common sense, the **<u>parent company</u>** of EXPERIAN, is, in fact, Experian Holdings, Inc. (Emphasis added).

EXPERIAN has a "parent", and that parent is Experian Holdings, Inc., a Delaware corporation that does business in California, and thus subject to Federal jurisdiction. The "ultimate parent" is Experian plc, **<u>an offshore entity</u>** in Dublin, Ireland, and perhaps blessed with "the luck of the Irish," gets to enjoy the privilege of being <u>exempt from Federal jurisdiction</u>. (Emphasis added).

---

[3] The CFPB refers to Experian Information Solutions, Inc. as (EIS) in the CONSENT ORDER. Plaintiff refers to it in his verified complaint as EXPERIAN. (See Doc 1 at ¶ 12).

Indeed, Plaintiff indicated in his Complaint that "EXPERIAN has an ultimate parent, Experian, plc, a Dublin, Ireland based public limited company (LSE: EXPN), which has a registered address in Jersey, Channel Islands." (See Doc 1, at ¶ 22).

EXPERIAN will get its "ultimate parent" dismissed if incorrectly named in suit. (See RPOST HOLDINGS, INC et al. v. EXPERIAN PLC and EXPERIAN INFORMATION SOLUTIONS, INC. Case No. 2:12-cv-00513-JRG, Docs 4,5).

EXPERIAN will certify the respective corporate affiliations in its CIPs across various Federal courts, by listing Experian plc, either as the "parent" or "ultimate parent," **while failing to disclose the entity Experian Holdings, Inc. as its true parent**. (See CIP excerpts attached as Exhibits to Decl. Vora). (Emphasis added).

If a Plaintiff happens to name **the real parent in suit**, then Experian Holdings, Inc., using a classic "Harry Potter-style invisibility cloak," will make the CIP appear as if the suit was against EXPERIAN, thereby reducing any potential liability for its parent. (Emphasis added). (See MICHAEL G. BRAUTIGAM v. EXPERIAN HOLDINGS, INC. Case No. 8:15-cv-01616-AG-DFM, Doc 12). (See also related case, BHUTA v. EXPERIAN INFORMATION SOLUTIONS, INC. Case No. 8:15-cv-1592-AG-DFM, Doc 20).

If a Plaintiff names both entities in suit, EXPERIAN and Experian Holdings, Inc., then EXPERIAN disguises its parent by masking both entities "together as

Experian" while **failing to disclose** and certify in its CIP that Experian Holdings, Inc. is actually the parent of EXPERIAN. (Emphasis added).   (See <u>JOHN BROSNAN v. EXPERIAN HOLDINGS INC., EXPERIAN INFORMATION SOLUTIONS INC., T-MOBILE US, INC. et al.</u> (Case No. 3:16-cv-06508-LB, Doc 15).

"Business 101" dictates that "if one business **owns** another company outright, or has enough ownership to exercise control of the company, then the business that is under the control of another company is known as **a subsidiary** company.  The company owning the subsidiary is often labeled **as the parent** company."[4] (Emphasis supplied).

Indeed, when Plaintiff filed his Complaint, he stated as follows, quoted verbatim, "For the sake of simplicity, if "Experian Information Solutions, Inc." is the "grand baby" and "Experian plc" is the "grand daddy" **then "Experian Holdings, Inc." is the "daddy" in the middle."** (See Doc 1, at ¶ 23). (Emphasis added).

EXPERIAN **failed to disclose** all parent corporations who may have a pecuniary interest in the outcome of THIS case, a material and relevant fact it is required to disclose in its CIP (Doc 12), especially when it knew it was faced with Federal Complaint filed by Plaintiff that specifically referenced **both** its parent and

---

[4] https://smallbusiness.chron.com/relationship-between-company-its-subsidiary-14696.html

ultimate parent in the "statement of facts" section. (Emphasis added).

A reasonable person must wonder how a well-recognized national law firm such as JONES DAY®, which has filed countless CIPs on behalf of EXPERIAN across various Federal courts, if it ever bothered to ask its client, "Who's your daddy?"[5]

EXPERIAN got "busted" in an unrelated matter by Richard Cordray, former Director of the CFPB, which resulted in the CONSENT ORDER and a $3 million dollar fine.  EXPERIAN could have (but chose not to), start naming **both** Experian Holdings, Inc. **as the privately held, U.S. Based holding company parent**, AND Experian plc **as the public company offshore ultimate parent** when filing its certification and notice of interested parties with the Courts. (Emphasis added).

Plaintiff stated the following in his Complaint, "None of the respective parent companies is currently named as a defendant, as they are provided herein for clarity and reference for the purposes of this complaint."  (See Doc 1, at ¶ 33).

Plaintiff amended his CIP, and named Experian Holdings, Inc. as the parent (See Doc 17).  EXPERIAN did not dispute this amendment.

A Defendant such as EXPERIAN who has a "parent" and "ultimate parent" must name them, as it serves a two-fold purpose.  First, it provides the required NOTICE to the Court for possible voluntary recusal of a Federal Judge if there is

---

[5] "Who's Your Daddy" is a casual competitive game created by Joe Williams, based around the difficulties of child care, and one can stream the game over the Internet.  (Just "Google it.")

any potential conflict of interest with the connected entity.   Second, it allows a Plaintiff to properly determine all relevant entities prior to naming defendants, **and to determine the liability <u>for the payment of DAMAGES</u> from ALL connected entities, including ALL parent corporations.**   (Emphasis added).

It certainly appears to Plaintiff that counsel for EXPERIAN has violated F.R.Civ.P. 7.1 and L.R. 7-1.1.   The filing of its CIP is deceptive (Doc 12).   Taking language from the FCRA, the CIP is "inaccurate," "incomplete," or "cannot be verified," and thus Plaintiff moves the Court to have it STRICKEN.

Now, let's turn the attention to the sham ANSWER filed by counsel for EXPERIAN in response to some of the factual statements in Plaintiff's complaint.

### **"<u>Annie Get Your SHOTgun</u>"**

The district courts have little tolerance for shotgun pleadings.   (See generally <u>Jackson v. Bank of America,</u> 898 F.3d 1348 (11th Cir. 2018)).   Even Plaintiff knows it is well established and a fact that a district court also has the inherent authority to control its docket and ensure the prompt resolution of lawsuits.

In a case where <u>a Plaintiff</u> files a "shotgun" <u>pleading</u>, the Court may strike it, and grant leave to amend.   (See <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1133 (quoting <u>Cramer v. Florida</u>, 117 F.3d 1258, 1263 (11th Cir. 1997).   Plaintiff is a Pro Se, and questions that the SAME should also apply to <u>a Defendant</u> who makes a "shotgun" <u>answer</u>, in a response that is void of factual allegations made in the Complaint.

By way of example, counsel for EXPERIAN has typed the phrase "EXPERIAN is without knowledge or information sufficient to form a belief..." far exceeding the number of times Jack Nicholson typed the phrase "all work and no play makes Jack a dull boy" in the 1980 classic movie, "The Shining."

Plaintiff contends that the pleading standards **applied to a Plaintiff** in complaints in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("Twombly"), and clarified in Ashcroft v. Iqbal, U.S., 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("Iqbal"), **also applies to a defendant, in this case, EXPERIAN, in filing its answer and citing its affirmative defenses**. (Emphasis added).

Plaintiff made factual allegations in plain and simple statements pursuant to Twombly, and F.R.Civ.P. 8. Thus, EXPERIAN **must admit the part that is true**. (Emphasis added).

Instead, EXPERIAN abused F.R.Civ.P. 8(b)(5) in a "shotgun" style approach to answering the Complaint. EXPERIAN, **for the majority of even the basic factual allegations that EXPERIAN knows is true**, had this to say, "Experian is without knowledge or information to form a belief as to the truth of the allegations contained therein, and, on that basis, denies, generally and specifically, each and every allegation contained therein." (Emphasis added).

Let's take a look and examine some of the most egregious examples of counsel

in her "scattershot" and "shotgun" approach to Plaintiff's complaint, whereby counsel for EXPERIAN either avoids <u>responding to the substance of the allegation</u>, or pretends that EXPERIAN is "without knowledge or information to form a belief as to the truth of the allegations" even when it knows the part is true.

By way of example, Plaintiff states the following in ¶ 21 of the complaint, "EXPERIAN is a wholly-owned subsidiary of its privately held parent, Experian Holdings, Inc., and shares the same corporate address as its parent." (See Doc 1). EXPERIAN **fails** to respond to the substance of the allegation, and **fails** to ADMIT the part that is true. (See Doc 16, Ans. ¶ 21).  (Emphasis added). (EXPERIAN apparently also is unaware that the CFPB is its own regulator).

By way of example, in ¶ 33 of Plaintiff's complaint, "None of the respective parent entities is currently named in the complaint…"  In its answer, EXPERIAN "feigns ignorance" as to whether or not Plaintiff has named its parent company. (See Doc 16, Ans. ¶ 33).

By way of example, regarding the NOTICE OF DISPUTE letters sent by Plaintiff concerning the erroneous LVNV item, "Plaintiff sent a NOTICE OF DISPUTE to EXPERIAN dated May 22, July 17, and September 26, 2017, respectively." (Complaint, ¶ 118).  In its answer, EXPERIAN "feigns ignorance" of Plaintiff's dispute letters, even though Plaintiff sent them via certified mail.

By way of example, regarding the e-OSCAR system, Plaintiff states,

"Defendants utilize the e-OSCAR® web-based Metro 2® compliant, automated system that enables data furnishers and CRAs to create and respond to consumer credit history disputes." (See Doc 1, ¶ 129). EXPERIAN, once again, "feigns ignorance" and claims it is "without knowledge" of how it processes disputes!

Regarding the AFFIDAVIT, Plaintiff states as follows, "Plaintiff sent an AFFIDAVIT OF TRUTH **via certified mail to EXPERIAN**…" (Complaint ¶ 144). (Emphasis added). In answering, (Doc 16, ¶ 144), EXPERIAN again "feigns ignorance" and states it is "without knowledge to form a belief…", even when the USPS.com tracking number can easily prove the FACT that EXPERIAN, and its CEO, <u>both</u> received it. (See Exhibits to Plaintiff's declaration in support).

Upon information and belief, counsel may have even outsourced her services to "Robbie" (the robot). By way of example, Plaintiff's complaint clearly mentions <u>F.R.C.P</u> 8(b)(4) (See Doc 1, ¶'s 36, 37). However, in answering, counsel (or "Robbie"), <u>affirmatively states the FCRA</u>, incredible! (See Doc 16, Ans. ¶ 36, 37).

These are just SOME of the glaring examples of the "shotgun" response filed by EXPERIAN. The ANSWER is filled with impertinent matter, which is defined as "statements that to do not pertain, and are not necessary, to the issue in question." (See <u>Garcia v. Clovis Unified Sch. Dist.</u>, 2009 US. Dis. LEXIS 83352 (E.D. Ca. 2009). The responses are a sham and must be stricken. If Plaintiff provided <u>each</u> example, his MEMORANDUM would far exceed the 25-page limit.

Now, let's turn to the AFFIRMATIVE DEFENSES, and examine how it is just more of the same "shotgun" nonsense.

EXPERIAN plasters its 74-page ANSWER by listing a series of conclusory statements asserting the existence of many affirmative defenses, without stating WHY that affirmative defense might even exist.

Rule 8(b)(2) further provides with respect to "denials" that they "must fairly respond to the substance of the allegations. "The court can see no reason why **the same principals** applied to a pleading of claims should not apply to the pleading of affirmative defenses **which are also governed by Rule 8**. (See <u>Quiller Barnes v. AT&T Pension Benefit Plan-Nonbargained Program</u>, 718 F.Supp.2d 1167 (N.D. Cal. June 22, 2010). (Emphasis supplied).

"Applying the standard for heightened pleading to affirmative defenses serves a valid purpose in requiring at least some valid factual basis for pleading an affirmative defense and not adding it to the case simply upon some conjecture that it may somehow apply." "Applying the same standard will also serve to weed out the boilerplate listing of affirmative defenses **which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted**." (See <u>CTF Dev., Inc. v. Penta Hospitality, LLC</u>, Case No: 09-02429, 2009 WL 3517617, at *7-8 (N.D.Cal. Oct 26, 2009). (Emphasis added).

Let's start with one of the "non-defenses" that EXPERIAN asserts, "Failure To

State A Claim." (See Ans., Doc 16, pg. 70, FIRST AFFIRMATIVE DEFENSE).

Failure to state a claim is NOT an "affirmative defense" that EXPERIAN can rely upon. (See <u>Boldstar Tech., LLC v. Home Depot, Inc.</u>, 517 F.Supp.2d 1283, 1291 (S.D. Fla. 2007). ("Failure to state a claim is a defect in the plaintiff's claim, it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

"A defense which demonstrates that Plaintiff has not met its burden of proof as to an element plaintiff is required to prove <u>is not an affirmative defense</u>." (See <u>Zivkovic v. S California Edison Co.</u>, 302 F .3d 1080, 1088 (9th Cir. 2002).

EXPERIAN did not file a motion to dismiss pursuant to Rule 12(b)(6). There is a Rule 26(f) report on the docket. (See Doc 21). The scheduling order will list several dates by the Court, including a trial date.

Plaintiff has, in fact, stated a claim for which relief may be granted, with the utmost particularity, far exceeding the requirement set by <u>Twombly</u>. EXPERIAN has inappropriately pled "Failure to State a Claim" despite that it is <u>not</u> actually an affirmative defense, and Plaintiff moves the Court to strike it.

In one of the most glaring examples of its "shotgun" approach, is where EXPERIAN states its NINTH AFFIRMATIVE DEFENSE, a "Statute of Limitations" affirmative defense (Doc 16 pg. 71). EXPERIAN does not point to

any fact in answering the complaint that would make the affirmative defense even plausible on its face.  In fact, the exact opposite is true.

By way of example, Plaintiff stated in ¶ 278 of his Complaint that Plaintiff first discovered the impermissible pull of his consumer information dated **March 16, 2017,** and first discovered the reporting of the erroneous LVNV collections item **around May 10, 2017**.  (See Doc 1, pg. 36, ¶ 278).  (Emphasis added).

EXPERIAN responded to ¶ 278 in its ANSWER by stating "Experian is without knowledge or information sufficient to form a belief…".  Yet, it now wants to state a "Statute of Limitations" defense, when it does not even have knowledge of "the truth of the allegations" of its OWN stated affirmative defense!

Indeed, EXPERIAN fails to point any identifiable fact that would make the "Statute of Limitations" defense applicable to the CAUSES OF ACTION pursuant to the claims made by Plaintiff against EXPERIAN.  The defense is a sham, and Plaintiff moves the Court to strike it.

One of Plaintiff's favorite parts of the nonsensical ANSWER filed by counsel for EXPERIAN is its TENTH AFFIRMATIVE DEFENSE, "Unclean Hands." (See Doc 16, Ans., pg. 71).

In citing the defense of "Unclean Hands," EXPERIAN states as follows, "The Complaint, and each claim for relief therein **that seeks equitable relief,** is barred by the doctrine of unclean hands."  (Emphasis supplied).

In applying the doctrine of "unclean hands," "[w]hat is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendants."  (See <u>Republic Molding Corp., v. B.W. Photo Utilities</u>, 319 F.2d 347, 349 (9th Cir. 1963).  Plaintiff, a consumer, acts as a private attorney general to enforce rights granted by statute.  The FCRA is just that, a statute, written by Congress, granting certain rights to enforce liability for its violations by a defendant.  Plaintiff cannot seek equitable relief, only monetary relief, as the FCRA does not allow a consumer to seek equitable relief.

The FCRA allows a consumer a private right of action to seek relief through monetary damages.  Straight from Upcounsel.com, "Such a defense **can't be used** in cases that result in legal damages, i.e., **monetary rewards**."[6]  (Emphasis added).

Furthermore, EXPERIAN must show that Plaintiff somehow mislead the Defendant, or has done something wrong regarding the matter under consideration.  It is Plaintiff who has brought forth the CAUSES OF ACTION against EXPERIAN, for the violations alleged in the Complaint.  The "Unclean Hands" affirmative defense fails miserably, and Plaintiff moves the Court to strike it.

Besides, Plaintiff prefers to use the name brand Softsoap® to wash his hands frequently.  Plaintiff can assure counsel that his hands, are, in fact, quite clean.

---

[6] https://www.upcounsel.com/unclean-hands

In another "shotgun" approach to its affirmative defenses, EXPERIAN lists "Failure to Mitigate Damages," its FIFTH AFFIRMATIVE DEFENSE whereby EXPERIAN simply states, "Plaintiff has failed to mitigate his damages." (See Doc 16, page 70).

EXPERIAN needs to really "back up the Shred-It truck" on this one.  Seriously. Plaintiff made exhaustive attempts to "mitigate his damages" as clearly outlined in his complaint (See Doc 1, ¶ 281).  "Plaintiff extended ALL courtesies to Defendants, and has met all conditions precedent prior to the filing of this suit, including providing NOTICE via certified mail to their respective agents."

In fact, Plaintiff even sent the CEO of EXPERIAN, Brian Cassin, an affidavit with a cover letter, titled "OPPORTUNITY TO CURE" whereby Defendant EXPERIAN would not even have to face litigation if it just followed the mandates of the FCRA and DELETED the item on its own, which EXPERIAN failed to do.

The FIFTH AFFIRMATIVE DEFENSE cited by counsel is pure balderdash, and Plaintiff moves the Court to strike it.

Another shotgun defense by counsel for EXPERIAN is "Laches" (its SIXTH AFFIRMATIVE DEFENSE).  Plaintiff had to make the Google servers go into overdrive for this one.  The essential element of laches is an unreasonable delay by the Plaintiff in bringing the claim.  Of course, the facts suggest otherwise.  Plaintiff first sued the furnisher, settled quickly, and obtained the ACDVs (which was not

part of the confidentiality agreement, for obvious reasons).  Plaintiff brought his suit against the CRAs (including EXPERIAN) around two months thereafter, and still within the statute of limitations  pursuant to § 1681p for a FCRA claim.

Once again, **laches is an equitable defense**, just like "unclean hands" it is ordinarily applied only to claims for equitable relief (such as injunctions) and not for claims for legal relief (such as monetary damages).  (Emphasis added).  As stated, a consumer does not have a private right of action for an injunction type of relief on a FCRA claim, and therefore, the affirmative defense of laches is irrelevant, immaterial, and/or impertinent.  Plaintiff moves the Court to strike it.

In citing another flawed defense, its THIRD AFFIRMATIVE DEFENSE, counsel states "All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true."  (See Doc 16., page 70).

EXPERIAN knows <u>exactly</u> what was communicated in the ACDVs to the data furnisher, because EXPERIAN is the party who sent it, and received it back. Paragraphs 199 to 209 in Plaintiff's complaint speaks for itself.  In fact, ¶ 208 in Plaintiff's complaint is quite revealing.  **"EXPERIAN <u>did NOT update its files</u> to reflect the "Original Balance" as $0 in Plaintiff's file, <u>and requested the furnisher again</u> to "verify" the $8,955 balance" as the "Current Balance," "Amount Past Due," and "Original Account Balance."**  (Emphasis added).

In responding to Plaintiff's complaint, counsel states the following in its ANSWER to ¶ 208, "Experian is without knowledge or information to form a belief…". So, it is EXPERIAN that has no knowledge of what it sent to a "third party" yet then wants to state as an AFFIRMATIVE DEFENSE that "all information communicated to any third person was true." Nonsense.

The THIRD AFFIRMATIVE DEFENSE is a sham, and Plaintiff moves the Court to strike it.

Plaintiff sees another flaw in the SECOND AFFIRMATIVE DEFENSE, whereby EXPERIAN claims "Immunity."  EXPERIAN then states, "All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e)."

Plaintiff did not even state that as a CAUSE OF ACTION, and EXPERIAN is citing a different part of the FCRA!  The "qualified immunity" claim is bogus. Besides, Plaintiff stated as follows, quoted verbatim, "Defendants had the willful intent to injure Plaintiff."  (See Doc 1, ¶ 261).

Plaintiff has also made a proper request for punitive damages.  Plaintiff stated the following, "Plaintiff has suffered headaches, anxiety, loss of sleep, humiliation, and other negative emotions directly caused by Defendants' actions in their willful and negligent violations of the FCRA."  (See Doc 1, ¶ 263).  Plaintiff cited 1681n of the FCRA regarding damages, which has a willful element, and a punitive factor, determined by a jury.  The TWELFTH AFFIRMATIVE DEFENSE by

EXPERIAN also fails, and Plaintiff moves the Court to strike it.

Plaintiff Vora asserts that EXPERIAN filed its CIP and ANSWER in this instant action, which epitomizes the word "sham." Cambridge Dictionary defines the word "sham" as follows: **someone or something that is falsely represented, something that is not what it seems to be and is intended to deceive people.** (Emphasis supplied).

When considering a motion to strike an answer and affirmative defense, courts would consider whether the defense was legally sufficient under any set of facts which may be inferred from the allegations of the pleading. (See Glenside West Corp. v. Exxon Co. USA, 761 F. Supp. 1100, 1115 (D.NJ. 1991).

Some courts have stated that it would be inequitable to hold plaintiffs to a higher pleading standard than defendants. Such a rationale arguably is grounded in Twombly's acknowledgment of "the need for fair notice" in a plaintiff's complaint, and that such a concern should be **equally applied to defendants**. (Emphasis added). By way of example, "A Rule 12(f) motion may be appropriate when only legal implications of uncontroverted facts are called into question." (See U.S. v. Quadrini, Case No. 2:07-cv-13227-JF-SDP, Doc 17).

EXPERIAN has not been truthful to the facts of the complaint as it pertains to both the CIP and the ANSWER. The CIP is purely and unequivocally deceptive. The ANSWER fails to respond to the substance of the allegations.

# III. <u>CONCLUSION</u>

The moral turpitude on the part of EXPERIAN is self-evident, and is clearly demonstrated by its sham CIP and ANSWER.   In just citing a few of the most obvious examples, EXPERIAN wants to pretend all of the following, including, but not limited to: (1) that its true parent company does not exist; (2) that a CFPB CONSENT ORDER does not exist; (3) that NOTICE OF DISPUTES via certified mail sent by Plaintiff do not exist; (4) that an AFFIDAVIT also via certified mail sent by Plaintiff does not exist; (5) that the fact the ACDVs were sent and received by EXPERIAN does not exist.  The list is quite exhaustive.

For purposes of a motion to strike, the allegations of the pleading to be stricken are deemed admitted.  (See <u>Brown & Williamson Tobacco Corporation v. United States</u>, 201 F.2d 819, 82 (6th Cir. 1953).

According to legalmatch.com, "Fraud on the court" includes: "Unconscionable schemes to deceive or make misrepresentations through the court system."  Upon information and belief, filing a deceptive CIP and misrepresenting answers to a federal complaint may BOTH constitute "fraud on the court."

Fraud upon the court can result in the striking of pleadings as well as a dismissal of the entire case.  (See <u>Desimone v. Old Dominion Ins. Co.</u>, 749 So. 2D 1233, 1234 (Fla. 4th DCA 1999).

EXPERIAN **failed** to follow the rules pursuant to F.R.Civ.P 8 in its answer, and

admit the part that is true. (Emphasis added). Instead of meticulously going through Plaintiff's complaint, line by line, and answering the part that <u>it must admit that is true</u>, it used the "shotgun" approach, in clear violation of the Federal Rules 8 and 11. Instead of admitting the factual statements pertaining to EXPERIAN, including <u>the affidavit on Page 55</u> of the complaint, EXPERIAN simply ignored it.

### <u>"No Country For Pro Se Litigants"</u>

EXPERIAN knows that Plaintiff, as a Pro Se, cannot collect attorneys' fees, even though the FCRA provides a "fee shifting provision" as an incentive for consumers to file suit, because it is <u>only applicable to attorneys</u>. Hence, there is a heavy burden placed on Plaintiff to participate with a sham pleading in this litigation, but not for counsel of EXPERIAN, who gets to "bill the client."

JONES DAY, in fact, is national counsel for EXPERIAN, and upon information and belief, is given an annual budget for litigating cases on behalf of EXPERIAN. Therefore, there is little incentive for counsel to follow the pleading standards of <u>Twombly</u> and <u>Iqbal</u>, or to adhere to F.R.Civ.P. 8 and 11, <u>unless there is a ramification imposed for not doing so</u>. Such a discrepancy, according to Plaintiff, does not fit within the parameters of equity and justice for ALL parties.

"California courts have concluded that pro se plaintiffs are not entitled to an award of attorneys' fees." (See <u>Yhudai v. Mortgage Electronic Registration Systems, Inc.</u>, 2015 WL 5826777 (C.D. Cal., October 2, 2015.)

Indeed, Plaintiff, as a Pro Se, cannot "bill the client," for **he IS "the client**." (Emphasis added).  (See also <u>Williams v. Capital One Bank (USA), N.A. et al.</u>, Case No. 5:17-cv-01216-CLS, Doc 109, pg. 19, ¶ 2).  ("Williams, a pro se' litigant, does not have that privilege or luxury to bill the client, for Williams is the Client.")[7]

Based on the foregoing, Plaintiff files this MEMORANDUM in good faith, files a declaration and exhibits in support, and to mark the inequity that would severely prejudice Plaintiff if gone unnoticed.  Plaintiff knows enough that F.R.Civ.P. 7, 8, 11 and 12 all <u>precede Rule 33</u>.  As for counsel's attempt to bury Plaintiff with unnecessary, unwarranted, and overly burdensome discovery paperwork to "rack up more billable hours," she must FIRST <u>exit</u> the pleading phase of F.R.Civ.P. 8.

Notwithstanding the powers of Reggie Jackson and his .450 batting average in the 1977 New York Yankees World Series win over the L.A. Dodgers,[8] Plaintiff humbly requests the Honorable Andrew J. Guilford to "swing away at the curve ball" and knock the sham filing by EXPERIAN <u>out of the docket</u>.

Respectfully submitted by Pritish Vora, ProSe, on ___April 8, 2019___

___[signature]___

---

[7] <u>Williams</u>' case is pending appeal in the 11th Circuit.  EQUIFAX filed a defective CIP, and the justices issued a COURT ORDER to correct it.  (Case No. 18-14143-DD).  See 8596336-2/8596318-2WHP11/7/2018.

[8] https://www.baseball-reference.com/postseason/1977_WS.shtml

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

# CERTIFICATE OF SERVICE

I, Pritish Vora, filed with the clerk of the court, the above MEMORANDUM on April 8, 2019, and hand-delivered a copy to counsel on record.

JONES DAY
Sheereen Javadizadeh (Bar No. 288141)
sjavadizadeh@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: 949-553-7559
Attorneys for Defendant EXPERIAN

Nokes & Quinn
Thomas Patrick Quinn Jr. (Bar No. 132268)
tquinn@nokesquinn.com
410 Broadway St. Suite 200
Laguna Beach, CA 92651
Tel: 949-376-3500
Attorneys for EQUIFAX

Musick, Peeler & Garrett LLP
Donald E. Bradley (Bar No. 145037)
d.bradley@musickpeeler.com
Kristen L. Marker (Bar No. 278596)
kmarker@qslwm.com
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
Tel: 714-668-2400
Tel: 214-560-5442
Attorneys for Defendant TRANSUNION

By Pritish Vora, Plaintiff, Pro Se
27758 Santa Marg. Pkwy #530, Mission Viejo, CA 92691
(949) 292-8359          pvora2112@gmail.com

26