1  Sheereen Javadizadeh (SBN 288141)
   JONES DAY
2  3161 Michelson Drive, Suite 800
   Irvine, CA 92612.4408
3  Telephone: +1.949.851.3939
   Facsimile: +1.949.553.7539
4  Email:   sjavadizadeh@jonesday.com

5  Attorneys for Defendant
   EXPERIAN INFORMATION SOLUTIONS,
6  INC.

7

8                 UNITED STATES DISTRICT COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10                       SOUTHERN DIVISION

11

12  PRITISH VORA,                        Case No. 8:19-cv-00302-AG-KES

13           Plaintiff,                   Hon. Andrew J. Guilford

14       v.                               **DEFENDANT EXPERIAN
                                          INFORMATION SOLUTIONS,
15  EQUIFAX INFORMATION                   INC.'S OPPOSITION TO
    SERVICES, LLC; EXPERIAN               PLAINTIFF'S MOTION TO
16  INFORMATION SOLUTIONS, INC.;          STRIKE CERTIFICATION AND
    TRANS UNION, LLC.,                    NOTICE OF INTERESTED
17                                        PARTIES AND ANSWER**

18           Defendants.                  Complaint filed:  February 14, 2019

19

20

21

22

23

24

25

26

27

28

NAI-1507055955v2

1

# TABLE OF CONTENTS

2

**Page**

3    I.    INTRODUCTION ................................................................. 1

4    II.   BACKGROUND .................................................................. 2

     III.  LEGAL STANDARD ........................................................... 3

5    IV.   ARGUMENT ...................................................................... 5

6          A.    Experian's Answer Should Not Be Stricken ........................... 5

7                1.    Experian's Answer Properly Responds to the Allegations
                       in the Complaint. .................................................... 5

8                2.    Experian's Affirmative Defenses Should Not Be Stricken. ....... 7

9                      (a)    The Twombly/Iqbal Heightened Pleading Standard
                              Does Not Apply to Affirmative Defenses. ..................... 7

10                     (b)    Experian's Affirmative Defenses are Sufficiently
                              Pled. ......................................................... 10

11               3.    Plaintiff Has Failed to Demonstrate Prejudice. ................ 11

12         B.    Experian's Notice of Interested Parties Should Not Be Stricken. ...... 12

     V.    CONCLUSION .................................................................. 13

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## <u>TABLE OF AUTHORITIES</u>

2

3
**Page**

4
CASES

5
*Baroness Small Ests., Inc. v. BJ's Rests., Inc.*,

6
  No. SACV 11–00468–JST (Ex), 2011 WL 3438873 (C.D. Cal.

7
  Aug. 5, 2011) ................................................................................................... 9

8
*Figueroa v. Marshalls of CA, LLC,*

9
  No. CV11–06813–RGK, 2012 WL 1424400 (C.D. Cal. Apr. 23,

10
  2012) ................................................................................................................ 8

11
*Garber v. Mohammadi,*

12
  No. CV 10–7144–DDP (RNB), 2011 WL 2076341 (C.D. Cal.

13
  Jan.19, 2011) ................................................................................................... 8

14
*Gay-Straight All. Network v. Visalia Unified Sch. Dist.*,

15
  262 F. Supp. 2d 1088 (E.D. Cal. 2001) ....................................................... 12

16
*Kern Oil Refining Co. v. Tenneco Oil Co.*,

17
  840 F.2d 730 (9th Cir. 1988) ....................................................................... 10

18
*Kohler v. Flava Enters., Inc.*,

19
  779 F.3d 1016 (9th Cir. 2015) ........................................................................ 8

20
*Kohler v. Islands Rest., LP*,

21
  280 F.R.D. 560 ......................................................................................... 5, 10

22
*Loi Nguyen v. Durham Sch. Servs., L.P.*,

23
  358 F. Supp. 3d 1056 (C.D. Cal. 2019) .................................................... 8, 10

24
*Nordman v. Johnson City*,

25
  1 F.R.D. 51 (E.D. Ill. 1939) ........................................................................... 6

26
*Okada v. Whitehead*,

27
  No. SACV 15-CV-1449-JLS, 2016 WL 9448483 (C.D. Cal. June 8,

28
  2016) ................................................................................................................ 9

*Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*,
  No. SACV 13-749-JST, 2013 WL 3776337 (C.D. Cal. Jul. 17,
  2013) ..................................................................................................... 4, 8, 11

*Petrie v. Elec. Game Card, Inc.*,
  761 F.3d 959 (9th Cir. 2014) ................................................................. 4

*Rezek v. Tustin*,
  No. SACV 11-01601 ............................................................................. 4

*Schlottman v. Unit Drilling Co.*,
  No. CIV-08-1275-C, 2009 U.S. Dist. LEXIS 54897 (W.D. Okla.
  June 18, 2009) ..................................................................................... 11

*Simmons v. Navajo Cnty.*,
  609 F.3d 1011 (9th Cir. 2010) ............................................................... 7

*Smith v. Wal-Mart Stores*,
  No. C 06-2069 ....................................................................................... 7

*Societe Norgan v. Schering Corp.*,
  6 F.R.D. 367 (D.N.H. 1946) .................................................................. 6

*Tyco Fire Prods. LP v. Victaulic Co.*,
  777 F. Supp. 2d 893 (E.D. Pa. 2011) ................................................... 11

*U.S. ex rel. Ruhe v. Masimo Corp.*,
  929 F. Supp. 2d 1033 (C.D. Cal. 2012) ................................................. 4

*Varrasso v. Barksdale*,
  No. 13-cv-1982-BAS-JLB, 2016 WL 1375594 (S.D. Cal. Apr. 5,
  2016) ...................................................................................................... 9

*Vistan Corp. v. Fadei USA, Inc.*,
  No. C–10–4862 JCS, 2011 WL 1544796 (N.D. Cal. Apr. 25, 2011) .................. 9

*Vogel v. AutoZone Parts, Inc.*,
  No. CV 13-0300 CAS, 2013 WL 2395905 ............................................ 9

*Vogel v. Linden Optometry APC*,
   No. CV 13-00295 GAF, 2013 WL 1831686 (C.D. Cal. Apr. 30,
   2013) .................................................................................................. 9

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) .............................................................. 4

*Wyshak v. City Nat'l Bank*,
   607 F.2d 824 ........................................................................ 4, 7, 8, 10

**STATUTES**

Central District of California Local Rule 7-3 ..................................... 2, 3, 12

Central District of California Local Rule 7-4 ........................................ 3, 12

Central District of California Local Rule 7.1-1 ................................... 12, 13

Fair Credit Reporting Act .......................................................................... 1, 6

Fed.R.Civ.P. 7(a) ....................................................................................... 12

Fed. R. Civ. P. 8 ......................................................................................... 6, 7

Fed. R. Civ. P. 8(a) ........................................................................................ 8

Fed. R. Civ. P. 8(a)(2) ................................................................................ 8, 9

Fed.R.Civ.P. 8(b)(1) ....................................................................................... 5

Fed. R. Civ. P. 8(b)(5) .................................................................................... 5

Fed. R. Civ. P. 8(c) ................................................................................ 8, 9, 11

Fed.R.Civ.P. 8(c)(1) ........................................................................................ 7

Fed. R. Civ. P. 12(f) ........................................................................... 3, 4, 7, 12

Fed. R. Civ. P. 12(h) ...................................................................................... 10

**OTHER AUTHORITIES**

5 Charles Alan Wright & Arthur R. Miller, Federal Practice and
   Procedure, § 1380 (3d ed.) .................................................................... 4

5 Fed. Prac. & Proc. Civ. § 1262 (3d ed.) ................................................ 5

N. Pysno, *Should Twombly and Iqbal Apply to Affirmative Defenses?*,
   64 Vand. L. Rev. 1633, 1646 (2011) .................................................... 10

Defendant Experian Information Solutions, Inc. ("Experian") hereby responds to Plaintiff Pritish Vora's ("Plaintiff") Motion to Strike Certification and Notice of Interested Parties and Answer of Experian (the "Motion") as follows:

## I.   INTRODUCTION

Plaintiff claims, at this early stage of litigation, that Experian's Certificate of Interested Parties and Answer are deficient and insufficiently pled.  However, Plaintiff improperly holds Experian's Answer to a heightened pleading standard. Both Experian's Answer and Certification and Notice of Interested Parties comply with the requirements outlined in the Federal Rules of Civil Procedure and the Central District of California's Local Rules.

This case involves claims made under the Fair Credit Reporting Act ("FCRA").  Plaintiff alleges that Experian has violated the FCRA by failing to ensure maximum possible accuracy of Plaintiff's credit report, by verifying the alleged inaccurate information therein, and for providing Plaintiff's credit report to a third party without a permissible purpose.  At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file. Experian further conducted a reasonable reinvestigation into any information disputed by Plaintiff and did not publish Plaintiff's credit information without a permissible purpose.

Plaintiff's Motion falls far short of meeting the heavy burden imposed for a successful motion to strike.  Experian's Answer properly responds to the allegations in the Complaint and Experian's affirmative defenses are sufficiently pled to give Plaintiff fair notice.  Experian's Certification and Notice of Interested Parties properly identifies entities that may have a pecuniary interest in the outcome of the case to enable the Court to evaluate possible disqualification or recusal.  As such, Experian respectfully requests that the Court deny Plaintiff's Motion.

## II.   BACKGROUND

Plaintiff filed the Complaint in this matter on February 14, 2019 ("Complaint") (Dkt. No. 1).  Experian filed its Certification and Notice of Interested Parties ("Notice of Interested Parties") on March 15, 2019 (Dkt. No. 12) and its Answer ("Answer") on March 19, 2019 (Dkt. No. 16).

On March 21, 2019, counsel for Experian received email correspondence from Plaintiff, indicating his intention to file a motion to strike and seeking to discuss the motion pursuant to Local Rule 7-3.  (Decl. of Sheereen Javadizadeh, ¶ 3.)  On March 22, 2019, counsel for Experian spoke with Plaintiff by phone and requested information about the specifics of Plaintiff's concerns, so that the parties could work toward a resolution.  *Id.* at ¶ 4.  Counsel for Experian sent an email to this effect after the call, and the parties arranged to meet and confer further on March 27, 2019.  *Id.* at ¶ 4.  In response, Plaintiff sent Experian's counsel an email on March 22, 2019, stating in part "[o]n Wednesday, March 27th, at 4pm, I will only ask whether or not you are OPPOSED or UNOPPOSED, then I will file the MOTION TO STRIKE."  *Id.* at ¶ 4.  Counsel for Experian responded, expressing Experian's continued willingness to discuss the substance of Plaintiff's contemplated motion and potential for resolution without engaging in motion practice.  *Id.* at ¶ 4.  Plaintiff responded again that same day, stating that "the 'substance' of the 'contemplated motion' will be provided to you when you are noticed on the motion," suggesting that Plaintiff was unwilling to meet and confer regarding the substance of his motion before filing.  *Id.* at ¶ 4.

On March 25, 2019, Plaintiff emailed counsel for Experian a list of "concerns regarding the factual accuracy of the answer" that identified over eighty paragraphs in the Complaint.  *Id.* at ¶ 5.  The list did not discuss thoroughly the substance of Plaintiff's concerns with Experian's responses to those paragraphs, or specifically identify Plaintiff's objections to Experian's responses.  *Id.* at ¶ 5.  Notably, Plaintiff

did not identify any concerns with Experian's affirmative defenses or Notice of Interested Parties. *Id.* at ¶ 5.

On March 27, 2019, the parties met and conferred by telephone and email. *Id.* at ¶ 6. Experian's counsel informed Plaintiff that Experian would "likely file an amended Answer next week." *Id.* at ¶ 6. Experian also remained willing to meet and confer to discuss the substance of Plaintiff's contemplated motion and requested that the "parties continue to meet and confer and work together to reach a resolution without engaging in motion practice." *Id.* at ¶ 6. Plaintiff responded, stating "[a]s you have indicated that you anticipate the filing of an amended answer 'likely next week,' I will wait for such answer to be filed on the docket." *Id.* at ¶ 6. Experian's counsel worked on reviewing Plaintiff's extensive list identifying paragraphs of concern and worked on drafting an Amended Answer in advance of Experian's deadline to file an Amended Answer, April 9, 2019. *Id.* at ¶ 7. However, before Experian filed an Amended Answer and without further meet and confer discussion, on April 8, 2019 Plaintiff filed this Motion (Dkt. No. 23), with a hearing scheduled on May 6, 2019. *Id.* at ¶ 8.

Plaintiff did not meet and confer with Experian regarding a contemplated motion to strike Experian's affirmative defenses or motion to strike Experian's Notice of Interested Parties, as required by Local Rule 7-3. *Id.* at ¶ 9. Pursuant to Local Rule 7-4 "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8." (Local Rule 7-4.) Plaintiff's Motion does not met the requirements of Local Rule 7-3 and, as such, Experian requests that the Court decline to consider Plaintiff's motion as permitted by Local Rule 7-4.

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(f) empowers the court to strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from

1  litigating spurious issues by dispensing with those issues prior to trial...."
2  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting
3  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other*
4  *grounds*, 510 U.S. 517 (1994)).

5        Motions to strike are generally "disfavored," *Petrie v. Elec. Game Card, Inc.*,
6  761 F.3d 959, 965 (9th Cir. 2014), and "should not be granted unless it is clear that
7  the matter to be stricken could have no possible bearing on the subject matter of the
8  litigation." *U.S. ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038 (C.D.
9  Cal. 2012). Motions under Rule 12(f) are also viewed with disfavor because
10 striking a portion of a pleading is often sought by the movant as a dilatory tactic. 5
11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1380
12 (3d ed.).

13       "In considering a motion to strike, the Court views the pleadings in the light
14 most favorable to the non-moving party, and resolves any doubt as to the relevance
15 of the challenged allegations in favor of plaintiff." *Pac. Dental Servs., LLC v.*
16 *Homeland Ins. Co. of New York*, No. SACV 13-749-JST (JPRx), 2013 WL
17 3776337, *2 (C.D. Cal. Jul. 17, 2013) (quoting *Quintana v. Baca*, 233 F.R.D. 562,
18 564 (C.D. Cal. 2005)). "Generally, a motion to strike will not be granted absent a
19 'showing of prejudice to the moving party.'" *Id*. at *2 (quoting *Smith v. Wal-Mart*
20 *Stores*, No. C 06-2069 SBA, 2006 WL 2711468, *10 (N.D. Cal. Sep. 20, 2006)). A
21 "[m]atter will not be stricken unless it is clear that it can have no possible bearing
22 upon the subject matter of the litigation; if there is any doubt as to whether under
23 any contingency the matter may raise an issue, the motion may be denied." *Rezek*
24 *v. Tustin*, No. SACV 11-01601 DOC (RNBx), 2012 U.S. Dist. LEXIS 164257, at
25 *28 (C.D. Cal. Nov. 15, 2012) (internal quotation marks omitted).

26       Further, "[i]n the absence of prejudice to the opposing party, leave to amend
27 should be freely given." *Wyshak v. City Nat'l Bank,*, 607 F.2d 824, 826; *see also*

28

*Kohler v. Islands Rest., LP,* 280 F.R.D. 560, 564 ("Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.").

## IV.    ARGUMENT

### A.    EXPERIAN'S ANSWER SHOULD NOT BE STRICKEN.

Experian's Answer and affirmative defenses comply with the Federal Rules of Civil Procedure at the initial pleadings stage.  During this early phase of the litigation, Experian's Answer appropriately responds to the allegations in the Complaint by admitting, denying, or stating that Experian does not have knowledge or information sufficient to form a belief about the truth of the allegation. Moreover, the heightened pleading standard outlined in *Twombly/Iqbal* does not apply to affirmative defenses, which Experian properly set out in short and plain statements sufficient to give Plaintiff fair notice.  Finally, Plaintiff has not demonstrated that he would be prejudiced by Experian's Answer.  As such, Experian's Answer should not be stricken.

### 1.    Experian's Answer Properly Responds to the Allegations in the Complaint.

The Federal Rules of Civil Procedure requires a defendant's Answer to "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed.R.Civ.P. 8(b)(1).  Under Fed. R. Civ. P. 8(b)(5), a defendant may deny allegations which it "lacks knowledge or information sufficient to form a belief about the truth of an allegation[.]"  Fed. R. Civ. P. 8(b)(5).  Indeed, "if knowledge of a fact cannot be ascertained within the time the party is given to answer with a modest expenditure of effort, a denial of knowledge or information is appropriate; the pleader is not compelled to make an exhaustive or burdensome search in order to determine the truth or falsity of his opponent's allegations." 5 Fed. Prac. & Proc. Civ. § 1262 (3d ed.) Denials Based on Lack of Knowledge or Information.  *See,*

*e.g., Nordman v. Johnson City,* 1 F.R.D. 51, 51 (E.D. Ill. 1939); *Societe Norgan v. Schering Corp.*, 6 F.R.D. 367, 368 (D.N.H. 1946).

Plaintiff's Motion claims, at this early stage of litigation, that Experian's Answer is a "shotgun" response and a "sham," "filled with impertinent matter," and should be stricken in its entirety.  (Mot. at 14:21-27.)  Plaintiff's Complaint is 433 paragraphs long and his Motion requests that the Court strike Experian's entire Answer, although Plaintiff's Motion specifically identifies objections to less than a dozen of Experian's responses.  Experian's Answer complies with the Federal Rules, Experian admits certain allegations, denies certain allegations, and states it does not have knowledge or information sufficient to form a belief about the truth of certain allegations.  *See generally* Dkt. No. 16; Fed. R. Civ. P. 8.

In order for Experian to determine the validity of Plaintiff's claims, or to prepare a substantive opposition to the facts alleged in Plaintiff's Motion, Experian requires discovery.  Defending against and responding to Plaintiff's FCRA allegations necessitates a fact-intensive determination as to, among other things, what communications Plaintiff directed to Experian regarding his credit disclosure, what measures Experian took to reinvestigate Plaintiff's disputes, what information has been furnished to Experian regarding Plaintiff's accounts, whether the information Experian reported in Plaintiff's credit report was accurate, whether Experian furnished Plaintiff's credit report to third parties, and how Plaintiff was damaged by Experian's acts or omissions.

Plaintiff is personally familiar with the history of his disputes to Experian and the details surrounding his numerous claims.  In contrast, when presented with a Complaint, Experian must work to gather relevant documents pertaining to the Plaintiff's Experian consumer file.  The collection and analysis of these documents by Experian can take time.  Experian is diligently working to gather information relevant to Plaintiff's claims, including serving Plaintiff with discovery requests on March 25, 2019.  Experian's lack of knowledge regarding the voluminous

EXPERIAN'S OPPOSITION TO
MOTION TO STRIKE
Case No. 8:19-cv-00302-AG-KES

1    allegations in the Complaint is not a "sham" as Plaintiff suggests, but rather a

2    practical function of the time it takes to assess detailed and extensive allegations,

3    such as those alleged in Plaintiff's Complaint.  Experian's Answer and affirmative

4    defenses are based on the limited information available to it without the benefit of

5    any discovery responses and have been sufficiently articulated to give Plaintiff fair

6    notice of its position.  At the initial pleading stage, Experian is not required to do

7    more and Plaintiff's Motion should be denied.

8            **2.        Experian's Affirmative Defenses Should Not Be Stricken.**

9                (a)      **The *Twombly/Iqbal* Heightened Pleading Standard**

10                        **Does Not Apply to Affirmative Defenses.**

11           While Plaintiff is attempting to hold Experian to a heightened pleading

12   standard, Rule 8 makes clear that a defendant is not required to provide detailed

13   facts supporting each defense, but must simply alert the plaintiff of the existence of

14   the issue.  Courts have historically and routinely applied a simple fair notice

15   pleading requirement to affirmative defenses.  *See, e.g., Wyshak,* 607 F.2d at 827

16   ("[t]he key to determining the sufficiency of pleading an affirmative defense is

17   whether it gives plaintiff fair notice of the defense"); *White v. Hansen*, No. C 05-

18   784 SBA, 2005 WL 1806367, at *14 (N.D. Cal. 2005). ("Rule 12(f) motions to

19   strike are 'generally not granted unless it is clear that the matter sought to be

20   stricken could have no possible bearing on the subject matter of the litigation.'")

21   (quoting *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1179 (N.D.

22   Cal. 2001).

23           Rule 8 requires a party to "state in short and plain terms its defenses to each

24   claim asserted against it," and "affirmatively state" any affirmative defense.

25   Fed.R.Civ.P. 8(b), (c)(1). An affirmative defense is sufficiently pled under this

26   standard if "it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty*.,

27   609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d

28   824, 827 (9th Cir. 1979) (per curiam)), *overruled in part on other grounds by*

1   *Castro v. Cty. Of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016.)  Plaintiff contends

2   that the Court is required to apply the "heightened pleading standard" articulated by

3   the Supreme Court in *Twombly* and *Iqbal* to Experian's affirmative defenses.  (Mot.

4   at 12:6-13.)  The Ninth Circuit, however, has not required a heightened pleading

5   standard for affirmative defenses and this Court has also declined to apply one,

6   "conclud[ing] as settled precedent suggests, that affirmative defenses may be stated

7   in 'general terms' and need only provide the plaintiff with 'fair notice' of their

8   nature." *Loi Nguyen v. Durham Sch. Servs., L.P.,* 358 F. Supp. 3d 1056, 1057 (C.D.

9   Cal. 2019).  *See, e.g., Kohler v. Flava Enters., Inc*., 779 F.3d 1016, 1019 (9th Cir.

10  2015) (holding that the "'fair notice' required by the pleading standards only

11  requires describing defense[s] in 'general terms'") (citing 5 Charles Alan Wright &

12  Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)).

13          Moreover, "[t]here are textual differences between Rule 8(a), pertaining to

14  the pleading of claims for relief, and Rule 8(c), pertaining to the pleading of

15  affirmative defenses, that justify different treatment."  *Pac. Dental Servs.*, 2012 WL

16  3776337, at *2.  While Rule 8(a)(2) requires a claim for relief to contain "a short

17  and plain statement of the claim *showing* that the pleader is entitled to relief, while

18  Rule 8(c) requires that a party must affirmatively *state* any avoidance or affirmative

19  defenses." *Id.* at *2 (internal quotation marks omitted); *see also Figueroa v.

20  Marshalls of CA, LLC*, No. CV11–06813–RGK (SPx), 2012 WL 1424400, at *1

21  (C.D. Cal. Apr. 23, 2012) (concluding that the plausibility requirement of

22  *Twombly/Iqbal* should not apply to affirmative defenses because Rule 8(c) lacks the

23  "showing" requirement of Rule 8(a)); *Garber v. Mohammadi*, No. CV 10–7144–

24  DDP (RNB), 2011 WL 2076341, at *4 (C.D. Cal. Jan.19, 2011).  Accordingly,

25  *Twombly/Iqbal* do not apply to affirmative defenses, and an affirmative defense is

26  sufficiently pled if it gives plaintiff fair notice of the defense.  *See Wyshak*, 607

27  F.2d at 827.

28

Experian has notified Plaintiff of its affirmative defenses, each of which, "are standard affirmative defenses, appropriate at the outset of the case ...." *Vistan Corp. v. Fadei USA, Inc*., No. C–10–4862 JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr. 25, 2011); *Baroness Small Ests., Inc. v. BJ's Rests., Inc*., No. SACV 11–00468–JST (Ex), 2011 WL 3438873, at *6 (C.D. Cal. Aug. 5, 2011); *Okada v. Whitehead*, No. SACV 15-CV-1449-JLS (KESx), 2016 WL 9448483, at *7 (C.D. Cal. June 8, 2016).

Under the fair notice standard, even defenses that are pled in a conclusory manner may provide fair notice so long as they "are potentially viable affirmative defenses, the nature of the defenses is well known, and Plaintiff can seek discovery regarding the purported factual basis for these defenses." *Vogel v. Linden Optometry APC*, No. CV 13-00295 GAF (SHx), 2013 WL 1831686, at *5 (C.D. Cal. Apr. 30, 2013).  Courts that have applied the fair notice standard have done so based on the Ninth Circuit's continued references to and use of this standard, even after the Supreme Court's decisions in *Twombly* and *Iqbal*.  *See, e.g.*, *Vogel v. AutoZone Parts, Inc*., No. CV 13-0300 CAS (AJWx), 2013 WL 2395905, at *1 n.1 (citing *Simmons v. Navajo*, 609 F.3d 1011, 1023 (9th Cir. 2010)). These courts have also relied on the difference between the language of Rule 8(a)(2), which governs complaints and "requires that the party stating a *claim* for relief provide a short and plain statement of the claim *showing* that the pleader is entitled to relief," and Rule 8(c), which governs defenses and "only requires the responding party to affirmatively state its defenses." *Varrasso v. Barksdale*, No. 13-cv-1982-BAS-JLB, 2016 WL 1375594, at *2 (S.D. Cal. Apr. 5, 2016) (emphasis in original) (internal quotation marks omitted). Applying the same standard to the pleading of claims and the pleading of affirmative defenses despite the difference in the language of the rules would contradict the Supreme Court's warning that legislative action, and not judicial interpretation, is required to heighten federal pleading standards.  *See Kohler v. Island Rests., LP*, 280 F.R.D. 560, 566 (S.D. Cal. 2012).

1

**(b)    Experian's Affirmative Defenses are Sufficiently Pled.**

2        Plaintiff attacks Experian's affirmative defenses as "conclusory" and without

3 factual support.  (Mot. at 15:3-6.)  Plaintiff attempts to impose a heightened

4 pleading standard upon Experian's affirmative defenses, which does not apply here.

5 As discussed above, answers and affirmative defenses need not be pleaded with

6 particularity, and are only required to put the other party on notice of the

7 affirmative defenses.  *Wyshak,* 607 F.2d at 827 .  Unlike Plaintiff, who "can decide

8 when to file a complaint within the relevant statute of limitation, giving plaintiffs

9 ample opportunity to develop factual support for their claims and draft their

10 complaints accordingly," Experian, in contrast, "only [has] twenty-one days after

11 being served with a summons and complaint to draft their response…[a]nd, within

12 this twenty-one-day window…also find a lawyer and investigate the facts of the

13 case." *Loi Nguyen,* 358 F. Supp. 3d at 1061-1062; *see* N. Pysno, *Should Twombly*

14 *and Iqbal Apply to Affirmative Defenses?*, 64 Vand. L. Rev. 1633, 1646 (2011).

15 Moreover, Experian "risk[s] permanently waiving any affirmative defenses not

16 raised in their initial response." *Nguyen, supra,* at 1062; *see* Fed. R. Civ. P. 12(h);

17 *see also Kern Oil Refining Co. v. Tenneco Oil Co.,* 840 F.2d 730, 735 (9th Cir.

18 1988).

19        Here, Experian's affirmative defenses are based on the limited information

20 available to it and have been sufficiently articulated to give Plaintiff fair notice of

21 the defenses relevant to his claims.  Experian is working diligently to gather

22 relevant documents pertaining to Plaintiff's extensive allegations, but the collection

23 and analysis of relevant information takes time.  At the initial pleading stage,

24 without any discovery, Experian is only required to set forth its affirmative defenses

25 in short and plain statements, which it has done.  Deciding whether the affirmative

26 defenses are applicable at this early stage of initial pleadings is premature.

27

28

### 3.   <u>Plaintiff Has Failed to Demonstrate Prejudice.</u>

As the moving party, Plaintiff bears the burden of establishing that he would be prejudiced by Experian's Answer. *Pac, Dental Servs.,*  2013 WL 3776337, at *2,  quoting *Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, *10 (N.D. Cal. Sep. 20, 2006)).  Plaintiff has failed to make this showing.

Experian must raise its affirmative defenses in its Answer or risk violating Rule 8(c).  *See* Fed. R. Civ. P. 8(c) ("In responding to a pleading, a party must affirmatively state any . . . affirmative defense . . . .").  Moreover, a party served with an affirmative defense does not have to file any responsive pleading at all. *Tyco Fire Prods. LP v. Victaulic Co*., 777 F. Supp. 2d 893, 901 (E.D. Pa. 2011). The purpose of requiring defendants to assert affirmative defenses is to merely put the plaintiffs on notice of any such defenses that could be raised against him/her. *See Schlottman v. Unit Drilling Co*., No. CIV-08-1275-C, 2009 U.S. Dist.  LEXIS 54897, at *2-6 (W.D. Okla. June 18, 2009) (denying plaintiff's motion to strike affirmative defenses and expressing that "an answer, with or without affirmative defenses, will contain fewer factual assertions than a complaint and still be sufficient."); *see also Tyco Fire Prods*., 77 F. Supp. 2d at 901 ("Providing knowledge that the issue exists, not precisely how the issue is implicated under the facts of a given case, is the purpose of requiring averments of affirmative defenses." (citing *New Hampshire Ins. Co. v. Marinemax of Ohio, Inc*., 408 F. Supp. 2d 526, 529 (N.D. Ohio 2006))).

Here, Plaintiff cannot show that he would be prejudiced by Experian's Answer.  Experian has admitted or denied each of the claims asserted against it in the Complaint, and Experian provided Plaintiff short and plain statements of each of its affirmative defenses, thereby giving Plaintiff "fair notice" of Experian's position and of the nature of the affirmative defenses that Experian intends to raise against him.  Since the parties have yet to complete discovery, Plaintiff has more than enough time and opportunity to investigate the facts at issue in this lawsuit and

1    test the sufficiency of Experian's responses and defenses. The parties also will have

2    opportunities during and after discovery to reevaluate the merits of their claims and

3    defenses and dispose of any inapplicable claims and defenses, by stipulation or

4    motion.  Experian's Answer is sufficient and Plaintiff's request that the Court strike

5    Experian's Answer in its entirety is improper at this stage of the litigation.

6    **B.    EXPERIAN'S NOTICE OF INTERESTED PARTIES SHOULD**

7    **NOT BE STRICKEN.**

8    Experian's Notice of Interested Parties appropriately notified the Court of all

9    entities "which may have a pecuniary interest in the outcome" of this litigation to

10   "enable the Court to evaluate possible disqualification or recusal" as required under

11   the Central District of California's Local Rules.  (Local Rule 7.1-1.)

12   Plaintiff claims that Experian is a wholly-owned subsidiary of Experian

13   Holdings, Inc. ("EHI") and the absence of EHI from Experian's Notice of

14   Interested Parties requires the Court to strike the notice.  (Mot. at 5:7-12, 11:6-11.)[1]

15   However, a Motion to Strike is not an appropriate mechanism to challenge a

16   Certification and Notice of Interested Parties.  Rule 12(f) states that the "court may

17   strike from *a pleading* an insufficient defense or any redundant, immaterial,

18   impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f)(emphasis added).  "A

19   motion to strike is limited to pleadings." *Gay-Straight All. Network v. Visalia*

20   *Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001).  The Certification

21   and Notice of Interested Parties is not a pleading.  *See* Fed.R.Civ.P. 7(a).

22   Here, Plaintiff has not established that Experian's Notice of Interested Parties

23   contains "redundant, immaterial, impertinent, or scandalous matter."  Experian

24   acknowledges that EHI is a holding company, but it is not a publicly traded entity

25   that would trigger possible disqualification or recusal by this Court, the purpose

---

26   [1] As a preliminary matter, Plaintiff did not meet and confer with Experian's
27   counsel regarding a contemplated motion to strike Experian's Notice of Interested
     Parties.  Decl. of Sheereen Javadizadeh, at ¶ 9.  Plaintiff's Motion thus fails to meet
     the requirements of Local Rule 7-3 and, as discussed above, Experian requests that
28   the Court decline to consider Plaintiff's motion pursuant to Local Rule 7-4.

outlined in Local Rule 7.1-1.  As such, Experian's Notice of Interested Parties should not be stricken.[2]

## V.   CONCLUSION

Plaintiff's Motion should be denies because Experian's Answer and Notice of Interested Parties comply with the requirements outlined in the Federal Rules of Civil Procedure and the Local Rules.  If Plaintiff were allowed to prevail on this Motion, it would unnecessarily delay the progression of this case, waste precious judicial resources, and encourage continued frivolous motion practice.  For the reasons stated above, Experian respectfully requests that this Court deny Plaintiff's Motion and provide such other relief as this Court deems necessary. Experian further asks that to the extent this Court grants Plaintiff's Motion, it does so without prejudice and with leave for Experian to amend its Notice of Interested Parties and Answer.

Dated:  April 15, 2019                    JONES DAY

By: *s/ Sheereen Javadizadeh*

Sheereen Javadizadeh
JONES DAY
3161 Michelson Drive
Suite 800
Irvine, CA  92612.4408
Telephone: 949-851-3939
Fax: 949-553-7539
Email: sjavadizadeh@jonesday.com

Attorneys for Defendant
EXPERIAN INFORMATION
SOLUTIONS, INC.

---

[2] While Experian does not believe that Plaintiff's Motion is appropriate, Experian is willing to file an amended Notice of Interested Parties to identify EHI as a holding company.

# CERTIFICATE OF SERVICE

I, Sheereen Javadizadeh, declare:

I am a resident of the United States and employed in Orange County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612.4408.  On April 15, 2019, I served a copy of the **DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTIFICATION AND NOTICE OF INTERESTED PARTIES AND ANSWER** by electronic transmission.

I am familiar with the United States District Court for the Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

Pritish Vora
27758 Santa Margarita Parkway
No. 530
Mission Viejo, CA 92691
949-292-8359
Email: pvora2112@gmail.com

*Pro Se*

Donald E Bradley
Musick Peeler and Garrett LLP
650 Town Center Drive Suite 1200
Costa Mesa, CA 92626-1925
714-668-2400
Fax: 714-668-2490
Email: d.bradley@musickpeeler.com

*Attorneys for Trans Union, LLC*

Thomas P Quinn , Jr
Nokes and Quinn APC
410 Broadway Suite 200
Laguna Beach, CA 92651
949-376-3500
Fax: 949-376-3070
Email: tquinn@nokesquinn.com

*Attorneys for Equifax Information Services, LLC*

1    Executed on April 15, 2019, at Irvine, California.

2

3                                    */s/ Sheereen Javadizadeh*
4                                    Sheereen Javadizadeh

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXPERIAN'S OPPOSITION TO
MOTION TO STRIKE
Case No. 8:19-cv-00302-AG-KES