FILED

2019 APR 19 PM 3: 21

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY: _____

Pritish Vora
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA 92691
949-292-8359
Plaintiff in Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Pritish Vora,

    Plaintiff,

vs.

EQUIFAX INFORMATION SERVICES, LLC et al.,

    Defendants.

Case No.: 8:19-cv-00302-AG-KES

**PLAINTIFF'S REPLY TO DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC. OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CERTIFICATION AND NOTICE OF INTERESTED PARTIES AND ANSWER OF EXPERIAN INFORMATION SOLUTIONS, INC.**

Hearing Date: May 6, 2019
Time: 10am
Hon. Andrew J. Guilford
Courtroom: 10D

COMES NOW Plaintiff, Pritish Vora, ("Plaintiff"), by way of Pro Se, files with the Honorable Court his REPLY to EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN") OPPOSITION (Doc 28), and states as follows:

## I. BACKGROUND

Plaintiff filed his NOTICE, MEMORANDUM and DECLARATION in a timely fashion, and in compliance with all Federal and Local Rules (See Docs 22, 23 and 25, respectively). EXPERIAN filed its opposition, which can only be described as follows: a mish-mash of circumlocution, nothing more than an extension of its "shotgun" pleading, and a continuation of the sham.

## II. LEGAL STANDARD

Black's Law defines the word "pecuniary" as follows: 1. Involving money, monetary or financial. 2. A thing able to be evaluated in terms of money.[1]

Black's Law defines the word "shall" as follows: "this word is generally imperative or mandatory."[2] In a legal sense, the word "shall" refers to "must; is or are obliged to."

Oxford Dictionary defines the word "any" as "Used to refer to one or some of a thing or a number of things, **no matter how much or how many**.[3] (Emphasis added).

Dictionary.com defines the word "and" as follows: "used to connect grammatically coordinate words, phrases, **or clauses**) along together with, as well as, **in addition to**; besides; **also**; moreover; added to; plus.[4] (Emphasis added).

Plaintiff clearly referenced the exact language pursuant to F.R.Civ.P. 7.1 and L.R. 7.1-1 in his MEMORANDUM (See page 2, Doc 23), which identifies the words **"any," "and," "shall,"** and **"pecuniary."** (Emphasis added).

---

[1] https://thelawdictionary.org/pecuniary/

[2] https://thelawdictionary.org/shall/

[3] https://en.oxforddictionaries.com/definition/any

[4] https://www.dictionary.com/browse/and

Black's Law defines the word "redundant" as follows, "This term refers to that which goes beyond what is natural or ordinarily necessary."[5] The word "redundant" is also an adjective described as "excessive, inordinate, needless, and tautologic, as in **"uncalled-for"** or <u>useless</u>, undue."[6] (Emphasis added).

The word "immaterial" means that it does not tend to prove or disprove the truth or existence of a fact which bears a direct relationship to a matter in controversy."[7]

The word "impertinent" means "Evidence of facts which do not belong to the matter in question, is impertinent and inadmissible. In general, what is immaterial is impertinent, and what is material is, in general, not impertinent.[8]

According to the 9th Circuit, "Our interpretation of the Federal Rules of Civil Procedure begins with the relevant rule's "plain meaning."" (See <u>Kootenai Tribe of Idaho v. Veneman</u>, 313, F.3d 1094, 1111 (9th Cir. 2002).

Also, according to the 9th Circuit, the term "immaterial" is "that which has no essential or important relationship to the claim or relief or the defenses being plead." (See <u>Fantasy, Inc. v. Fogerty</u>, 984 F.2d 1524, 1527 (9th Cir. 1993). "A matter is impertinent if it does not pertain and is not necessary to the issues in question in the case." See *Id*.

Plaintiff clearly referenced the exact language pursuant to Rule 12(f) in his MEMORANDUM. (See Doc 23, pg. 3, 9:11, pg. 4, 20:24). Plaintiff also referenced case law that specifically supports his MEMORANDUM, and provided several examples to indicate why he filed the motion. Plaintiff also articulated why he respectfully requested to move the court to strike the CIP, the ANSWER, and to strike the AFFIRMATIVE DEFENSES by EXPERIAN.

---

[5] https://thelawdictionary.org/redundant

[6] https://legal-dictionary.thefreedictionary.com/redundant

[7] https://definitions.uslegal.com/i/immaterial/

[8] https://dictionary.thelaw.com/impertinent

## III. ARGUMENT

EXPERIAN states in its introduction that "Both Experian's Answer and Certification and Notice of Interested Parties comply with the requirements outlined in the Federal Rules of Civil Procedure and the Central District of California's Local Rules." (See OPPOSITION, Doc 28, pg. 1, 8:10).

First, let's examine the latter, how the argument by EXPERIAN regarding the Certification and Notice of Interested Parties ("CIP") falls flat on its face, is classic "doublespeak," and is patently absurd.

Counsel makes flawed arguments throughout its OPPOSITION, claiming that it "appropriately notified the Court of all entities" to "enable the Court to evaluate possible disqualification or recusal." (See OPPOSITION, pg. 12, 8:10). Experian Holdings, Inc. is NOT exempt from being disclosed pursuant to F.R.Civ.P. 7-1, despite that it is not a publicly traded entity. Indeed, Plaintiff clearly stated that the reason for disclosing ALL parent corporations is two-fold (See MEMORANDUM, pg. 10, 22:25 and pg. 11, 1:5).

Richard Cordray and the staff at the CFPB issued the CONSENT ORDER against not only EXPERIAN, but also against its parent, Experian Holdings, Inc., the "holding" company (i.e., the "daddy") that "holds" the "BIG MONEY." The chief counsel for EXPERIAN signed for BOTH entities on two separate lines in the STIPULATION, one for EXPERIAN, and one for Experian Holdings, Inc.

The holding company parent is not publicly traded, it is privately-held, just the same way the holding company parent of co-defendant TRANSUNION is also privately-held. (See CIP of TRANSUNION, Doc 11). There is an obvious disparity on the docket if one CRA (i.e., TRANSUNION) correctly lists its parent AND ultimate parent, whereas another CRA (i.e., EXPERIAN), does not.

Plaintiff provided the Delaware Dept. of State records of Experian Holdings, Inc. active registration statement (see exhibits Doc 25, Decl. Vora in support of MEMORANDUM). Counsel makes the argument that its CIP is "not a pleading"

1  (See OPPOSITION, pg. 12, 20:21).  However, "The Court may also consider
2  exhibits submitted with the complaint, **and take judicial notice of matters of**
3  **public record outside the pleadings.**"  (See Mir v. Little Co. of Mary Hosp., 844
4  F.2d 646, 649 (9th Cir. 1988).  (Emphasis supplied).

5    Counsel for EXPERIAN now acknowledges Experian Holdings, Inc. as the
6  holding company (see OPPOSITION, pg. 12, 23:24)., and Plaintiff appreciates the
7  willingness of counsel to correct its CIP by amending it for the docket (see
8  OPPOSTION, pg. 13, footnote 2), ("…Experian is willing to file an amended
9  Notice of Interested Parties to identify EHI as a holding company.").

10   Regarding counsel's contention that Plaintiff "did not meet and confer with
11 Experian's counsel regarding a contemplated motion to strike Experian's Notice of
12 Interested Parties," it is hereby denied by Plaintiff as moot, since counsel is willing
13 to file an amended CIP.  Plaintiff requests the Court to instruct counsel to do so.

14   Plaintiff provided ALL required NOTICE to counsel.  First, he clearly stated
15 to all counsel in a preliminary email on March 12, 2019, prior to the "meet and
16 confer" Rule 26(f) telephone conference: "Please be sure you have thoroughly
17 reviewed the complaint, the relevant parts of the FCRA, the case law that I have
18 cited to support my complaint, **the links to the CFPB reports**, and the causes of
19 action pertaining to your respective client(s)." (Emphasis added).

20   All counsel had to do was to carefully read ¶ 19 of the Complaint, which
21 referenced the CFPB CONSENT ORDER.  Counsel was fully informed well
22 before EXPERIAN even made its appearance on the docket and filed its CIP.  In
23 other words, counsel for EXPERIAN could have easily "found its daddy."

### "Meet me at the bar?"

25   Upon information and belief, pursuant to the "meet and confer" L.R. 7-3,
26 Plaintiff, especially as a Pro Se, is not required to "break bread" and "sip wine"
27 with opposing counsel to thoroughly discuss his plans for the substance of his
28 MOTION TO STRIKE the CIP, ANSWER and AFFIRMATIVE DEFENSES.

Counsel attaches to her declaration as exhibits the emails between Plaintiff and counsel. Not surprisingly, at various parts of the OPPOSITION, counsel mischaracterizes and takes out of context the content of the email correspondence between Plaintiff and counsel for EXPERIAN.

Although it its correct that Plaintiff may have AT FIRST been under the impression that he could simply provide NOTICE to counsel on whether his motion would be "OPPOSED" or "UNOPPOSED," that is only because Plaintiff was simply <u>unaware</u> of all the nuances of the rules. However, Plaintiff has since become a frequent visitor to the Pro Se clinic. The staff provided him with proper guidance of the rules pertaining to L.R. 7-3, and the deadline for filing his motion.

Indeed, Plaintiff took the time and energy to go through each and every line of response by EXPERIAN in its ANSWER, created a .PDF of the paragraphs of concern, and sent it to counsel on March 25, 2019, which counsel does not deny. (See also Declaration in support of REPLY, filed contemporaneously herewith).

The paragraphs in question had simple explanations written right next to them, were self-evident, and needed no further discussion. EXPERIAN was thus provided "fair notice" that it has used the "shotgun" approach to its ANSWER via F.R.Civ.P 8(b)(5), **by avoiding many of the obvious factual allegations which required NO discovery**, and thus <u>**failed to admit the part that is true**</u>, pursuant to the <u>Twombly</u> standards of F.R.Civ.P. 8(b)(2) and 8(b)(4). (Emphasis added).

Now, let's examine the crux of the OPPOSITION filed by counsel regarding why its arguments of Rule 12(f) are either nonsensical, or non-applicable.

The OPPOSITION filed by counsel is drafted more like a dispositive motion for summary judgment, and lacking substance as to what Plaintiff actually cited in his MEMORANDUM, thereby making it an extension of the sham. By way of example, counsel for EXPERIAN lists a total of <u>twenty-five case citations</u> and a host of statutes. However, conveniently missing from the OPPOSITION was any rebuttals <u>to Plaintiff's MEMORANDUM</u> regarding the very important case

REPLY TO EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

citations that made clear and direct references to the requirements of <u>Twombly</u> and <u>Iqbal</u> as applicable to pleadings <u>by a defendant</u>.

By way of example, counsel **failed** to refute **any of the opinions** by the courts in <u>Jackson</u>, <u>Cramer</u>, <u>Barnes</u>, <u>CTF Dev</u>. and <u>U.S. v. Quadrini</u>, etc. (See Doc 23, pages 11, 15, and 22, respectively). (Emphasis added).

Also absent from counsel's list of statutes are F.R.Civ.P. 8(b)(2) AND 8(b)(4). Instead, EXPERIAN relies heavily on <u>other</u> parts of F.R.Civ.P. 8 which were not even imperative to the MEMORANDUM, how convenient.

Since there are too many cases to list, Plaintiff will focus just on the 9th circuit cases cited by EXPERIAN, of which there are five of them. Plaintiff will go through each of them briefly, and reply to each accordingly.

In support of her OPPOSITION, counsel for EXPERIAN relies on the authority of <u>Kern Oil Refining Co. v. Tenneco Oil Co.</u>, 840 F.2d 730, 735 (9th Cir. 1988) (See OPPOSTION, pg. 10). EXPERIAN claims that it "risk[s] permanently waiving any affirmative defenses not raised in their initial response." Nonsense. First of all, <u>Kern</u> was a case regarding res judicata, which is non-applicable here. Second, EXPERIAN fails to state that a district court has discretion to allow a defendant to plead an affirmative defense **in a subsequent motion**. (Emphasis added). (See <u>Lido Fin. Corp. v. Summers</u>, 122 F.3d 825, 827 (9th Cir. 1997)). See also <u>Rivera v. Anaya</u>, 726 F.2d 564, 566 (9th Cir. 1984)). EXPERIAN is using a "slight-of-hand" deflection technique that lacks substance to address the issues raised by Plaintiff in his MEMORANDUM, and thus the court must disregard it.

Next, EXPERIAN cites <u>Kohler v. Flava Enters., Inc.</u>, 779 F.3d 1016 (9th Cir. 2015) (See OPPOSITION, page 8). The case held that "fair notice" required by the pleading standards only requires describing defense[s] in 'general terms'." <u>Kohler</u> was a Plaintiff with a disability who claimed that he was not given "fair notice" of the facilitation of an ADA compliant bench in a dressing room. Once again, **counsel did not cite any specifics to the issues raised by Plaintiff as to**

**WHY the affirmative defenses itself were flawed, NOT that Plaintiff received "fair notice" of such defenses.** (Emphasis added). The case is irrelevant to the MEMORANDUM, and thus the court must disregard it.

Moving on, EXPERIAN cites <u>Petrie v. Elec. Game Card, Inc.</u>, 761 F.3d 959 (9th Cir. 2014) (See OPPOSITION, page 4). In <u>Petrie</u>, **the defendant** filed a motion to strike against the third amended complaint filed by a Plaintiff, <u>not</u> where a Plaintiff filed a motion to strike a sham pleading by a defendant. (Emphasis added). Under F.R.Civ.P. 12(f), the district court struck portions of the TAC, concluding that there were abuses in discovery rules. The 9th circuit reversed it. The case is irrelevant to the MEMORANDUM, and the court must disregard it.

Counsel also cites <u>Simmons v. Navajo Cnty.</u>, 609 F.3d 1011 (9th Cir. 2010) (See OPPOSITION, pg. 7). Here, counsel wants this Court to consider that Rule 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it." Plaintiff did not argue in his MEMORANDUM that EXPERIAN did not state any affirmative defenses pursuant to Rule 8. Furthermore, Plaintiff was <u>not seeking equitable relief,</u> and therefore any affirmative defenses which rely upon equitable relief should be stricken, as well as irrelevant and "non-defenses."

As it turns out, Plaintiff conducted some more research and found a case in THIS district were the court upheld a claim for equitable relief on a FCRA claim. (See <u>Engelbrecht v. Experian et al.</u> Case No. 5:12-cv-01547-VAP-OPx). The CRA defendants (coincidentally, the SAME law firms in Plaintiff's case), jointly filed a Rule 12(b)(6), which the Honorable Virginia Phillips DENIED. (See <u>Engelbrecht</u>, Doc 35). Nevertheless, Plaintiff did not bring forth a cause of action for equitable relief. Furthermore, the <u>Simmons</u> case cited by counsel is addressing F.R.Civ.P 8(a), <u>not</u> F.R.Civ.P. 8(b), which is the substance of Plaintiff's MEMORANDUM, thus it is irrelevant to the MEMORANDUM, and the Court must disregard it.

And finally, counsel for EXPERIAN wants this Court to rely upon <u>Whittlestone, Inc., v. Handi-Craft Co.</u>, 618 F.3d 970 (9th Cir. 2010) (See

OPPOSITION, pg. 4). In reversing the district court's granting of a Rule 12(f) motion to strike, the 9th circuit stated, "A rule 12(f) does not authorize a district court to strike a claim for damages on the ground that damages are precluded as a matter of law." Once again, <u>the DEFENDANT in the district court filed a motion to strike against a Plaintiff,</u> who filed a breach of contract suit. The 9th circuit also stated Rule 12(f) is "neither an authorized nor a proper way to procure the dismissal of all or part <u>of a complaint</u>." (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec 1380, at 782 (1969). (<u>Whittlestone</u>, *Id*).

Is counsel for EXPERIAN seeking a dismissal of a damages award? Did counsel file a Rule 12(b)(6) as the defendant did in the district court in <u>Whittlestone</u>? Hmm. Plaintiff sees no Rule 12(b)(6) motion on the docket. So, it must be **<u>the other way around, whereby Plaintiff seeks to strike a DEFENDANT's pleading</u>**. (Emphasis added). The <u>Whittlestone</u> case is irrelevant to Plaintiff's MEMORANDUM, and thus the court must disregard it.

In addressing Plaintiff's MEMORANDUM, this Honorable Court need only look at prior "shotgun" cases such as <u>Jackson v. Bank of America</u> (11th Cir.) and <u>Quiller Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,</u> 718 F.Supp. 2d 1167, both clearly mentioned in the MEMORANDUM, and which counsel for EXPERIAN <u>did not address in its OPPOSITION, and thus did not dispute</u>.

In <u>Barnes</u>, the Honorable Marilyn Hall Patel, former District Judge for the Northern District of California, ruled as follows: "Barnes contends that most of the affirmative defense are "insufficient" because, under the federal pleading standard, **they lack sufficient supporting factual allegations**." (Emphasis supplied).

The Court in <u>Barnes</u> also stated, "If the court were to permit legally unsustainable affirmative defenses to survive, Barnes would be required to conduct **expensive and potentially unnecessary and irrelevant discovery**. Thus, AT&T's arguments regarding prejudice cannot rescue its otherwise legally insufficient affirmative defenses." (Emphasis supplied).

## IV. CONCLUSION

In summary, EXPERIAN wanted to "hopscotch" its way into discovery by filing a sham pleading, with affirmative defenses that were either insufficient, irrelevant, immaterial, and impertinent, and thus Plaintiff timely filed a Rule 12(f).

Counsel claims EXPERIAN "only had 21 days" to respond. Nonsense. Plaintiff clearly stated that he would agree to an extension pursuant to L.R. 8-3 (See MEMORANDUM, pg. 4, 8:11). Counsel actually had 51 DAYS to respond, given the 30-day extension, but she declined, and is now trying to "backpedal."

It is Plaintiff who has a discovery deadline which is due next week. Plaintiff will provide the documents necessary, and well in time for Counsel to file any amended answer. Barnes stated as follows, "The court will permit defendant to amend its answer to cure the pleading defects pursuant to Federal Rule of Civil Procedure 15(a)(2)." Counsel states that Plaintiff is engaging in "frivolous" motion practice, yet Counsel is willing to amend the CIP, and the ANSWER.

Based on the foregoing, Plaintiff respectfully moves the court to strike the following AFFIRMATIVE DEFENSES in the ANSWER filed by EXPERIAN: First, Second, Third, Fifth, Sixth, Eighth, Ninth, Tenth and Twelfth, respectively.

Plaintiff also respectfully moves the Court to strike the following paragraphs in the ANSWER filed by EXPERIAN, for which requires NO discovery, and for which EXPERIAN must admit the part that is true: ¶'s 17, 21, 22, 31, 33, 43, 103, 118, 119, 128, 129, 131, 132, 133, 134, 135, 136, 144, 147, 149, 150, 155, 159, 163, 188, 189, 193, 195, 196, 197, 199, 203, 207, 246, 253, 266, 267, 274, 278, 287, 288, 408, and 413. (See Exhibit A, Decl. in support of REPLY).

Respectfully submitted by Pritish Vora, Pro Se, on _April 19, 2019_

_/s/ Pritish Vora_

REPLY TO EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

## CERTIFICATE OF SERVICE

I, Pritish Vora, certify that I filed the above-referenced REPLY TO DEFENDANT EXPERIAN's OPPOSITION with the clerk of the court on April 19, 2019, and placed a copy in an envelope via United States Postal Service to:

Nokes & Quinn
Thomas Patrick Quinn Jr. (Bar No. 132268)
tquinn@nokesquinn.com
410 Broadway St. Suite 200
Laguna Beach, CA 92651
Tel: 949-376-3500
Attorneys for EQUIFAX

Musick, Peeler & Garrett LLP
Donald E. Bradley (Bar No. 145037)
d.bradley@musickpeeler.com
Kristen L. Marker (Bar No. 278596)
kmarker@qslwm.com
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
Tel: 714-668-2400
Tel: 214-560-5442
Attorneys for Defendant TRANSUNION

JONES DAY
Sheereen Javadizadeh (Bar No. 288141)
sjavadizadeh@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: 949-553-7559
Attorneys for Defendant EXPERIAN

*[signature]*

By Pritish Vora, Plaintiff, Pro Se
27758 Santa Marg. Pkwy, #530, Mission Viejo, CA 92691
(949) 292-8359      pvora2112@gmail.com

REPLY TO EXPERIAN'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE