FILED

1   Pritish Vora

2   27758 Santa Marg. Pkwy, #530

3   Mission Viejo, CA  92691

4   949-292-8359

5   Plaintiff in Pro Per

2019 APR 19  PM 3: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY____ CV _____

6

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  Pritish Vora,                                  Case No.: 8:19-cv-00302-AG-KESx

13              Plaintiff,                         **DECLARATION AND EXHIBITS**

14        vs.                                      **IN SUPPORT OF REPLY TO**

15  EQUIFAX INFORMATION                            **EXPERIAN INFORMATION**

16  SERVICES, LLC, et al.,                         **SOLUTIONS, INC.'s OPPOSITION**

17              Defendants.                        **TO PLAINTIFF's MOTION TO**

18                                                 **STRIKE CERTIFICATION AND**

19                                                 **NOTICE OF INTERESTED**

20                                                 **PARTIES AND ANSWER BY**

21                                                 **EXPERIAN INFORMATION**

22                                                 **SOLUTIONS, INC.**

23                                                 **L.R. 7-7**

24

25                                                 **Hearing Date: May 6, 2019**

26                                                 **Time: 10am**

27                                                 **Hon. Andrew J. Guilford, Room 10D**

28

1

I, Pritish Vora, "Declarant," declare as follows:

    1.    Declarant is the Plaintiff in the above-entitled case.

    2.    Declarant has personal knowledge of the facts, and, if called as a witness, Declarant could and would competently testify thereto.

    3.    Declarant sent an email to counsel for EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), dated March 25, 2019, and attached a .PDF titled "Written questions regarding "meet and confer" March 22, 2019." (See Exhibit A, attached herewith).

    4.    Declarant sent a quick follow-up email, also dated March 25, 2019, indicating the typo on the prior email. (See Exhibit B, attached herewith).

    5.    Declarant was expecting an amended ANSWER to be filed by counsel for EXPERIAN no later than the week ending April 5, 2019.

    6.    Declarant received NO follow-up emails from counsel indicating that counsel was planning to file the amended ANSWER in the "12th hour" on April 9, 2019, which of course would have negated the PRIOR email that counsel was going to file "most likely next week" as that "week" EXPIRED on April 5, 2019.

    6.    Declarant waited for the "11th hour" and required the weekend of April 6 and April 7 (Saturday and Sunday) to draft his MOTION TO STRIKE (Docs 22, 23 and 25, respectively).

    7.    Declarant was unwilling to wait for the "12th hour" with "MEMORANDUM in hand" in front of the clerk on April 9, since Declarant does not have access to electronic filing, and had no way to know if counsel was really going to file the amended ANSWER.

    7.    Declarant attended a scheduling conference on the morning of Monday, April 8, 2019, and prior to the case being called for hearing, filed his MEMORANDUM with the clerk of the court.

    8.    Declarant hand-delivered a copy to all counsel after the scheduling

conference, including counsel for EXPERIAN, so that Declarant would be in compliance with the "28-day" NOTICE to schedule a hearing before the Honorable Andrew J. Guilford, as per the rules of scheduling for a MOTION hearing.

9.     Declarant informed counsel that he had "waited the week" and given that counsel for EXPERIAN did not file the AMENDED answer, Plaintiff filed his MOTION TO STRIKE with the clerk.


I, Pritish Vora, Declarant, declare under penalty of perjury that the foregoing is true and correct.

Executed on April 19, 2019 in Mission Viejo, CA.

_____
(signature)

_____
(print name)


Plaintiff, Pro Se

3

## CERTIFICATE OF SERVICE

I, Pritish Vora, filed with the clerk of the court, the above DECLARATION and attached EXHIBITS on April 19, 2019, and placed a copy for mailing via the United States Postal Service to the following counsel on record:

Nokes & Quinn
Thomas Patrick Quinn Jr. (Bar No. 132268)
tquinn@nokesquinn.com
410 Broadway St. Suite 200
Laguna Beach, CA  92651
Tel: 949-376-3500
Attorneys for EQUIFAX

Musick, Peeler & Garrett LLP
Donald E. Bradley (Bar No. 145037)
d.bradley@musickpeeler.com
Kristen L. Marker (Bar No. 278596)
kmarker@qslwm.com
650 Town Center Drive, Suite 1200
Costa Mesa, CA  92626
Tel: 714-668-2400
Tel: 214-560-5442
Attorneys for Defendant TRANSUNION

JONES DAY
Sheereen Javadizadeh (Bar No. 288141)
sjavadizadeh@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Tel: 949-553-7559
Attorneys for Defendant EXPERIAN

_____

By Pritish Vora, Plaintiff, Pro Se

27758 Santa Marg. Pkwy, #530, Mission Viejo, CA 92691

(949) 292-8359        pvora2112@gmail.com

4

DECLARATION AND EXHIBITS IN SUPORT OF PLAINTIFF'S REPLY TO EXPERIAN'S OPPOSITION

# Exhibit A

 Gmail

**Pritish Vora <pvora2112@gmail.com>**

---

## re: MEET & CONFER FOLLOW UP
1 message

---

**Pritish Vora** <pvora2112@gmail.com>                      Mon, Mar 25, 2019 at 1:51 PM
To: "Javadizadeh, Sheereen" <sjavadizadeh@jonesday.com>
Bcc: Pritish Vora <pvora2112@gmail.com>

Dear Ms. Javadizadeh,

This is a follow up to our "meet and confer" Rule 7-3 telephone call, held on March 22, 2019.

As per your request, I have provided you the paragraphs in question (see .PDF attached).

We are still scheduled for our follow-up call on Wed at 4pm.

Please convey to client and let me know if you stand by your answer or plan to amend when we speak on Wed.

Regards,

Pritish

---

 Virus-free. www.avg.com

---

 **MEET & CONFER QUESTIONS EXPERIAN.pdf**
40K

Written questions regarding "meet and confer" March 22, 2019:

Sheeren,

As we discussed on the call on March 29th, I have concerns regarding the factual accuracy of the answer, which are detailed below, with the paragraphs in question.

I require to know if you stand by the ANSWER for each specific paragraph in question, or if you plan to amend regarding your defenses and denials as per Rule 8(b):

The MAJORITY of your answers pertain to Rule 8(b)(5).

Paragraph 17: Plaintiff cited 1681a(b)

Paragraph 19: Plaintiff cited the public document

Paragraph 21: Plaintiff cited corporate structure

Paragraph 22: Plaintiff cited corporate structure

Paragraph 31: Plaintiff cited corporate structure

Paragraph 33: Plaintiff cited names of defendants

Paragraphs 38, 39, 40, 41, 42: Plaintiff cites definitions

Paragraph 43: Plaintiff cites definition and website annualcreditreport.com

Paragraph 47: Plaintiff cites definitions

Paragraph 67: Plaintiff cites sworn testimony from Leonard Bennett

Paragraphs 91, 92, 96, 97: Plaintiff cites prior proof of deletion for alleged account.

Paragraph 98, 99, 100, 101: Plaintiff cites impermissible pull

Paragraph 103: Plaintiff cites definition

Paragraph 110: Proper notice pursuant to the FCRA

Paragraph 113: Plaintiff cites definition

Paragraphs 118 & 119: Plaintiff cites specific dates of dispute letters

Paragraph 122: Plaintiff cites substance of letters

Paragraph 125: Plaintiff cites public documents

Paragraph 128: Plaintiff cites reinvestigation results

Paragraph 129: Plaintiff cites definitions

Paragraph 131: Plaintiff cites scope of reinvestigation

Paragraphs 132, 133, 134, 135, 136: Plaintiff cites public documents

Paragraphs 144, 147, 149, 150, 155, 159: Plaintiff cites specific document

Paragraphs 163, 164, 165, 166, 167: Plaintiff cites the FCRA

Paragraphs 170, 171, 172: Plaintiff cites specifics of information in report/file

Paragraphs 184, 185: Plaintiff cites specific public document (his own suit vs. LVNV).

Paragraphs 187, 188, 189, 190: Plaintiff cites specifics

Paragraph 193: Plaintiff cites specifics of how item is listed on file/report

Paragraphs 195, 196, 197: Plaintiff cites factual question re: subscriber agreement

Paragraphs 199-209: Plaintiff cites specifics of ACDVs and reinvestigation results

Paragraphs 240, 241: Plaintiff cites specifics of ACDVs

Paragraph 246: Plaintiff alleges call center location in Costa Rica

Paragraph 253: Plaintiff cites specifics of envelope

Paragraphs 266, 267: Plaintiff cites prior proof of deletion of alleged account number

Paragraph 274: Plaintiff cites specifics of AUD with control #

Paragraph 278: Plaintiff cites statute of limitations as per FCRA

Paragraph 287, 288: Plaintiff cites reference to public documents

Paragraph 408: Plaintiff cited annual file disclosure as of Oct 2018

Paragraph 410: Plaintiff cites no full file disclosure given

Paragraph 413: Plaintiff cites specifics

AFFIDAVIT:

Paragraph 2: NOT rebutted

Paragraph 5: NOT rebutted

# Exhibit B

 Gmail

**Pritish Vora <pvora2112@gmail.com>**

---

## re: notice of date error on .PDF
1 message

**Pritish Vora** <pvora2112@gmail.com>
To: "Javadizadeh, Sheereen" <sjavadizadeh@jonesday.com>

Mon, Mar 25, 2019 at 1:55 PM

Sheereen,

Oops.  I put both March 22 and March 29th on the .PDF, (the call was on March 22).

Please disregard the March 29th reference in the .PDF, it was just a typo.

Regards,

Pritish

---

 Virus-free. www.avg.com