UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00302 AG (KESx) | Date | May 29, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTION TO STRIKE (DKT. 22)**

This matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. Proc. 78(b). The Court DENIES Plaintiff's Motion to Strike.

Pro se Plaintiff Pritish Vora sued Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc. ("Experian"), and Trans Union, LLC in February 2019 for alleged violations of the Fair Credit Reporting Act. (Dkt. 1.) Experian filed an answer on March 19, 2019 with thirteen affirmative defenses. (Dkt. 16.) Vora moved to strike the answer under Federal Rule 12(f), arguing it contains redundant or immaterial information and fails to follow Federal Rules 8(b)(2) and (4). Plaintiff also asserts Experian has violated Federal Rule 7.1 and Local Rule 7.1-1 requirements regarding disclosures of interested parties. (Dkt. 22.) It appears the parties engaged in some meet and confer in late March before Experian's amended answer was due. See Notice of Motion (Dkt. 22) at 2; Opposition (Dkt. 28) at 2-3. Despite an email from Experian's counsel stating she expected to file an amended answer shortly, Plaintiff filed this motion. (Declaration of Sheereen Jav Adizadeh, Ex. 4.)

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Motions to strike are generally "disfavored," *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), and "should not be granted unless it's clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *U.S. ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038 (C.D. Cal. 2012). This is because they are "often used as delaying tactics, and because of the limited importance of pleadings in federal practice." *Bureerong v. Uvawas,* 922 F. Supp. 1450, 1478 (C.D.Cal.1996) (quoting Schwarzer, et al., *Federal Civil Procedure* § 9:375). The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00302 AG (KESx) | Date | May 29, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

reviews motions to strike in the light "most favorable to the non-moving party." *Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *2 (C.D. Cal. Jul. 17, 2013). Generally, a motion to strike will not be granted absent a "showing of prejudice to the moving party." *Smith v. Wal–Mart Stores*, No. C 06–2069 SBA, 2006 WL 2711468, at *10 (N.D.Cal. Sep.20, 2006).

1. **AFFIRMATIVE DEFENSES**

Federal Rule of Civil Procedure 8 requires a party to "state in short and plain terms its defenses to each claim asserted against it," and "affirmatively state" any affirmative defense. Fed.R.Civ.P. 8(b), (c)(1). An affirmative defense is sufficiently pled under this standard if "it gives plaintiff fair notice of the defense." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir.2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979) (per curiam)). "To determine that a defense is insufficient as a matter of law, 'the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed.'" *Mattox v. Watson*, No. CV 07–5006–RGK (RZx), 2007 WL 4200213, at *1 (C.D.Cal. Nov.15, 2007) (citation omitted). *See Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, No. SACV 13-749-JST JPRX, 2013 WL 3776337, at *2 (C.D. Cal. July 17, 2013).

This Court thoroughly considered the standard for pleading affirmative defenses in a decision earlier this year. *See Loi Nguyen v. Durham Sch. Servs., L.P.*, 358 F. Supp. 3d 1056, 1057 (C.D. Cal. 2019). It held that affirmative defenses "may be stated in 'general terms' and need only provide the plaintiff with 'fair notice' of their nature." *Id.* at *1057, citing *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). This Court has thus rejected Plaintiff's contention "that the pleading standards applied to a Plaintiff in complaints in *Bell Atlantic Corp. v. Twombly* [citation omitted] and clarified in *Ashcroft v. Iqbal* [citation omitted] also appl[y] to a defendant . . . in filing its answer and citing its affirmative defenses." (Motion to Strike, Dkt. 23 at 12.) To the extent Plaintiff's motion relies on a "heightened pleading" standard for affirmative defenses, the Court denies it.

Plaintiff's motion presents scattered examples of alleged deficiencies and uses rhetoric abundantly. This makes it difficult for the Court to track specific issues regarding specific defenses. But as best the Court can tell, the Plaintiff asserts the following defenses are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00302 AG (KESx) | Date | May 29, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

inadequately pled: failure to state a claim (First Affirmative Defense); immunity (Second Affirmative Defense); truth of Experian's communications (Third Affirmative Defense); failure to mitigate damages (Fifth Affirmative Defense); laches (Sixth Affirmative Defense); statute of limitations (Ninth Affirmative Defense); and unclean hands (Tenth Affirmative Defense).

Failure to mitigate, laches, the statute of limitations, and unclean hands are each "well-established defenses" that provide Plaintiff with fair notice of their nature. *See, e.g., Pacific Dental Services*, 2013 WL 3776337, at *3. "[W]hile boilerplate, [they] are standard affirmative defenses, appropriate at the outset of the case . . . ." *See Baroness Small Estates, Inc. v. BJ's Restaurants, Inc.*, No. SACV 11-00468-JST EX, 2011 WL 3438873, at *6 (C.D. Cal. Aug. 5, 2011), citing *Vistan Corp. v. Fadei USA, Inc.*, No. C–10–4862–JCS, 2011 WL 1544796, at *7 (N.D. Cal. Apr.25, 2011). *See also Devermont v. City of San Diego,* No. 12–CV–01823 BEN (KSC), 2012 WL 2898342 at *2 (S.D. Cal. June 14, 2013) ("For well-established defenses, merely naming them may be sufficient....") Experian's Fifth, Sixth, Ninth, and Tenth Affirmative Defenses are sufficiently pled.

For similar reasons the Court also declines to strike Experian's First Affirmative Defense that Plaintiff has failed to state a claim on which relief may be granted. *See, e.g., Painters Joint Committee v. J .L. Wallco, Inc.*, No. 2: 10–CV–1385JCM (PAL), 2011 WL 2418615, at *1 (D. Nev. June 14, 2011) (declining to strike defenses where plaintiff "identified no harm in allowing the defense to remain in the answer until the parties have completed discovery"); 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 1269 (2d ed. 1990) ("If the plaintiff has been given 'plain notice' of the matters to be litigated . . . he should be put to his proof on those issues," regardless of how they are labeled by the defendant). *See also Pac. Dental Servs*., 2013 WL 3776337, at *6. Furthermore, Plaintiff has failed to show that the inclusion of this defense would result in any prejudice. *See Wal–Mart Stores*, 2006 WL 2711468, at * 10. Therefore, Plaintiff's Motion is denied as to the First Affirmative Defense.

Plaintiff also challenges Experian's Second and Third Affirmative Defenses, that all claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681(h)(e), and that the information Experian communicated to any third parties was true. Section 1681(h)(e) provides that, with some exceptions, "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00302 AG (KESx) | Date | May 29, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

information against any consumer reporting agency . . . based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C.A. § 1681h(e). As Plaintiff concedes in his motion, he has asserted claims against Experian for both "willful and negligent violations of the FCRA." (Mot. at 21; Compl. (Dkt. 1) ¶ 263.) Experian's Second Affirmative Defense is a potential response to a negligence-based claim under FCRA. Plaintiff argues that qualified immunity should not apply where a defendant's conduct was "willful," a motion to strike is an improper vessel for such substantive, merit-based arguments. *See, e.g., Rezek v. Tustin*, No. SACV 11-01601 DOC (RNBx), 2012 U.S. Dist. LEXIS 164257, at *28 (C.D. Cal. Nov. 15, 2012) (A "[m]atter will not be stricken unless it is clear that it can have no possible bearing upon the subject matter of the litigation; if there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied.") (internal quotation marks omitted). Similarly, Plaintiff's objection to Experian's Third Affirmative Defense (that information given to third parties was true) prematurely attacks the evidentiary merits of Experian's defense, citing only Plaintiff's own allegations. *See* Motion at 20. This is insufficient to show that there is "no set of circumstances" where the defense could succeed. *Mattox*, 2007 WL 4200213, at *1.

Moreover, Plaintiff hasn't shown that he will suffer prejudice if any of these affirmative defenses are not stricken, as he is required to do. *See Smith v. Wal-Mart Stores*, No. C 06-2069 SBA, 2006 WL 2711468, at *10 (N.D. Cal. Sept. 20, 2006). Considering the early stage of this action, Plaintiff will have ample time to take discovery, evaluate the merits of Experian's affirmative defenses, and dispose of any that then lack evidentiary support. And at this stage, Experian is laboring to understand a <u>lengthy</u> (433-paragraph) *pro se* complaint without the benefit of discovery. The Court is not prepared at this point to say that "under no set of circumstances could [these] defense[s] succeed." *Mattox,* 2007 WL 4200213, at *1 (citation and internal quotation marks omitted).

The Court DENIES Plaintiff's Motion to Strike. (Dkt. 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00302 AG (KESx) | Date | May 29, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

## 2.  NOTICE OF INTERESTED PARTIES

Plaintiff also argues that Experian's Certification and Notice of Interested Parties should be "stricken." The "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). But a Notice is not a pleading. "A motion to strike is limited to pleadings." *Gay-Straight All. Network v. Visalia Unified Sch. Dist.*, 262 F. Supp. 2d 1088, 1099 (E.D. Cal. 2001). Moreover, the Court takes a more functional approach to the Notice, whose purpose is stated in Local Rule 7.1-1 as "[t]o enable the Court to evaluate possible disqualification or recusal." Neither the entities listed in Experian's Notice nor the entities Plaintiff mentions in his briefing give the Court concerns about any need to recuse in this matter. The part of Plaintiff's motion dedicated to the Notice elevates form over function, and any real concerns about Experian's corporate affiliations would have been more appropriately resolved through meet and confer and (if necessary) discovery.

The Court DENIES Plaintiff's motion to strike Experian's Certification and Notice of Interested Parties.

## 3.  DISPOSITION

The Court DENIES Plaintiff's Motion to Strike (Dkt. 22.)

|  | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |