FILED

2019 JUN -7 PM 3:49

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
BY_____

Pritish Vora

27758 Santa Marg. Pkwy, #530

Mission Viejo, CA  92691

949-292-8359

Plaintiff in Pro Per

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Pritish Vora,<br>        Plaintiff,<br>vs.<br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br>        Defendants. | Case No.: 8:19-cv-00302-AG-KESx<br>**PLAINTIFF's MOTION FOR CLARIFICATION OF COURT ORDER (Doc 33)** |

COMES NOW Plaintiff, Pritish Vora, ("Plaintiff"), by way of Pro Se, files with the Honorable Court a motion for clarification of the COURT ORDER (Doc 33).

### I. BACKGROUND

The Court issued an ORDER on May 3, 2019 (See Doc 31), denying Plaintiff's MOTION TO STRIKE the CERTIFICATION OF INTERESTED PARTIES and ANSWER filed by EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"). In its ORDER, the Court claimed "Plaintiff's motion is rendered moot by Defendant's timely filing of an amended answer. *See Dkt. 24.*"

However, "Dkt. 24" did not apply to Defendant EXPERIAN, but rather co-defendant TRANSUNION (See Exhibit A, caption page of Doc 24).

Plaintiff sent an email to the clerk of the Honorable Andrew J. Guilford that same day, May 3, 2019 (See Exhibit B, attached herewith).

The Court promptly corrected what appeared to Plaintiff as a mere clerical error, and the Court vacated its ORDER (See Doc 32).

The Court issued another ORDER on May 29, 2019 (See Doc 33), once again denying Plaintiff's MOTION TO STRIKE.

The Court <u>did not rule on the merits</u> of the entire docket entries and merits pertaining to the MOTION TO STRIKE. By way of example, the Court did not address the specific paragraphs **regarding the ANSWERS filed by EXPERIAN** in response to Plaintiff's verified complaint, which was the primary basis for Plaintiff filing the MOTION TO STRIKE. Indeed, Plaintiff clearly mentioned the paragraphs to strike in Docs 23 and 29, respectively. Instead, the ORDER addressed the AFFIRMATIVE DEFENSES and the NOTICE OF INTERESTED PARTIES (See COURT ORDER, Doc 33). Thus, Plaintiff now seeks clarification.

## II. LEGAL STANDARD

Because an answer is a "pleading under the Federal Rules" (See <u>United States v. Jallali</u>, 478 F. App'x 578, 581 (11th Cir. 2012), "the general applicable rules of a pleading apply." (See also <u>ISC Holding AG v. Nobel Biocare Fin. AG</u>, 688 F.3d 112 (2nd Cir. 2012) ("An answer is a responsive pleading.").

Counsel for EXPERIAN must make her Rule 11 certification in good faith. (See F.R.Civ.P. Rule 11(b)). (See also <u>Ruth v. Unifund CCR Partners</u>, 604 F.3d 908, 911 (6th Cir. 2010)) ("The requirement that parties have a good-faith basis for their pleadings **applies to answers every bit as much** as it does to counterclaims."). (Emphasis supplied).

A party may also use the answer **to admit allegations** in the complaint. (See F.R.Civ.P. 8(b)(1)(B)). (Emphasis added). And indeed, if denying the allegation would be in bad faith, the responding party may well have the duty to do so. (See Divane v. Krull Elec. Co., 200 F.3d 1020, 1029 (7th Cir. 1999) (affirming the imposition of sanctions against the defendant where the district court found that the defendant's failure "to make certain admissions was patently unreasonable.").

An admission in the answer – like a stipulation – "constitutes a binding judicial admission." (See Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 805 (7th Cir. 2005)). "Under federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court." (citing Brown v. Tenn. Gas Pipeline Co., 623 F.2d 450, 454 (6th Cir. 1980).

Plaintiff clearly cited the definitions pursuant to the Federal Rules of Civil Procedure that govern the ANSWERS filed by EXPERIAN: F.R.Civ.P. 8(b)(2), F.R.Civ.P. 8(b)(4) and F.R.Civ.P. 11(b) (See MEMORANDUM, Doc 23 at pg. 2).

In its ORDER, the Court stated as follows: "Vora moved to strike the answer under Federal Rule 12(f), arguing it contains redundant or immaterial information **and fails to follow Federal Rules 8(b)(2) and (4)**." (See Doc 33 at pg. 1, ¶ 2). (Emphasis supplied).

Some courts have held that simply denying an averment in a complaint, without supplying additional information about the claim, **did not "fairly meet the substance of the averments denied."** (See Shillman v. United States, No. 9903215, 2000 U.S. App. LEXIS 15800, at *12-14 (6th Cir. June 29, 2000). (Emphasis supplied).

### III. ARGUMENT

Plaintiff is aware that common defects give rise to a motion to strike include defective pleadings **in their failures to comply with Rule 8**. (Emphasis added).

When a Plaintiff **or a defendant**, files a shotgun pleading, the district court has within its inherent authority to strike the pleading (or portions of it), and instruct counsel to replead the case – **if counsel could in good faith** make the representations required by F.R.Civ.P. 11(b). (Emphasis added).

"Such disjointed pleadings make it difficult, if not impossible, to set the boundaries for discovery. Hence, discovery disputes are inevitable." (See Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001). **"Lawyers being compensated by the hour may have little incentive to curb the use of shotgun pleadings and the discovery disputes that inevitably result."** (See Byrne, footnote at 103). (Emphasis supplied).

The Court in Byrne went on to state as follows: "Litigating a case framed by shotgun pleadings obviously harms one or both of the parties. Why, then, would a lawyer engage in a shotgun pleading? Plaintiff's file shotgun complaints and include frivolous claims to extort the settlement of unmeritorious claims, as demonstrated here. Extortion cuts both ways. Depending on his financial resources, **a defendant may use a shotgun answer to obtain a settlement that waters down a meritorious claim**. In either situation, the extorted settlement provides a financial benefit to the "prevailing" party and a windfall in the form of fees to the "prevailing" lawyer." (See Byrne at 1130). (Emphasis supplied).

In the present case, the COURT ORDER states as follows: "Experian is laboring to understand a lengthy (433-paragraph) *pro se* complaint without the benefit of discovery." (See Doc 33, pg. 4, ¶ 2).

However, EXPERIAN is represented by JONES DAY, an established law firm with presumably vast resources. Interestingly enough, co-defendants EQUIFAX and TRANSUNION both faced the same "lengthy" complaint, and yet filed their respective ANSWERS **without the benefit of discovery**. (Emphasis added). Plaintiff read thoroughly EACH respective answer, and only found enough deficiencies by EXPERIAN to justify filing a MOTION TO STRIKE.

   Plaintiff pointed out the defects of the ANSWER, and went out of his way to accommodate counsel for EXPERIAN, by streamlining the MOTION.  Plaintiff even cut the amount of paragraphs to strike in half from the "meet and confer" down to 43 paragraphs (See Doc 29, pg. 10).

   EXPERIAN "denied" <u>the obvious</u>, which is why Plaintiff called it a "shotgun" pleading and a "sham."  By way of example:

   EXPERIAN "denied" that it is a subsidiary of Experian Holdings, Inc.

   EXPERIAN "denied" that its ultimate parent is Experian plc.

   EXPERIAN "denied" that Plaintiff sent a NOTICE OF DISPUTE dated May 22, July 17, and September 26, 2017, respectively.

   EXPERIAN "denied" receipt of said referenced disputes via USPS delivery.

   EXPERIAN "denied" sending the results of the said referenced disputes as either "updated" and/or "verified."

   EXPERIAN "denied" that it utilizes e-OSCAR (even though EXPERIAN itself owns a controlling stake in the firm that runs e-OSCAR).

   EXPERIAN "denied" that the CFPB is its regulator.

   EXPERIAN "denied" that the CFPB issued a public 2012 report.

   EXPERIAN "denied" that the CDIA is a trade association.

   EXPERIAN "denied" that a CDIA memo is publicly available (even though Plaintiff provided a direct link to the publicly available memo in a footnote).

   EXPERIAN "denied" that Plaintiff sent an "AFFIDAVIT" to EXPERIAN.

   EXPERIAN "denied" receipt of the affidavit, cover letter, and exhibits.

   EXPERIAN "denied" how it listed the "LVNV FUNDING LLC" item [in Plaintiff's credit file].

   EXPERIAN "denied" having a subscriber agreement with the data furnisher (even though EXPERIAN will seek a protective order for such discovery matters).

   EXPERIAN "denied" that it forwarded Plaintiff's May 22, 2017 dispute letter to the furnisher.

EXPERIAN "denied" that it forwarded Plaintiff's September 26, 2017 dispute letter to the furnisher.

EXPERIAN "denied" that it forwarded Plaintiff's June 1, 2018 affidavit to the furnisher.

EXPERIAN "denied" that its outsourced vendor/agents answer the phones from a call center in Costa Rica.

EXPERIAN "denied" receiving an AUD [automated universal dataform] from the furnisher, with instructions to DELETE the LVNV item.

EXPERIAN "denied" that the CFPB publishes "Consumer Response Annual Reports" which compiles the annual data concerning complaints by consumers.

EXPERIAN "denied" that the CFPB reports are publicly available (even though they ARE in fact, available for download from consumerfinance.gov).

EXPERIAN "denied" that RESURGENT is the servicer for LVNV.

Plaintiff is not a disgruntled Pro Se, and did not purposefully attempt to "nitpick" against EXPERIAN. Apparently, counsel agreed there were deficiencies in the numbered paragraphs of the ANSWER, otherwise she would not have stated in writing to Plaintiff: "I expect we will likely file an amended Answer next week."

Plaintiff did not prevent counsel from filing an amended answer. For whatever reasons, counsel chose not to file any amended answer by the deadline on April 9, 2019. Plaintiff does not have access to electronic filing, and thus filed the NOTICE and MOTION on April 8, due to the convenience of being at the courthouse for the scheduling conference. (See Doc 30, Declaration of Vora).

The Ninth Circuit has held that "[t]o comply with Rule 8 each plaintiff must plead a short and plain statement of the element of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case." (See Bautista v. Los Angeles County, 216 F.3d 837, 840 (9th Cir. 2000). Indeed, Plaintiff has complied with the required elements to cite the factual allegations pursuant to Rule 8.

## IV. CONCLUSION

As Plaintiff now plows ahead with discovery, Plaintiff has sent RFAs to EXPERIAN, requesting defendant to "admit" to many of the SAME paragraphs in his verified Complaint, for which EXPERIAN "denied" via its "shotgun" approach through F.R.Civ.P 8(b)(5), even for basic, factual allegations that Plaintiff outlined in Docs 23 and 29, respectively. (See Garcia v. Foulk, No. 2:14-cv-2378 JAM DP P, 2018 WL 621270, at *4 (E.D. Cal. 2018) (holding that statements in a verified complaint have the same effect as statements made in an affidavit signed under penalty of perjury).

If EXPERIAN **fails to fairly respond to the substance** of the factual allegations, and **fails to admit** to the part where it **must admit for being true**, then Plaintiff will have to file the eventual MOTION TO COMPEL. (Emphasis added).

"[T]he obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice." See Hernandez v. Dutch Goose, Inc., No. C 13-03537 LB, 2013 WL 5781476, at *5 (N.D. Cal. Oct. 25, 2013).

By filing its "shotgun" pleading, and failing to amend its ANSWER, EXPERIAN did not "do justice" pursuant to F.R.Civ.P. 8(e).

Wherefore, based on the foregoing, Plaintiff asks the court to provide clarity regarding the COURT ORDER (Doc 33), as to why the Court did not rule on the merits of the MOTION TO STRIKE regarding the specific ANSWERS filed by EXPERIAN, and as to why the Court did not grant leave for EXPERIAN to amend, for the sake of equity and justice.

Respectfully submitted on this day of _June 7, 2019_

By: _/s/ Pritish Vora_

Pritish Vora, Plaintiff, Pro Se

# CERTIFICATE OF SERVICE

I, Pritish Vora, hereby certify that I filed the above referenced motion to clarify with referenced exhibits with the clerk of the court on June 7, 2019, and sent copy via United States Postal Service to the following parties on record:

Nokes & Quinn
Thomas Patrick Quinn Jr. (Bar No. 132268)
tquinn@nokesquinn.com
410 Broadway St. Suite 200
Laguna Beach, CA 92651
Tel: 949-376-3500
Attorneys for EQUIFAX

Musick, Peeler & Garrett LLP
Donald E. Bradley (Bar No. 145037)
d.bradley@musickpeeler.com
Kristen L. Marker (Bar No. 278596)
kmarker@qslwm.com
650 Town Center Drive, Suite 1200
Costa Mesa, CA 92626
Tel: 714-668-2400
Tel: 214-560-5442
Attorneys for Defendant TRANSUNION

JONES DAY
Sheereen Javadizadeh (Bar No. 288141)
sjavadizadeh@jonesday.com
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Tel: 949-553-7559
Attorneys for Defendant EXPERIAN

By: _____

Pritish Vora, Plaintiff, Pro Se

27758 Santa Marg. Pkwy, #530, Mission Viejo, CA 92691

(949) 292-8359            pvora2112@gmail.com

PLAINTIFF'S MOTION TO CLARIFY COURT ORDER

# Exhibit A

**MUSICK, PEELER & GARRETT LLP**
650 Town Center Drive, Suite 1200
Costa Mesa, California 92626-1925
Telephone (714) 668-2400
Facsimile (714) 668-2490
Donald E. Bradley (State Bar No. 145037)
 d.bradley@musickpeeler.com

Attorneys for Defendant TRANS UNION LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| Pritish Vora, | Case No. 8:19-cv-00302 AG (KESx) |
|---|---|
| Plaintiff, | Hon. Andrew J. Guilford, Courtroom 10D |
| vs. | **DEFENDANT TRANS UNION LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT** |
| EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC, | |
| Defendants. | |

Trans Union LLC ("Trans Union") answers the Plaintiff's Complaint as follows:

## INTRODUCTION

1. The provisions of the Fair Credit Reporting Act ("FCRA") and its legislative history are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 1 of the Complaint.

2. The provisions of the FCRA are self-evident and speak for themselves. Trans Union is not required to admit or deny the allegations contained in paragraph 2 of the Complaint.

# Exhibit B

 Gmail

Pritish Vora <pvora2112@gmail.com>

# Re: NOTICE OF CLERICAL ERROR (Doc 31)
1 message

**Pritish Vora** <pvora2112@gmail.com>  Fri, May 3, 2019 at 3:02 PM
To: melissa_kunig@cacd.uscourts.gov
Bcc: Pritish Vora <pvora2112@gmail.com>

COMES NOW Plaintiff, by way of Pro Se, ("Plaintiff"), brings to the attention of the Honorable Court of a clerical error that has grave implications on the outcome of the following case:

**Pritish Vora v. Equifax Information Services, LLC, et al. 8:19-cv-00302-AG-KESx**

## 1. Background

Plaintiff filed a COMPLAINT on February 14, 2019 in the above-referenced case against three defendants: Equifax Information Services, LLC ("Equifax"), Experian Information Solutions Inc. ("Experian") and TransUnion LLC ("TransUnion"), (Doc 1).

Equifax filed its answer on March 18, 2019 (Doc 13).
Experian filed its answer on March 19, 2019 (Doc 16).
**TransUnion filed its answer on April 8, 2019 (Doc 24).**

## 2. Argument

According to the CIVIL MINUTES (Doc 31), the Court states as follows:

*"Experian's amended answer was filed the same day as Plaintiff's motion to strike. Because the pleading on which the motion was based has been properly amended, the motion to strike is moot."* (See Doc 31 at Para 3).

In addition, the Court VACATED Plaintiff's motion to strike and the hearing on May 6, 2019.

Plaintiff believes these actions by the Court are in grave error, and if required, Plaintiff will appeal for the sake of equity and justice.

The confusion surrounding the CIVIL MINUTES centers around the Court's mistakenly labeling and/or clerical error as it pertains to Doc 24.

Indeed, Doc 24 refers to the answer *filed by TransUnion*. There would be no reason for TransUnion to have submitted an amended answer, as Plaintiff did not file a motion to strike the answer filed by defendant TransUnion. In fact, TransUnion asked Plaintiff (and received) an extension of time to file its answer, which coincidentally was due on the same day Plaintiff filed the motion to strike against Experian (a completely separate defendant).

Furthermore, there has been no amended answer submitted by TransUnion, nor was any such amended answer required as Doc 24 does not pertain to any "amended" answer. The amended answer was supposed to be filed by defendant Experian, but Experian **failed to file by the deadline**, which was April 9. Hence, Experian waived its right to file an amended answer.

The next pleading submitted by Experian was **an opposition to Plaintiff's motion to strike** on April 15 (Doc 28). There were filings by Plaintiff and TransUnion on April 8, respectively, which is ALSO reflected on the court

docket, but there was nothing filed by Experian on April 8.

Plaintiff then filed his Reply and Declaration to the Opposition to Plaintiff's motion to strike on April 19 (Docs 29 and 30, respectively).

Experian has NOT filed any "amended answer" and as the court docket clearly reflects, there was no subsequent pleading filed by Experian to indicate any such "amended answer."

### 3. Conclusion

Upon receipt of the electronic notification by the Court of Doc 31 (which Plaintiff checks via his Gmail account), Plaintiff immediately called the clerk, Ms. Lori Waters, and left a message regarding same  Ms. Waters promptly returned the call and indicated that any such matters pertaining to clerical errors must be directed to the clerk of Judge Guilford via email ONLY.

Based on the foregoing, Plaintiff respectfully submits this email to the attention of the clerk for Judge Guilford, so that the clerical error can be corrected for the sake of equity and justice.

Plaintiff's thorough legal research (which the Court indicated that it appreciates) was conducted in a manner by Plaintiff to ensure that equity and justice shall prevail on the merits.

By the Court addressing this clerical error, the Court can once more address the outstanding motions pending.

Respectfully submitted,

Pritish Vora

27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
949-292-8359  pvora@gmail.com

Plaintiff, Pro Se

SENT VIA EMAIL at 3:00pm, cc: to pvora@gmail.com

 Virus-free. www.avg.com