UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| Case No. | SACV 19-00302 AG (KESx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Melissa Kunig | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S "MOTION TO CLARIFY" (DKT. 34)**

Plaintiff has filed a motion "for clarification" of the Court's order denying Plaintiff's motion to strike. In the motion to strike, to the extent it was intelligible, Plaintiff sought to strike Defendant Experian's entire Answer. *See, e.g.,* Notice of Motion (Dkt. 22) at 2 (Plaintiff "will move this Court to STRIKE the CERTIFICATION AND NOTICE OF INTERESTED PARTIES ("CIP"), and ANSWER filed by EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), Docs 12 and 16, respectively.") Plaintiff then offered dozens of purported bases for striking the Answer, often explaining that his arguments were "[b]y way of example." *See, e.g.,* Motion to Strike (Dkt. 23) at 13. Plaintiff now objects that the Court didn't expressly respond to each argument and example.

After reviewing Experian's Answer, the Court found no "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). It also found no prejudice to Plaintiff. *See Smith v. Wal–Mart Stores*, No. C 06–2069 SBA, 2006 WL 2711468, at *10 (N.D.Cal. Sep.20, 2006) (Motions to strike generally not granted absent a "showing of prejudice to the moving party.") As explained in the May 29, 2019 Order, a district court *may* strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). But motions to strike are generally "disfavored," *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 965 (9th Cir. 2014), and "should not be granted unless it's clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *U.S. ex rel. Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038 (C.D. Cal. 2012). Courts review motions to strike in the light "most favorable to the non-moving party." *Pac. Dental Servs., LLC v. Homeland Ins. Co. of New York*, No. SACV 13-749-JST (JPRx), 2013 WL 3776337, at *2 (C.D. Cal. Jul. 17, 2013).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 19-00302 AG (KESx) | Date | June 13, 2019 |
|---|---|---|---|
| Title | PRITISH VORA v. EQUIFAX INFORMATION SERVICES, LLC ET AL. | | |

The Court thus declined, in its discretion, to strike the Answer or any portion of it. No further clarification is needed. Plaintiff's motion for clarification is DENIED.

If Plaintiff believes it's prudent "for the sake of equity and justice" that Experian should have leave to amend its Answer, Plaintiff is free to stipulate to such an amendment. (Clarification Motion, Dkt. 34 at 7.) But no such amendment is required, because the Court has found that Experian's Answer complies with the federal rules of pleading.

                                                                                        : 0

Initials of Preparer    mku