

1     Pritish Vora

2     27758 Santa Marg. Pkwy, #530

3     Mission Viejo, CA 92691

4     949-292-8359

5     Plaintiff in Pro Per

6

7

8

9     **UNITED STATES DISTRICT COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12   Pritish Vora, | Case No.: 8:19-cv-00302-AG-KESx |
| 13        Plaintiff, | **NOTICE TO EQUIFAX** |
| 14    vs. | **INFORMATION SERVICES, LLC** |
| 15   EQUIFAX INFORMATION | **("EQUIFAX") TO MEET AND** |
| 16   SERVICES, LLC, et al., | **CONFER PURSUANT TO L.R. 37-1** |
| 17        Defendants. | |
| 18 | **[Discovery Document: Referred to** |
| 19 | **Magistrate Judge Karen E. Scott]** |
| 20 | |

21

22       COMES NOW Plaintiff, Pritish Vora ("Plaintiff"), by way of Pro Se, files

23 with the HONORABLE COURT this NOTICE to the parties on record pursuant to

24 L.R. 37-1, Pre-Filing Conference of Counsel. "**Prior to the filing of any motion**

25 relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall

26 confer **in a good faith effort** to eliminate the necessity for hearing the motion or to

27 eliminate as many disputes as possible." (Emphasis supplied).

28       Plaintiff hereby files this NOTICE "in a good faith effort" prior to engaging

1   in motion practice.  Also, pursuant to the Honorable Magistrate Judge Karen E.

2   Scott's rules pertaining to discovery matters: "Compliance with Local Rule 37-1 is

3   required...parties may not rely on unanswered letters or emails to satisfy their

4   obligation to meet and confer.  Unanswered correspondence must be followed-up

5   with a phone call."[1]

6       Plaintiff sent his first set of REQUESTS FOR ADMISSIONS to EQUIFAX,

7   whereby counsel for EQUIFAX "denied" that Defendant EQUIFAX received

8   Plaintiff's affidavit (See NOTICE of Pre-Filing Conference of Counsel, L.R. 37-1

9   letter, attached herewith as Exhibit A).

10      Counsel eventually responded by revising the disputed RFAs, and the parties

11  were able to resolve the issue without Plaintiff filing a motion for insufficiency of

12  answers pursuant to F.R.Civ.P. 36(a)(6).

13      However, Plaintiff sent a follow-up email expressing disappointment that

14  EQUIFAX still found the term "AFFIDAVIT" as being "vague."  (See email to

15  counsel, attached herewith as Exhibit B).

16      EQUIFAX has yet to contradict the moving party with any counter-

17  affidavits, declarations, or other evidence during discovery.  When the opposing

18  party does not provide counter-affidavits, the moving party's evidence might be

19  taken as truth.  See Rand v. Roland, 154 F.3d 952, 960-961 (9th Cir. 1998).

20      Plaintiff is now in receipt of the responses by EQUIFAX to Plaintiff's

21  INTERROGATORIES and REQUESTS FOR PRODUCTION.  After careful and

22  thorough review, Plaintiff sent counsel a NOTICE TO MEET AND CONFER

23  PURSUANT TO L.R. 37-1 (See attached herewith as Exhibit C).

24      Plaintiff is fully aware of the risks of proceeding as Pro Se during discovery,

25  and also accepts the reality that the opposing parties have very experienced

26  lawyers (e.g., counsel for EQUIFAX has 30+ years of legal expertise; national

27  counsel for EQUIFAX, King & Spalding, is a 100+ year old firm).

28

---

[1] https://www.cacd.uscourts.gov/honorable-karen-e-scott

1       Based on the foregoing, Plaintiff is hopeful that counsel for EQUIFAX will

2   respond to Plaintiff's MEET AND CONFER letter *also in good faith*, such that a

3   MOTION TO COMPEL pursuant to F.R.Civ.P. 37 regarding the numerous

4   pending discovery issues will not be necessary, although may be required.

5

6       Respectfully submitted on this day of _Oct, 9, 2019_

7

8

9                  By: _Pruth Vora_

10

11                  Pritish Vora, Plaintiff, Pro Se

11                  27758 Santa Marg. Pkwy, #530

12                  Mission Viejo, CA  92691

13                  (949) 292-8359

                    pvora2112@gmail.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Pritish Vora, hereby certify that I filed the above referenced NOTICE with the Clerk of the Court and attached exhibits on October 4, 2019, and sent a copy to the following counsel on record by United States Postal Service.

Nokes & Quinn
Thomas Patrick Quinn Jr. (Bar No. 132268)
tquinn@nokesquinn.com
410 Broadway St. Suite 200
Laguna Beach, CA  92651
Tel: 949-376-3500
Attorneys for EQUIFAX

Musick, Peeler & Garrett LLP
Donald E. Bradley (Bar No. 145037)
d.bradley@musickpeeler.com
Kristen L. Marker (Bar No. 278596)
kmarker@qslwm.com
650 Town Center Drive, Suite 1200
Costa Mesa, CA  92626
Tel: 714-668-2400
Tel: 214-560-5442
Attorneys for Defendant TRANSUNION

By: _____

Pritish Vora, Plaintiff, Pro Se
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691
(949) 292-8359
pvora2112@gmail.com

4

PLAINTIFF's NOTICE TO MEET AND CONFER WITH EQUIFAX PURSUANT TO L.R.37-1

# EXHIBIT A

July 10, 2019

Pritish Vora
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691

Thomas Quinn
c/o Nokes & Quinn
410 Broadway, Suite 200
Laguna Beach, CA  92651

Re: <u>NOTICE of Pre-Filing Conference of Counsel, L.R. 37-1</u>

Dear Mr. Quinn,

As a follow-up to the email sent on July 9, 2019, pursuant to your request, and pursuant to L.R. 37-1, I write this to follow up with you regarding a discovery issue regarding the responses dated June 28, 2019 I received from my first set of Request for Admissions sent to EQUIFAX INFORMATION SERVICES, LLC ("Equifax").

L.R. 37-1 gives you ten (10) days upon NOTICE to respond regarding this issue. Since the rule requires that we meet in person, please immediately inform me via e-mail as to which day and time you wish to meet so that I can make the necessary arrangements to my schedule.  The following are the discovery issues at this time that we need to resolve prior to any filing of a joint stipulation and prior to my filing a MOTION with the Court pursuant to Rule 36(a)(6).

**REQUEST FOR ADMISSIONS NO. 29:**

ADMIT that EQUIFAX received a NOTICE OF INTENT TO FILE SUIT with an OPPORTUNITY TO CURE, and AFFIDAVIT and exhibits, dated June 9, 2018, addressed to the Equifax Legal Department and to the attention of John J. Kelley, III, Esq., with a copy sent to EQUIFAX disputes office in Atlanta.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 29:**

Equifax denies this Request.

Mr. Quinn, this "denial" is frivolous, patently absurd, and wholly without merit. What makes matters worse, in the RESPONSE to my REQUEST NO. 30, you claim that Equifax "is unable to locate the referenced document." (See REQUEST FOR ADMISSION NO. 30 and RESPONSE NO. 30).

# I. LEGAL STANDARD

F.R.Civ.P. 37 **does not provide a mechanism** by which parties may dispute responses to Requests for Admission. (Emphasis added). **Rule 36(a)(6)**, however, allows a party to move to determine the "sufficiency" of an answer or objection to **a request for admission**. (See Thymes v. Verizon, Case No. 1:16-cv-00066-KG-WPL). (Emphasis added). "Rule 36 allows parties to narrow the issues to be resolved at trial by identifying and eliminating those matters on which parties agree." (See American Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1121 (5th Cir. 1991)).

The discovery process is subject to the overriding limitation of good faith. "Callous disregard of discovery responsibilities cannot be condoned." (See Campbell Industries v. M/V Gemini, 619 F.2d 24, 27 (9th Cir. 1980)). "We hold, therefore, that a response which fails to admit or deny a proper request for admission does not comply with the requirement of Rule 36(a) if the answering party has not, in fact, made "reasonable inquiry," or information "readily obtainable" is sufficient to enable him to admit or deny the matter." (See Asea, Inc. v. Southern Pac. Trans. Co., 669 F.2d 1242, 1247 (9th Cir. 1981)). "The general power of the district court to control the discovery process allows for the severe sanction of ordering a matter admitted when it has been demonstrated that a party has intentionally disregarded the obligations imposed by Rule 36(a)." (*Id.*)

"Gamesmanship in the form of non-responsive answers…or quibbling objections can result in the request being deemed admitted or in a post-trial award of monetary sanctions without prior opportunity to correct the deficiency." (See House v. Giant of Maryland LLC, 232 F.R.D. 257, 262 (E.D. VA., 2005)).

Pursuant to F.R.Civ.P. 36(a)(4): "A denial must fairly respond **to the substance of the matter**." (Emphasis added). An **admission** in the answer – like a stipulation – **"constitutes a binding judicial admission."** (See Crest Hill Land Dev., LLC v. City of Joliet, 396 F.3d 801, 805 (7th Cir. 2005)). (Emphasis supplied).

## II. ARGUMENT

Plaintiff stated the following in Paragraph 145 of the Complaint (Doc 1): "Plaintiff sent an AFFIDAVIT OF TRUTH via certified mail to EQUIFAX, **signed and sworn** in front of a California Notary under penalty of perjury dated June 9, 2018. (Emphasis added).

Equifax answered Paragraph 145 (Doc 13): "Equifax admits it received a dispute from Plaintiff. Equifax states the dispute speaks for itself."

Plaintiff stated the following in Paragraph 147 of the Complaint: "Defendants each received the respective affidavits, along with a cover letter NOTICE of pending litigation, and supporting documents for the affidavit."

Equifax answered Paragraph 147: "Equifax admits it received a dispute from Plaintiff. Equifax states the dispute speaks for itself."

Plaintiff stated the following in Paragraph 151 of the Complaint: "Equifax considered Plaintiff's affidavit and supporting documentation as "relevant information" pursuant to the FCRA, § 1681i(a)(4)."

Equifax answered Paragraph 151: "Equifax admits it received a dispute from Plaintiff. Equifax states the dispute speaks for itself."

Plaintiff stated the following in Paragraph 156 of the Complaint: "EQUIFAX knows (and should know) that Plaintiff sent a copy of the NOTICE, affidavit, and supporting documentation to John J. Kelley III, Chief Legal Officer of EQUIFAX ("Kelley"), also via certified mail."

Equifax answered Paragraph 156: "Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself."

Plaintiff stated the following in Paragraph 237 in the Complaint: "EQUIFAX sent the furnisher Plaintiff's NOTICE OF PENDING LITIGATION and AFFIDAVIT OF TRUTH dated June 9, 2018, with the attached exhibits, which included the "EQUIFAX Data Furnishers Guidebook.""

3

Equifax answered Paragraph 237: "Equifax admits it reinvestigated Plaintiff's dispute in accordance with the requirements of the FCRA.

Plaintiff stated the following in Paragraph 335 of the Complaint: "Plaintiff sent a NOTICE OF PENDING LITIGATION and AFFIDAVIT OF TRUTH to EQUIFAX dated June 9, 2018 regarding the inaccurate LVNV collections item via certified mail."

Equifax answered Paragraph 335: "Equifax admits it received a dispute from Plaintiff. Equifax states that the dispute speaks for itself."

On Paragraph 3 of page 55 of the Complaint, Plaintiff drafted an affidavit in support of the Complaint: "I sent EQUIFAX an "OPPORTUNITY TO CURE" NOTICE on June 9, 2018 via certified mail, which stated in part, "If the item is not deleted pursuant to dispute rules, then I will invoke recourse through the filing of suit in Federal Court." "I attached an "AFFIDAVIT OF TRUTH" and supporting documentation as exhibits."

Mr. Quinn, you can review the case citations I made in the MOTION TO CLARIFY filed with the Court (Doc 34). "Admissions" in a pleading (which are not withdrawn by amendment) are binding to the parties, and to the Court.

Equifax repeatedly "admits" in its answer to being in receipt of each of my disputes via certified mail, and states for each that it "speaks for itself."

Magically, you are now "denying" that your client received my affidavit (which Equifax treated as a dispute), despite already admitting to receiving it multiple times in the Complaint. Also, you are now claiming that the referenced document "cannot be located." The responses numbered 29 and 30 are, in a word, preposterous.

There is only ONE affidavit in question pertaining to Equifax, sent to the Chief Counsel, Mr. Kelley via certified mail, with a copy sent to Equifax mailing address for disputes, also sent via certified mail. That **same** affidavit also was sent with my response to your REQUEST FOR DOCUMENTS. (Emphasis added). Indeed, I even attested to the affidavit by referencing it in my Complaint, *by way of affidavit.* Furthermore, the certified mail delivery confirmations are self-evident.

4

## III. **CONCLUSION**

Based on the foregoing, I request that you conduct a "reasonable inquiry" into this matter, resubmit your responses to my REQUEST FOR ADMISSIONS, and "admit" the part that Equifax has already admitted in my verified Complaint pertaining to the NOTICE and affidavit sent by me on June 9, 2018, and received by the corporate office at Equifax, and received by the mailing address of where Equifax receives disputes.  The certified mail tracking numbers are as follows:

> USPS Certified Mail (Zip Code 30309): 7017 1450 0001 2050 7004
> USPS Certified Mail (Zip Code 30374): 7017 1450 0001 2050 7011

ANY person with a laptop computer and an e-mail address can visit USPS.com, type in the above referenced numbers, and obtain a .PDF of the proof of delivery and signature confirmation.  Indeed, I even sent a printout from USPS.com with my responses to your REQUEST FOR DOCUMENTS, including the document itself!

To avoid a MOTION and intervention by the Court, I propose the following:

     1.    That you change your response to "admit" regarding the REQUEST FOR ADMISSIONS NO. 29.

     2.    That you change your response regarding the REQUEST FOR ADMISSIONS NO. 30.  The claims of "the LVNV 'collections account'" and the term "AFFIDAVIT" as being "vague," and the claim that Equifax is "unable to locate the referenced document" are nonsensical, disingenuous, and shows bad faith.

I will expect your response as soon as possible and within ten (10) days, so that we may complete the "meet and confer" requirements regarding this matter.

Regards,

_Pritish Vora_

Pritish Vora, Pro Se


Sent via Certified Mail
# 7016 2710 0001 1766 2409

5

# EXHIBIT B

 **Gmail**

<div align="right">Pritish Vora &lt;pvora2112@gmail.com&gt;</div>

---

### re: Notice of Interrogatories/RFDs to EQUIFAX
1 message

---

**Pritish Vora** &lt;pvora2112@gmail.com&gt;          Thu, Aug 1, 2019 at 12:02 PM
To: Tom Quinn &lt;tquinn@nokesquinn.com&gt;, Kristin Marker &lt;kmarker@qslwm.com&gt;, d.bradley@musickpeeler.com, "Neben, Katherine A." &lt;kneben@jonesday.com&gt;
Bcc: Pritish Vora &lt;pvora2112@gmail.com&gt;

Dear Mr. Quinn,

Re: 8:19-cv-00302-AG-KESx

Please find your tracking number below in reference to the interrogatories and requests for production.  It is scheduled to arrive tomorrow, with copies to all counsel on record.

I am also in receipt of your revised REQUEST FOR ADMISSIONS to #'s 29 and 30.  With all due respect, it is more of the same gobbledygook as your prior answers.  It is troubling that you find the word "AFFIDAVIT" as being "vague."

I hope that the responses to my interrogatories and requests for production are directly in line with the **actual substance of the matter**.  Otherwise, we will end up in a discovery dispute.  (See Clark v. Trans Union, LLC, Case No. 3:15-cv-00391-MHL).

Regards,

Pritish


**Tracking Number:** 70181130000169209455

**Expected Delivery by**

# FRIDAY
# 2   AUGUST   8:00pm
     2019

**Status**

# In-Transit

August 1, 2019 at 10:14 am
Arrived at USPS Regional Facility
ANAHEIM CA DISTRIBUTION CENTER


 Virus-free. www.avg.com

---

# EXHIBIT C

October 2, 2019

Pritish Vora
27758 Santa Marg. Pkwy, #530
Mission Viejo, CA  92691


Thomas P. Quinn, Jr.
Nokes & Quinn
410 Broadway, Suite 200
Laguna Beach, CA  92651


## Re: <u>NOTICE TO MEET AND CONFER PURSUANT TO L.R. 37.1</u>


Dear Mr. Quinn,

This letter is in regards to the response by your client, Equifax Information Services, LLC ("EQUIFAX") to my first set of INTERROGATORIES and REQUESTS FOR PRODUCTION in the matter of <u>Vora v Equifax Information Services, LLC et al.</u>, 8:19-cv-00302-AG-KESx.

L.R. 37.1 gives you ten (10) days to respond to this NOTICE upon receipt to discuss the matter, preferably in person.  I am available to meet with you regarding the following discovery issues over a cup of coffee, during the week of October 14th through 18th in the morning at 10am <u>or</u> in the afternoon at 2pm.

I object to the following responses to the INTERROGATORIES:

In the **<u>RESPONSE TO INTERROGATORY NO. 1:</u>** "Equifax objects…on the basis that it seeks information that is neither relevant nor proportional to the needs of the case as set forth in Fed. R. Civ. P. 26."  "Equifax incorporates the identification contained in the Verification of these interrogatory responses as if full set forth herein."

F.R.Civ.P. 26(b) permits a party to discover "any non-privileged matter that is relevant to any party's claim or defense" or information that "appears reasonably calculated to lead to the discovery of admissible evidence."  Of course, the person

who answers the discovery response to interrogatories is "relevant." However, there is no "verification" included. There is only a "certification" which is not a "verification." The CERTIFICATE OF SERVICE is signed by MICHELLE FRIIS.

In the **RESPONSE TO INTERROGATORY NO. 2:** "Equifax objects to this Interrogatory on the basis that is vague" and that "the answer to this Interrogatory may be determined by the examination of its business records…bates EIS-VORA-000250 through EIS-VORA-000269."

EQUIFAX is being disingenuous in its response. The EIS clearly states the furnisher contacted as "Resurgent Capital Services LP" (EIS-VORA-000259) yet the reinvestigation results fail to mention this entity name (EIS-VORA-000268). Furthermore, EQUIFAX lists in the ACDV that Resurgent Capital Services LP as "Grantor Name" however Resurgent is NOT a "grantor." EQUIFAX has failed to certify its answer to this Interrogatory.

In the **RESPONSE TO INTERROGATORY NO. 3:** My objections are the same as above in RESPONSE TO INTERROGATORY NO. 2, and for EIS-VORA-000308-000336; EIS-VORA-000337-000355.

In the **RESPONSE TO INTERROGATORY NO. 4:** My objections are the same as above in RESPONSE TO INTERROGATORY NO. 2, and for EIS-VORA-000452-000503.

In the **RESPONSE TO INTERROGATORY NO. 5:** My objections are concerning the following: EQUIFAX uses the phrase "data furnisher" repeatedly in its own response. But wait a minute! EQUIFAX found the word "data furnisher" as "vague" in Plaintiff's INTERROGATORY NO. 2, 3, and 4. Furthermore, EQUIFAX has failed to certify its answer to this Interrogatory.

In the **RESPONSE TO INTERROGATORY NO. 6:** My objections are as follows: EQUIFAX is being disingenuous once again, by claiming that it "does not define the dispute letter dated July 24, 2017." This is nonsensical. The Interrogatory clearly DID define the "dispute letter dated July 24, 2017." The Interrogatory referenced the dispute letter in Interrogatory NO. 3, which states as follows: **"Plaintiff's dispute letter dated July 24, 2017 regarding the Lvnv Funding, LLC Account Number 479124771496*."** (Emphasis added).

In the **RESPONSE TO INTERROGATORY NO. 8:** My objections are as follows:  The Interrogatory speaks for itself.  The word "file" is defined by the FCRA, the definition was listed in the "DEFINITIONS" section in the request, and EQUIFAX failed to answer this Interrogatory regarding the PHYSICAL verification of documents.

In the **RESPONSE TO INTERROGATORY NO. 11:** My objections are as follows: EQUIFAX does not define exactly what information is "confidential, proprietary or trade secret."  Second, the Interrogatory clearly defines the PHYSICAL DOCUMENT being sought.  And finally, EQUIFAX claims that "A proposed protective order accompanies these responses."  However, there was NO such document that accompanied the responses.  Once again, the answer is disingenuous.

In the **RESPONSE TO INTERROGATORY NO. 13:** Equifax states that it "objects to this Interrogatory on the basis that it is not limited to the relevant time period."  This is nonsense, and I object to the response.  The Interrogatory clearly indicates "the EQUIFAX vendor(s) named in Interrogatory # 12.  Also, Interrogatory # 12 states as follows: **"...regarding Plaintiff's correspondence to EQUIFAX dated May 22, 2017, July 24, 2017 and June 9, 2018, respectively."** (Emphasis added).  How exactly did EQUIFAX conclude that it was "not limited to the relevant time period?"  I further object to the claim by EQUIFAX that the "hiring, training, and retention" policy of EQUIFAX is "vague" or "confidential" or "proprietary."  The complaint seeks damages for violations of 1681h(c) regarding EQUIFAX failing to provide *trained personnel*.  Therefore, this information is certainly relevant and proportional to the "needs of the case."

In the **RESPONSE TO INTERROGATORY NO. 14:** My objections are virtually the same as the objections to the response by EQUIFAX to Interrogatory # 13.  The "relevant time period" is obviously for the dispute letters regarding the LVNV item, as clearly indicated in the Interrogatory: **"...in response to the dispute letters sent by Plaintiff dated May 22, 2017, July 24, 2017 and June 9, 2018 regarding the Lvnv Funding, LLC Account Number 479124771496*."** (Emphasis added).  If the agents of the vendor need to pass a competency test, then it certainly fits the request pursuant to the CAUSE OF ACTION regarding 1681h(c).

In the **RESPONSE TO INTERROGATORY NO. 15:** Plaintiff objects to the response by EQUIFAX when it claims that it "directs Plaintiff's attention to its non-confidential document production in this case."  EQUIFAX does not state with

particularity exactly what is meant by this so-called "non-confidential document production."

In the **RESPONSE TO INTERROGATORY NO. 16:** Plaintiff objects to the phrase by EQUIFAX that the EIS documents are "neither relevant or proportional to the needs of this case." The response and objection by EQUIFAX are nonsensical. EQUIFAX routinely cites the EIS documents, yet finds that these data entries are not relevant pursuant to F.R.Civ.P. 26. This is classic doublespeak.

In the **RESPONSE TO INTERROGATORY NO. 17(a):** Plaintiff objects to the assertion by EQUIFAX that "Equifax, Inc. neither maintains credit files nor prepares consumer reports." Plaintiff further objects to the denial by EQUIFAX that "Equifax is a mirror-image and "alter ego" of Equifax, Inc." See Hinkle v. Experian Information Solutions, Inc. et. al., Case No. 1:18-cv-00007-MR-DLH, (W.D. NC 2018). (See COURT ORDER, Docs 56 and 57, DENYING Motion to Dismiss by Equifax, Inc. and Equifax Information Services, LLC).

In the **RESPONSE TO INTERROGATORY NO. 17(b):** Plaintiff objects to EQUIFAX's interpretation of the Paragraphs referenced in the Complaint (Paras 51 and 58). EQUIFAX has misread, misunderstood and/or misinterpreted the Complaint. The paragraphs are of a sequential timeline. Para 51 states that Plaintiff sent an "electronic NOTICE OF DISPUTE…to EQUIFAX…on or around the third week of July, 2016." (See Doc 1). EQUIFAX conveniently leaves out the RELEVANT follow up sequential paragraphs regarding the dispute. (See Paras 52, 54, 56 and 57). Plaintiff never claimed that EQUIFAX "understood" that an account was closed in August of 2016 PRIOR to the dispute in July of 2016. Plaintiff disputed the account AND instructed the CEO of Capital One Bank to close it. There was a notation by the CRAs was that the item was listed as "CLOSED." It is EQUIFAX that has made assertions that are "nonsensical."

In the **RESPONSE TO INTERROGATORY NO. 17(c):** Plaintiff objects to the claim by EQUIFAX that "Nothing, however, suggested that "there was no payment due."" EQUIFAX, of course, leaves out the relevant fact in Para 59 in the Complaint that "Plaintiff **denied** that he owed any alleged debt to Capital One Bank." (Emphasis added). EQUIFAX incorrectly states that "nothing suggested that there was no payment due," however, correctly "admits" that it was instructed to DELETE the account. Nevertheless, EQUIFAX is not a tribunal, and lacks standing to adjudicate matters pertaining to legal status of an alleged debt.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 1:** EQUIFAX states the following: "A proposed protective order accompanies these responses." Plaintiff objects to this response, as there was NO such protective order in the responses. In fact, Plaintiff neither received the hard copies of the RESPONSES to Plaintiff's INTERROGATORIES nor the REQUESTS FOR PRODUCTION. After granting a two-week extension, Plaintiff received nothing. Plaintiff then had to email counsel, and only then received the responses via e-mail.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 2:** EQUIFAX states that "it has located no documents responsive to this request, as understood by Equifax. The "account" in question is NOT "vague and ambiguous." EQUIFAX references the Account number repeatedly in the EIS documents sent to Plaintiff. This is not a question of subjectivity. EQUIFAX "admits" in its OWN EIS DOCUMENTS that it was instructed by Capital One Bank to DELETE the Account Number! EQUIFAX knows what Account Plaintiff is referencing that was deleted in March 2017. (Hint: it is the exact same account number that was reinserted when it was furnished by Lvnv Funding, LLC). Furthermore, the "AUD" is of course "electronic" however Plaintiff sought the physical copy of the AUD. This is the same as requesting the "physical copy" of the .PDF that EQUIFAX sent to Plaintiff regarding the discovery responses.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 3:** Plaintiff objects to the response by EQUIFAX as to finding the term "reinsertion" as being "vague." (See Doc 1, page 41, COUNT IV, VIOLATION OF THE FCRA). 1681i(a)(C) speaks for itself. Plaintiff does not have the "burden of proof" for a document that a CRA is supposed to send to a consumer upon reinsertion of an item.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:** Plaintiff objects to the assertion by EQUIFAX as to the term "initial investigation" as being "vague." Common sense dictates that a CRA must first conduct an *initial investigation* BEFORE it can conduct a reasonable *reinvestigation*. EQUIFAX has a copy of the Leonard Bennett testimony. Furthermore, the FCRA does not define the word "investigation." However, when a term is undefined, the Court turns to its **ordinary meaning**. (Emphasis added). See United States v. Santos, 553 U.S. 507, 511, 128 S.Ct. 2020, 2014 (2008). ("When a term is undefined, we give it its ordinary meaning.")

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:** Plaintiff objects to the assertion by EQUIFAX purporting its lack of knowledge of the term

"verified." EQUIFAX uses this term in its reinvestigation results. EQUIFAX fails to define this term, and must stipulate why it finds the term "misleading."

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:** Plaintiff objects to the response by EQUIFAX as EQUIFAX did not answer the request properly. EQUIFAX did not answer how the item was "updated" and does not define the term "updated."

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:** Plaintiff objects to the response by EQUIFAX for being evasive, and for failing to properly answer the discovery. EQUIFAX cannot feign ignorance of the phrase "specific description of the procedure" phrase as being "vague" **as it is directly from the FCRA**. (Emphasis added). See FCRA 1681i(a)(6)(B)(iii) and 1681i(a)(7). Plaintiff also references in Para 331 of the Complaint (See Doc 1, COUNT VI against EQUIFAX). EQUIFAX further misrepresents that it is "producing relevant policy and procedure manuals for the relevant time period." EQUIFAX has produced no such documents, and also misrepresents that "a proposed protective order accompanies these responses." NO such order was provided to Plaintiff.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:** Plaintiff incorporates by reference the same objections as the prior objections to RESPONSE TO REQUEST FOR PRODUCTION NO. 14.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:** Plaintiff objects to the response by EQUIFAX as being disingenuous. EQUIFAX fails to name its actual source in writing to Plaintiff. Furthermore, EQUIFAX is being evasive as to the phrase "business name" as that is straight out of the FCRA. See 1681i(a)(6)(iii). "A notice that, if requested by the consumer, **a description of the procedure** used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, **including the business name** and address of any furnisher of information contacted in contacted with such information..." (Emphasis supplied). EQUIFAX claims the request is "vague." Is EQUIFAX purporting to not know its source regarding the ACDVs as it relates to this case?

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:** Plaintiff incorporates by reference the same objections as the prior objections to RESPONSE TO REQUEST FOR PRODUCTION NO. 16.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 18:** Plaintiff incorporates by reference the same objections as the prior objections to RESPONSE TO REQUEST FOR PRODUCTION NO. 16.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 19:** Plaintiff objects to the response by EQUIFAX as being evasive and EQUIFAX is engaging in gamesmanship. Is EQUIFAX purporting to not know the methods it uses to support its reinvestigation policy of the Lvnv Funding LLC Account Number 479124771496*? Plaintiff states that EQUIFAX's response is a non-response.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:** Plaintiff objects to the assertion by EQUIFAX that "Equifax's subscriber agreement(s) are not relevant to this case." EQUIFAX, as a CRA, generates revenues and **reaps the rewards of reporting data furnished by subscribers**, including, but not limited to, the information it reported on Plaintiff from its subscriber, Resurgent Capital Services LP. (Emphasis added). The subscriber agreement between EQUIFAX and its data furnishers as to the policy and procedure of how and when an item is deleted is absolutely and wholly relevant. EQUIFAX failed to delete the item on its own despite multiple dispute letters, a CFPB complaint, and a sworn affidavit.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:** Plaintiff incorporates by reference the same objections as the prior objections to RESPONSE TO REQUEST FOR PRODUCTION NO. 20. Specifically, that the subscriber agreement is absolutely and wholly relevant to this case.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Plaintiff incorporates by reference the same objections as the prior objections to RESPONSE TO REQUEST FOR PRODUCTION NO. 20. Plaintiff directs counsel's attention once again to the Leonard Bennett testimony (of which EQUIFAX has a copy). EQUIFAX has <u>specific documents</u> that it finds "acceptable" in order to remove information from a consumer file regarding an item that is inaccurate, incomplete or cannot be verified. Plaintiff sent EQUIFAX an affidavit signed under penalty of perjury specifically stating that the Lvnv Funding LLC account number was a fake, fictional, imaginary account number, yet EQUIFAX failed to delete the item on its own. EQUIFAX's response is evasive, and a "non-response." EQUIFAX cannot feign ignorance of which documents it finds "acceptable" as "relevant documents" in order to determine the outcome of its reinvestigation pursuant to the FCRA, including, but not limited to, 1681i(a)(1) and 1681i(a)(8).

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:** Plaintiff objects to the assertion by EQUIFAX that it finds the term "acceptable" as being "vague." Cambridge Dictionary defines the word "acceptable" as "satisfactory and able to be agreed to **or approved of**." (Emphasis supplied). EQUIFAX's answer is evasive, and avoids the plain language of the FCRA pursuant to 1681i(a)(8). (See Doc 1, Complaint, Para 163). **"Defendants, at all times relevant, knew (or should have known) that they can conduct their own reinvestigation, and are NOT required to contact the furnisher via the ACDV to correct the inaccuracies on Plaintiff's report pursuant to the "Expedited Dispute Resolution" of the FCRA, § 1681i(a)(8)(A)-(C)."** (Emphasis added). EQUIFAX failed to answer this request, and EQUIFAX, of course, knows what relevant documents that it finds "acceptable" to conduct its own reinvestigation.

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:** Plaintiff objects to the misinterpretation by EQUIFAX as to the term "file." The term "file" is defined pursuant to 1681a(g), and also see Para 31 in the Complaint (Doc 1). EQUIFAX is being evasive, and is blatantly circumventing this REQUEST FOR PRODUCTION. EQUIFAX cannot feign ignorance of its employee training manual on how it handles consumer inquiries regarding an ACDV, **which is part of the archived file**. (Emphasis added).

In the **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:** Plaintiff objects to the answer by EQUIFAX as being evasive and disingenuous. Plaintiff seeks the relevant pages and fully describes the request in detail by stating "that describe **a mandatory arbitration clause**." (Emphasis added). Either EQUIFAX has one, or it does not. EQUIFAX of course, knows what is in the terms and conditions portion of the site annualcreditreport.com, as it is a part owner of the site, even though the site is maintained by Central Source, LLC.

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 27:** Plaintiff objects to the response by EQUIFAX that "Plaintiff misstates the contents of the CFPB's 2017 Consumer Response Annual Report." EQUIFAX has already made **binding judicial admissions** when it answered Plaintiff's Complaint regarding the CFPB reports. (Emphasis added). By way of example, EQUIFAX routinely states in its answer to the Complaint in response to Plaintiff's citations of CFPB referenced documents that the "referenced legal authorities speaks for themselves." (See Doc 13, ANSWER by EQUIFAX).

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 28:**
Plaintiff objects to the response by EQUIFAX as being void of the facts.  Plaintiff
sued the furnisher, and as a result, the furnisher sent an AUD to the CRAs, including
EQUIFAX.   Incredibly, EQUIFAX is feigning ignorance by claiming that the
request "seeks information that is either relevant nor proportional to the needs of the
case."  Seriously?  The AUD is quite relevant, as it proves that EQUIFAX deleted
the item, but only after a lawsuit was filed in Federal Court by Plaintiff against the
furnisher, despite Plaintiff sending dispute letters to EQUIFAX, a CFPB Complaint,
and sending EQUIFAX's agents and its Chief Legal Officer a sworn affidavit.
EQUIFAX avoided answering this in the Complaint.  EQUIFAX has this document,
and Plaintiff will compel EQUIFAX to provide it if necessary.

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 29:**
Plaintiff objects to the response by EQUIFAX as being nonsensical, once again.
Plaintiff clearly articulated that the "relevant time period" is **"within the past two
years."**  (Emphasis added).  Plaintiff has filed a claim against EQUIFAX for willful
violations of the FCRA, 1681n.  Prior lawsuits will show a pattern by EQUIFAX of
alleged violations (i.e., a "repeat offender").  Plaintiff seeking the number of lawsuits
against EQUIFAX is neither "confidential" nor a "trade secret."  Lawsuits are
publicly available.  EQUIFAX obviously knows how many times it has been sued
for the FCRA.  The requested information regarding the number of lawsuits goes to
*willfulness* of the allegations.  See Dalton v. Capital Associated Indus., Inc. 257 F.3d
409, 418 (4th Cir. 2001).

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 30:**
Plaintiff objects to the response by EQUIFAX as once again, being evasive.  As
stated, Plaintiff's Interrogatories go to willfulness regarding the FCRA.  The
requested information regarding the net earnings of EQUIFAX (i.e., its net worth)
has relevance to punitive damages, which are recoverable for willful violations of
the FCRA.  See Cushman v. Trans Union Corp., 115 F.3d 220, 227 (3rd Cir. 1997).

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 31:**
Plaintiff objects to the assertion by EQUIFAX that the information is "not limited to
the relevant time period."  Plaintiff only seeks information within the "past two
years."  Plaintiff will accommodate counsel and accept all data regarding disputes
from February 2017 to February 2019, in case EQUIFAX wants to be "knit picky."

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 33:**
Plaintiff objects to the response by EQUIFAX, as counsel claims "Equifax is producing a relevant policy and procedure manuals for the relevant time period…" and EQUIFAX also claims "A proposed protective order accompanies these responses." EQUIFAX has provided no such responsive documents, and provided no such protective order.

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 34:**
Plaintiff objects to the response by EQUIFAX as being nonsensical. If the agents employed by the vendor take a competency test annually, then it would provide information on the trained personnel. Plaintiff has a claim for willful violations of the FCRA pursuant to 1681h(c). EQUIFAX does not deny that such tests exist. Also, Plaintiff states that the request is **"from May 2017 through June 2018"** which is certainly "within the time period" specified. (Emphasis added).

In the **RESPONSE TO THE REQUEST FOR PRODUCTION NO. 35:**
Without waiving any specific objections, Plaintiff shall not seek the training manuals for EQUIFAX's fictional agents, "Robbie" (the Robot) or "Polly" (the parrot).

Mr. Quinn, I hope we can resolve these concerns without intervention by the Court. Please contact me within the 10 days upon receipt, so that we may arrange a meeting regarding the matter.

Your cooperation is appreciated.

Regards,

Pritish Vora, Plaintiff, Pro Se

Sent via Certified Mail
7016 2710 0001 1766 2423

PLAINTIFF's MEET AND CONFER to EQUIFAX's RESPONSES TO INTERROGATORIES AND RFPs